*W. pms*
*paid*

Donna Mae Amina
Melvin Keakaku Amina
2304 Metcalf Street 2
Honolulu, HI  96822
(808) 941-0685

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 28 2011

at ___ 3 __ o'clock and ___ 23 ___ min. ___ P ___ M.
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE, ) ) ) | Case No. CV11 00714 JMS BMK |
| Plaintiffs, ) ) | COMPLAINT |
| vs. ) ) | Quiet Title |
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; ) ) ) | |
| UNKNOWN OWNER OF THE FIRST NOTE; ) ) | |
| UNKNOWN OWNER OF THE SECOND NOTE; ) ) | |
| Defendants. ) | |

## Preliminary Statement

1.     Plaintiffs seek a quieting of title against a party which, upon information and belief, is not

owner and holder of the Note.  The original (2006) loan paperwork named MERS as mortgagee

and WMC as Lender.  At all times relevant to this Complaint, MERS' permission to do business in

Hawaii is "suspended."  WMC has not filed an Annual Report in Hawaii since 1997 and has not

COMPLAINT

1

been in good standing in Hawaii since 1998.  WMC is no longer in business and there has been no assignment in the county property records, thus the principal is unknown or nonexistent.  CHASE HOME FINANCE LLC, which not registered to do business in Hawaii, has served an "Acceleration Warning (Notice of Intent to Foreclose)."  It is unknown how Chase came on the scene.  There was an exorbitant payoff penalty of 6 months of payments.  The servicer (CHASE HOME FINANCE LLC / CHASE HOME FINANCE, INC.) has refused loan modification.  Servicers are motivated to obstruct workouts because they profit more from late fees and foreclosure.  The usual Pooling and Servicing Agreement and Subservicing Agreement have no provision for workouts (and also require servicers to be registered to do business in the state where the property is located).

2.      In this Complaint, allegations marked (*) are made upon information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  All other allegations are made of personal knowledge.

## Jurisdiction and Venue

3.      Jurisdiction is under including but not limited to 12 U.S.C. § 2614;  28 U.S.C. §§ 636, 1251, 1331, 1332, 1338, 1345, 1346, 1348, 1362, 1367, 1491, 1652, 2201;  12 U.S.C. §§ 632, 2605(f), 2607(d)(2), 2610, 3416;  15 U.S.C. §§ 4, 45, 687c, 1051, 1121, 1601, 1640, 1641(a), 1692k, 1681p. The Plaintiffs request that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Venue for this action lies in this district since:

(a) Defendants are subject to personal jurisdiction of the State of Hawaii and have sufficient contacts with this district under 28 U.S.C. § 1391 (b)(2).

2

COMPLAINT

(b) Substantial acts and omissions in this action occurred in this district under 28 U.S.C. § 1391 (b) (2) and/or (c).

5.     This matter is properly filed in this District. The claims arose in this District and all Defendants reside and/or do business in this District.

**Parties**

6.     Plaintiffs are citizens of Hawaii.

7.     Defendant THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK ("BNY") is a state-chartered bank and is a corporation organized under the laws of the State of New York with its principal place of business at One Wall Street, New York, NY 10005, and can be served by serving any officer of the bank.

8.     Defendant BNY, as trustee, claims to have acquired (the "First") promissory Note secured by a Mortgage in Plaintiff's home pursuant to the Pooling and Servicing Agreement, dated as of June 1, 2006, by and among J.P. Morgan Acceptance Corporation I, as depositor, J.P. Morgan Mortgage Acquisition Corp., as seller, JPMorgan Chase Bank, National Association, as securities administrator and servicer, U.S. Bank National Association, as trustee and Pentalpha Surveillance LLC, as trust oversight manager.  This Agreement is related to J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2 and J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-HE2 ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-HE2.

9.     (*) Defendant BNY, as trustee, also claims to have acquired the Second Note and the Second Mortgage.

10.    (*) However, BNY did not acquire any such interest(s).  There has been no negotiation of the Notes to BNY.  Plaintiffs' loan(s) are not in the current Mortgage Loan Schedule.

COMPLAINT

11.     (*) That Pooling and Servicing Agreement does not allow for BNY to acquire an interest in Plaintiffs' loan(s) or property.  The closing date of the Loan Pool occurred before the date BNY claims to have acquired its interest(s).  The First and Second Loans did not meet the underwriting requirements for the Pooling and Servicing Agreement.

12.     (*) There was no agreement between Chase and the parties to the Pooling and Servicing Agreement, thus Chase could not legally service any of those loans.

13.     BNY keeps accounting entries for each of its loans in a "general ledger," showing all changes to Assets, Liabilities and Owner's Equity resulting from the loans.  These accounting ledger entries can be produced in a form similar to that described in accounting textbooks such as Intermediate Accounting by Donald E. Kieso, Jerry J. Weygandt, and Terry D. Warfield (Wiley, 2003), and Financial Accounting by Paul D. Kimmel, Jerry J. Weygandt, and Donald E. Kieso (Wiley, 2006).  These accounting ledger entries show whether or not Plaintiffs received a loan related to BNY and, if so, from whom.  Under the "matching" principle of GAAP, BNY can produce a ledger showing all costs and revenues resulting from each of its loans.  BNY keeps records for all loans in a form ready to produce for government inspection in case of an audit.

## PURPORTED SERVICER FOR FIRST MORTGAGE

14.     Non-party CHASE HOME FINANCE LLC purports to be the current servicer for the First Mortgage and the Second Mortgage, and is a Delaware limited liability company with its principal place of business in New Jersey, and a wholly owned subsidiary of Chase Home Finance, Inc., a Delaware corporation with its principal place of business in New Jersey.

15.     Non-party CHASE HOME FINANCE, INC. is the owner of CHASE HOME FINANCE LLC  and is a Delaware corporation with its principal place of business in New Jersey.

COMPLAINT

4

16.     (*) CHASE HOME FINANCE LLC and CHASE HOME FINANCE, INC. are alter egos of

the same people.  At all relevant times, CHASE HOME FINANCE LLC worked under the

direction  and control of CHASE HOME FINANCE, INC. and all acts of CHASE HOME

FINANCE LLC were acts of CHASE HOME FINANCE, INC.

*PURPORTED COLLECTION AGENCY FOR SECOND MORTGAGE*

17.     Non-party LCS FINANCIAL SERVICES CORPORATION is a Colorado corporation,

which purports to be a collection agency attempting to collect the Second Mortgage.

*UNKNOWN OWNERS*

18.     (*) Defendant UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or

OWNERS OF THE NOTE is an unknown entity, which will be named after discovery.

### Factual Allegations:

All the following allegations are intended to be "without limitation" and will be

supplemented by other facts to be found in discovery.

19.     At all relevant times, Plaintiffs were and are the owner of the property at **2304 Metcalf**

**Street 2, Honolulu, HI  96822** (hereafter "the Homestead"), legally described as:

### BEING A PORTION OF THE FOLLOWING DESCRIBED LAND:

### SEAVIEW TRACT

### LOT 1

### Manoa, Honolulu, Oahu, Hawaii

**Being a portion of royal Patents 4475 and 7789, Land Commission Award 7713, Apana 39 to V. Kamamalu.**
        **Beginning at the Northwest corner of this parcel of land, the Southwest corner of lot 2 of Seaview Tract and on the East side of Hunnewell Street the coordinates of said point of beginning referred to Government Survey Triangulation Station "PUNCHBOWL" being**

COMPLAINT

4625.39 feet South and 9005.94 feet East and running by azimuths measured clockwise from true South:

| | | | | |
|---|---|---|---|---|
| 1. | 274° | 46' | 91.95 | feet along Lot 2 of Seaview tract; |
| 2. | 4° | 46' | 82.56 | feet along the remainder of R. P.'s 4475 and 7789, L.C. Aw. 7713, Apana 39 to V. Kamamalu; |
| 3. | 94° | 46' | 91.95 | feet along the north side of Metcalf Street; |
| 4. | | | | Thence along the northeast intersection of Metcalf Street and Hunnewell Street on a curve to the right with a radius of 20.00 feet, the chord azimuth and distance being: |
| | 139° | 46' | 28.28 | feet; |
| 5. | 184° | 46' | 91.95 | feet along the East side of Hunnewell Street to the point of beginning and containing an area of 7,506 square feet, more or less. |

20.    Plaintiffs are, and have been, in continuous possession of the Homestead.

21.    Plaintiffs did not make a forcible entry into the Homestead.

22.    Plaintiffs are not unlawfully holding the possession of the Homestead by force.

23.    Plaintiffs have never sold the Homestead.

*THE FIRST AND SECOND MORTGAGES*

24.    On Mar 06, 2006, WMC MORTGAGE Corp. recorded as Doc No 2006-042511 a "MORTGAGE" (MIN 100136300114610198, Loan No. 11461019), ("First Mortgage") dated 2/28/06, naming WMC MORTGAGE Corp. as Lender and "DONNA MAE AMINA AND MELVIN KEAKAKU AMINA, WIFE AND HUSBAND" as Borrower, to secure "the promissory note signed by Borrower and dated February 24, 2006 [in the amount of] $880,000.00" ("First Note").

25.    On Mar 06, 2006, WMC MORTGAGE Corp. recorded as Doc No 2006-042512 a "MORTGAGE" (MIN 100136300114610289, Loan No. 11461028), ("Second Mortgage") dated 2/28/06, naming WMC MORTGAGE Corp. as Lender and "DONNA MAE AMINA AND MELVIN KEAKAKU AMINA, WIFE AND HUSBAND" as Borrower, to secure "the promissory

COMPLAINT

6

note signed by Borrower and dated February 24, 2006 [in the amount of] $220,000.00" ("Second Note").

26.     Both Mortgages stated that the payments were to be made to 4828 Loop Central Drive, Houston, TX 77081-2226.  This is the address of Litton Loan Servicing LP.

27.     The alleged obligations were secured by the Homestead and principal dwelling of Plaintiffs.

28.     The First Note stated: "In return for a loan which I have received, I promise to pay U.S. $880,000.00 ... to the order of ... WMC MORTGAGE Corp. ..."

29.     The Second Note stated: "In return for a loan which I have received, I promise to pay U.S. $220,000.00 ... to the order of ... WMC MORTGAGE Corp. ..."

30.     (*) Each Note was endorsed in blank and treated as bearer paper

31.     (*) Each Note was not negotiated to MERS for value.

32.     (*) Each Note was not negotiated to its current holder for value.

33.     On February 3, 2010, CHASE HOME FINANCE LLC mailed to Plaintiff DONNA MAE AMINA a letter titled "Acceleration Warning (Notice of Intent to Foreclose)" related to "Account: 22917306" claiming a past-due amount of $43,363.67.

34.     Plaintiffs have no loan with account number 22917306.

35.     Someone from "Chase" phoned Plaintiff Donna Mae Amina for payment on the Second Loan and said that if it was not paid, they were going to write it off and sell it or assign it to a collection agency.

36.     (*) BNY is not the owner and holder of either Note.

COMPLAINT

37.     (*) Neither of the Notes is currently held by a legal entity of the type that is authorized to own and hold Notes (e.g. an individual, corporation, partnership, etc.)

38.     (*) The Holder(s) have discharged the Notes by materially and fraudulently altering them, and/or cancelling and/or renouncing them.

39.     If the identity of the owner and holder(s) of the Notes is not established now, someone else may show up later holding the Notes and sue Plaintiffs or otherwise attempt to collect.

40.     No Notice of Default, Assignment or other similar document has been recorded.

41.     An unknown principal is now attempting to conduct a wrongful nonjudicial foreclosure with the aid of CHASE HOME FINANCE LLC, and/or other servicers.

42.     Plaintiffs and their family members live in their home.

43.     Plaintiffs have attempted unsuccessfully to seek modification of their loans with the servicer (CHASE HOME FINANCE LLC / CHASE HOME FINANCE, INC.), who has failed and refused to modify the terms of the loans.

44.     The entity that is giving notice that it will foreclose on the home of the Plaintiffs is not MERS and is not the lender that originated the mortgage.

45.     Plaintiffs have no adequate remedy at law.

## FIRST CAUSE OF ACTION
### Quiet Title

46.     At all times relevant to this Complaint, Plaintiffs were and are in possession and have been in continuous possession of the Homestead, against all the world, and have paid all lawful property taxes thereon.

47.     Plaintiffs have superior and legal title to, and other interest in, the Homestead.

8

COMPLAINT

48.     At all times relevant to this Complaint. Plaintiffs were and are the owner of the Homestead and entitled to such ownership and use without interference by Defendant.

49.     Defendants' claims to any right, title or interest in the property are false and without merit.

50.     (*) Defendants are not the owners or holders of any promissory note encumbering the Homestead.

51.     Plaintiffs bring this suit against Defendant who claims an adverse interest or estate in the Property for the purpose of determining such conflicting or adverse claims, interests or estates.

52.     Plaintiffs seek Judgment, Order and Decree quieting title to the Homestead in Plaintiffs as of the date the Complaint in this case was filed, and such further equitable relief as the Court deems proper.

## Prayer for Relief:

WHEREFORE, Plaintiffs pray this court enter an order providing relief as follows:

53.     Plaintiffs pray this honorable Court take jurisdiction of this case.

54.     Declaratory judgment that Plaintiffs have clear title to the property, free from any encumbrances by Defendants, and that Defendants have no valid security interest in Plaintiffs' property.

55.     A Judgment and Decree quieting title in favor of Plaintiffs.

56.     For an award of costs as provided by law;

57.     That this Court grant such other and further relief as it deems just and proper.

58.     Finally, Plaintiffs are not attorneys and are inexperienced in procedure as practiced in the Federal Courts.   If this submission is found wanting in one or more particulars, it is incumbent

COMPLAINT

upon the Court to inform Plaintiffs of the deficiencies, their specifics and assist the Plaintiffs in correcting the submission, and the Plaintiffs hereby respectfully request such assistance.

Executed on: November 28, 2011

_____        _____
Donna Amina, Plaintiff Pro Se            Melvin Amina, Plaintiff Pro Se
2304 Metcalf Street                      2304 Metcalf Street
Honolulu, HI  96822                      Honolulu, HI  96822
(808) 941-0685                           (808) 941-0685

COMPLAINT

10