IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE,<br><br>    Plaintiffs,<br><br>  vs.<br><br>THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, et al.;<br><br>    Defendants.<br>_____ | CIVIL NO. CV 11-00714 JMS BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

[2010141/#525102]

MEMORANDUM IN SUPPORT OF MOTION

Defendant THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK (hereinafter "BNY") submits this memorandum in support of its Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") as follows:

**I.    INTRODUCTION**

Plaintiffs MELVIN KEAKAKU AMINA and DONNA MAE AMINA (hereinafter collectively referred to as "Plaintiffs") filed a Complaint against BNY relating to two mortgage loans they originally obtained from WMC Mortgage Corp. *See* [#1] Plaintiffs' Complaint Filed on 11/28/11 ("Plaintiffs'

Complaint"), ¶¶1, 24-25, 28-29, attached as Exhibit "A."  In their Complaint against BNY, Plaintiffs set forth an action to "quiet title" with respect to their "Homestead," or subject property. *Id.*, ¶¶46-52.

Plaintiffs had unsuccessfully attempted to join BNY as a party in a companion case by filing a "Verified Motion to Substitute Party [F.R.C.P. 25(c)]" in ***Amina et al v. WMC Mortgage Corp. et al.***, Civil No. 10-00165 JMS-KSC (hereinafter "**WMC case**"). *See* [#115] in **WMC case**.[1]  When their motion to substitute was denied on 11/28/2011, *see* [#128] Court Minutes in **WMC case**, Plaintiffs filed the Complaint [#1] in the present case on the same day.

BNY brings this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") because the Complaint does not set forth or allege that Plaintiffs paid the outstanding loan balances or that Plaintiffs are able to tender the amounts of indebtedness on the subject property, i.e., the property that is the subject of the two mortgage loans.  As such, Plaintiffs' have failed to adequately and appropriately state or set forth a "quiet title" claim against

---

[1] It is respectfully requested that the Court take judicial notice of the docket report and pleadings in ***Amina et al v. WMC Mortgage Corp. et al.***, Civil No. 10-00165 JMS-KSC. *See* **Reyn's Pasta Bella, LLC v. Visa USA, Inc.**, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (it is appropriate to take judicial notice of court filings and other matters of public record such as pleadings in related litigation); **Headwaters Inc. v. United States Forest Service**, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005)  (courts make take judicial notice of the docket in related cases as materials from a proceeding in another tribunal are appropriate for judicial notice).

BNY, and their Complaint should be dismissed.

## II.     DISCUSSION AND ARGUMENT

### A.     Plaintiffs' Allegations and Claim.

Per Plaintiffs' Complaint, Plaintiffs are the owners of certain property located at 2304 Metcalf Street 2, Honolulu, Hawai'i (hereinafter referred to as the "Subject Property"). *See* Plaintiffs' Complaint, ¶19, attached as Exhibit "A." With respect to the Subject Property, Plaintiffs obtained two mortgage loans from WMC Mortgage Corp. ("WMC"): one for $880,000.00 and one for $220,000.00. *Id.*, ¶¶24-25, 27-29. Plaintiffs signed promissory notes dated 2/24/06 with respect to the mortgage loans, which were secured by mortgages on the Subject Property that were executed by the Plaintiffs. *Id.* The "first mortgage" to secure the loan in the amount of $880,000.00 and a "second mortgage" to secure the loan in the amount of $220,000.00 were recorded on 3/6/06. *Id.*

Plaintiffs further alleged that BNY claimed to have acquired the first and second mortgages and related promissory notes. *See* Plaintiffs' Complaint, ¶8-9, attached as Exhibit "A." They also alleged that BNY is not the owner and holder of the promissory notes pertaining to these two mortgage loans. *Id.*, ¶36.

The Complaint set forth a single cause of action against BNY, which Plaintiffs entitled as "Quiet Title." *See* Plaintiffs' Complaint, First Cause of Action, attached as Exhibit "A." Plaintiffs' claimed that they have superior and

legal title to, and other interest in, the "Homestead," i.e., the Subject Property. *Id.*, ¶47.  They seek a judgment, order, and decree "quieting title" to the "Homestead" in their favor as of the filing date of the Complaint. *Id.*, ¶52; *see also* Prayer for Relief in Plaintiffs' Complaint.

> B.   **Standard For Granting a Motion to Dismiss Pursuant to Rule 12(b)(6)**

With respect to a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) FRCP, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to survive such a motion. **Ashcroft v. Iqbal**, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), *quoting* **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, *citing* **Bell Atlantic Corp. v. Twombly**, *supra.* at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949, *citing* **Bell Atlantic Corp. v. Twombly**, *supra.* at 556.  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8 FRCP. *Id.* at 1950.  "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." **Fayer v. Vaughn**, 649 F.3d 1061, 1064 (9th Cir., 2011).

### C. Plaintiffs' Complaint Fails to State a Quiet Title Cause of Action

The First Cause of Action (and only cause of action) in Plaintiffs' Complaint set forth that Plaintiffs have "superior and legal title" to the Subject Property; that Plaintiffs were and are the owner of the Subject Property and entitled to such ownership and use without interference by BNY; that the "Defendants'"[2] claims to any right, title or interest in the Subject Property are false; and that the Defendants are not the owners or holders of any promissory note encumbering the Subject Property. *See* Plaintiffs' Complaint, ¶¶47-50, attached hereto as Exhibit "A." The First Cause of Action also merely indicated that Plaintiffs bring suit against BNY, which claims an adverse interest or estate in the Subject Property, for the purpose of determining the conflicting or adverse claims, interests, or estates. *Id.*, ¶51.

In other cases, this Court has construed quiet title claims by borrowers as being brought under Hawaii Revised Statutes § 669-1(a). *See* **Abubo v. Bank of N.Y. Mellon, et. al.**, 2011 U.S. Dist. LEXIS 138408 at *13 (D. Haw. Nov. 30, 2011) (J. Seabright); **Long v. Deutsche Bank Nat'l Trust Co.**, 2011 U.S. Dist. LEXIS 122617 at *37-38 (D. Haw. Oct. 24, 2011) (J. Seabright). Section 669-1(a) provides that a quiet title action may "be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or

---

[2] Plaintiffs also sued "Unknown Owners of the Evidence of the Debt and/or Owners of the Note" in addition to BNY.

interest in real property, for the purpose of determining the adverse claim." *See* H.R.S. §669-1(a).

To state a claim for "quiet title" against a mortgagee or lender, a borrower must allege he/she has paid, or is able to tender, the amount of indebtedness. ***Abubo v. Bank of N.Y. Mellon, et. al.***, *supra.* at *13; ***Long v. Deutsche Bank Nat'l Trust Co.***, *supra.* at *38. This Court noted the following:

> A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust.'" ***Rosenfeld v. JPMorgan Chase Bank, N.A.***, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (*quoting* ***Kelley v. Mortg. Elec. Registration Sys.***, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)). "[A] borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property." ***Id.*** (applying California law — ***Miller v. Provost***, 26 Cal. App.4th 1703, 1707, 33 Cal.Rptr.2d 288, 290 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee") (citation omitted), and ***Rivera v. BAC Home Loans Servicing, L.P.***, 2010 U.S. Dist. LEXIS 80294, 2010 WL 2757041, at *8 (N.D. Cal. July 9, 2010)).

*See* ***Abubo v. Bank of N.Y. Mellon, et. al.***, *supra.* at *13-14 (*quoting* ***Ramos v. Chase Home Finance, et. al.***, 2011 U.S. Dist. LEXIS 95695, 2011 WL 3793346, at *15 (August 25, 2011) (J. Seabright) and ***Hoilien v. Bank of Am.***, 2011 U.S. Dist. LEXIS 67662, 2011 WL 2518731, at *13 (D. Haw. June 23, 2011) (J. Seabright).

This Court[3] has dismissed quiet title claims where the borrowers failed to show that they had paid, or were able to tender, their outstanding loan balance. *See* **Abubo v. Bank of N.Y. Mellon**, *supra.* (dismissing quiet title claim without leave to amend; nothing in complaint indicated that plaintiffs had paid their outstanding loan balance or that they were able to do so); **Long v. Deutsche Bank Nat'l Trust Co.**, *supra.* (quiet title claim dismissed because plaintiffs did not allege that they paid or were able to tender the amount of indebtedness); **Saulsbury v. Bank of America fka Countrywide Home Loans, Inc., et. al.,** 2011 U.S. Dist. LEXIS 123234 (D. Haw. Sept. 27, 2011) (J. Seabright) (plaintiffs failed to state a claim for quiet title; plaintiffs had not indicated that they had paid their outstanding loan balance, much less that they were able to do so); **Enriquez v. Countrywide Home Loans, FSB***,* 2011 U.S. Dist. LEXIS 98059 (D. Haw. Aug. 31, 2011) (J. Kobayashi) (quiet title claim dismissed; plaintiff did not establish that he had paid, or was able to pay, the outstanding debt on his property)[4]; **Ramos v. Chase Home Finance, et. al., *supra.*** (plaintiffs failed to state quiet title claim; plaintiffs did not indicate that they had paid their outstanding loan balance); **Kelly v. Bank of America**, 2011 U.S. Dist. LEXIS 66716 (D. Haw. June 22, 2011) (J. Seabright) (dismissing quiet title claim; plaintiffs had not indicated that they had paid their

---

[3] Also District Judge Leslie Kobayashi in **Enriquez v. Countrywide Home Loans, FSB***,* 2011 U.S. Dist. LEXIS 98059 (D. Haw. Aug. 31, 2011) (J. Kobayashi).

[4] *Citing* **Phillips, III v. Bank of America**, 2011 U.S. Dist. LEXIS 6745, 2011 WL 240813 at *13 (D.Haw. Jan. 21, 2011) (J. Seabright).

7

outstanding loan balance or that they were able to do so).

In the present case, Plaintiffs' Complaint is completely void of any allegation that they paid the outstanding loan balances or that they are able to tender the amounts of indebtedness pertaining to the Subject Property. As such, their Complaint fails to adequately or properly state a quiet title claim and should be dismissed accordingly.

Although Plaintiffs alleged that BNY is not the owner and holder of either note (*see* Plaintiffs' Complaint, ¶36), the allegation is insufficient to state a quiet title claim. In **Long v. Deutsche Bank Nat'l Trust Co.**, ***supra.***, this Court rejected such an argument. Specifically, the plaintiff argued that his quiet title claim was supported by the allegations in his complaint that the mortgage loan was securitized and that the defendant bank was not the true owner of the mortgage loan. This Court, however, ruled even if the defendant bank was not the true current owner of the note, "it does not change that Plaintiff entered into a mortgage with a lender — Plaintiff would still be required to have paid or tendered the outstanding balance to be able to assert a "quiet title" claim as the rightful owner." *Id.* at *39.

## III. CONCLUSION

Plaintiffs have not alleged that they paid the outstanding loan balances that are the subject of their claim, or that they are able to tender the amounts of

indebtedness pertaining to the Subject Property.  Because Plaintiffs' have not adequately or appropriately pled a quiet title claim against BNY and because that is the sole cause of action or claim asserted against BNY, Plaintiffs' Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) FRCP.

DATED:  Honolulu, Hawaii, December 22, 2011.

    /s/ Jeffrey H. K. Sia
JEFFREY H. K. SIA
DIANE W. WONG
DAVID A. GRUEBNER
Attorneys for Defendant
THE BANK OF NEW YORK MELLON,
FKA THE BANK OF NEW YORK