ORIGINAL

cv BMK
KSC

Donna Mae Amina, pro se
Melvin Keakaku Amina, pro se
2304 Metcalf Street 2`
Honolulu, HI 96822
(808) 941-0685

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 12 2012

at ____o'clock and ____min. ____M.
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE, | ) Case No. CV 10-00165 JMS-KSC |
| Plaintiffs, | ) |
| vs. | ) |
| WMC MORTGAGE CORP.; GENERAL ELECTRIC COMPANY; MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CHASE HOME FINANCE LLC; CHASE HOME FINANCE, INC.; LCS FINANCIAL SERVICES CORPORATION; **UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or OWNERS OF THE NOTE**; | ) |

---

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE, | ) Case No. CV 11cv714-JMS-BMK |
| Plaintiffs, | ) |
| vs. | ) |
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; | ) |

1

| | |
|---|---|
| UNKNOWN OWNER OF THE FIRST NOTE; | ) ) ) |
| UNKNOWN OWNER OF THE SECOND NOTE; | ) ) |
| Defendants. | ) ) |

## **PLAINTIFFS' MOTION TO CONSOLIDATE [ F.R.C.P. 42 ]**

Plaintiffs move for an order consolidating Civil Action No. 11cv714 with Civil Action No. 10cv165, merging the cases into one lawsuit under Civil Action No. 10cv165.

### Introduction

Plaintiffs in both lawsuits are Donna Amina and Melvina Amina, Husband and Wife. MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CHASE HOME FINANCE LLC; CHASE HOME FINANCE, INC.; LCS FINANCIAL SERVICES CORPORATION; THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK.

The two lawsuits at issue are virtually identical suits pending including substantially the same claims and interested parties, those being 10cv165 ("The First Lawsuit") and 11cv714 ("The Second Lawsuit").

In The First Lawsuit, Donna Mae Amina and Melvin Keakaku sued WMC MORTGAGE CORP.; GENERAL ELECTRIC COMPANY; MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CHASE HOME FINANCE LLC; CHASE HOME FINANCE, INC.; LCS FINANCIAL SERVICES CORPORATION; UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or OWNERS OF THE NOTE alleging the following causes of action regarding a "MORTGAGE" (MIN 100136300114610198, Loan No. 11461019), ("First Mortgage") and a "MORTGAGE" (MIN 100136300114610289, Loan No. 11461028), ("Second

Mortgage"): 1) TILA (15 U.S.C. § 1601 et seq.); 2) Quiet Title; 3) RESPA (12 U.S.C. § 2601 et seq.); 4) 42 U.S.C. § 1983; 5) Conspiracy to Commit Fraud and Conversion; 6) Conspiracy To Commit Fraud Related To MERS System; 7) Unjust Enrichment; 8) Fraud in the Inducement; 9) Injunctive Relief; 10) Declaratory Relief.

In the First Lawsuit, the Court granted WMC MORTGAGE LLC AND GENERAL ELECTRIC COMPANY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT, DOC. NO. 92. As a result of the Order [112], the following claims remain: 1. Count II against MERS entities and Chase entities; 2. Count III against Chase entities to the extent based on the allegations that Chase entities did not properly apply all payments and that Chase entities and LCS paid kickbacks; 3. Count IV against Chase entities and LCS; and 4. Count V against Chase entities and LCS.

In the Second Lawsuit, Donna Mae Amina and Melvin Keakaku sued THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; UNKNOWN OWNER OF THE FIRST NOTE; UNKNOWN OWNER OF THE SECOND NOTE, alleging one cause of action: Quiet Title. Despite not including direct claims against the other Defendants named in the First Lawsuit, Plaintiffs include allegations regarding CHASE HOME FINANCE LLC; CHASE HOME FINANCE, INC.; LCS FINANCIAL SERVICES CORPORATION.

Defendant THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK has filed a Motion to Dismiss in the Second Lawsuit.

The facts, parties and claims for relief in both cases are similar and substantially related, in that both the First and Second Lawsuits involve the Loan and both involve factual allegations against overlapping Defendants in both lawsuits.

Plaintiffs ask the Court to consolidate the suits.

Argument

Rule 42 of the Federal Rules of Civil Procedure permits consolidation of cases "[w]hen actions involving a common question of law or fact are pending before the court . . . ." Fed. R. Civ. P. 42(a). The Court has discretion to "order a joint hearing or trial of any or all matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Id. A district court has broad discretion under Rule 42 to consolidate cases pending in its district. See Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. Cal., 877 F.2d 777, 777 (9th Cir. 1989). "The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984). The Court should grant the Plaintiffs' motion for consolidation of the two related actions.

The First and Second Lawsuits are substantially the same because: (1) the facts that provide the basis for both suits arise out of the same events and transactions; (2) both lawsuits concern the same Loan and Property; (3) the quiet title claim in both lawsuits is virtually identical; and (4) the underlying facts alleged that constitute the foundation of Plaintiffs' claims are essentially the same. Copies of the Complaints in The First Lawsuit and The Second Lawsuit are attached as Exhibits No. 1 and No. 2, respectively.

The suits proposed to be consolidated are pending before this Court. See FED. R. Civ. P. 42(a). Both suits were filed in the United States District Court for the District of Hawaii.

Permitting the two lawsuits to proceed separately would result in the risk of prejudice and confusion, the unnecessary expense of the Court's time, and the unnecessary expense of the parties in trying two virtually identical matters concurrently.

The Court should consolidate The First Lawsuit with The Second Lawsuit, for the following reasons:

 a. The proceedings involve common parties. See <u>Segura de Servicio de Salud v. McAuto Sys. Group, Inc.</u>, 878 F.2d 5, 8 (1st Cir. 1989). Specifically, Donna Mae Amina and Melvin Keakaku are the Plaintiffs in both lawsuits, and there are factual allegations against CHASE HOME FINANCE LLC, CHASE HOME FINANCE, INC. and LCS FINANCIAL SERVICES CORPORATION in both lawsuits. The rights of THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK as purported current holder of the Loan are implicated in the First Lawsuit through the suit to quiet title.

 b. The proceedings involve common issues of law. See <u>Young v. City of Augusta</u>, 59 F.3d 1160, 1168-69 (11th Cir. 1995). The causes of action alleged in The First Lawsuit regarding suit to quiet title are virtually identical to those raised in The Second Lawsuit. The suits to quiet title have identical issues in both lawsuits because both concern the same Loan and rights in the same Property.

 c. The proceedings involve common issues of fact. See <u>Mary Ellen Enters. v. Camex, Inc.</u>, 68 F.3d 1065, 1073 (8th Cir. 1995). The events and documents that

provide the foundation for the causes of action in both The First Lawsuit and The Second Lawsuit are virtually identical. Each suit is based on the purported actions of Defendants with respect to the origination, servicing, and ownership of the Loan and rights in the same Property.

d.     Consolidation will eliminate any risk of prejudice or confusion. If such a risk exists, it is outweighed by the risk of inconsistent adjudication of common factual and legal issues. Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993).

e.     Consolidation will not result in an unfair advantage. Id.

f.     Consolidation will conserve judicial resources. Id.; Hendrix, 776 F.2d at 1497.

g.     Consolidation will reduce the time and expense of trying the actions separately. Cantrell, 999 F.2d at 1011; Hendrix, 776 F.2d at 1495. As noted above, the lawsuits are virtually identical. The facts relied upon and the causes of action alleged are the same. Consolidation of the two cases will conserve judicial resources by eliminating the need for two trials over the same issues and facts. Furthermore, consolidation will ensure that the Court will not reach inconsistent results in cases involving identical facts and claims. In addition, consolidation will reduce the time and expense of trying the cases separately.

Conclusion

The First Lawsuit and The Second Lawsuit are substantially similar. Each suit involves common parties, causes of action, and factual bases.

Consolidation of the two suits will eliminate any risk of inconsistent adjudication of the same legal and factual issues. Further, consolidation will conserve judicial resources as well as the time and expense of trying the actions separately.

For these reasons, Plaintiffs ask the Court to consolidate Civil Action No. 11cv714 with Civil Action No. 10cv165, merging the cases into one lawsuit under Civil Action No. 10cv165.

Executed on:   January 10, 2012

/s/ _____  
Melvin Amina, Plaintiff *pro se*  
2304 Metcalf Street  
Honolulu, HI  96822  
(808) 941-0685

/s/ _____  
Donna Amina, Plaintiff *pro se*  
2304 Metcalf Street  
Honolulu, HI  96822  
(808) 941-0685

## CERTIFICATE OF SERVICE

On the date last written below, I served a true copy of the foregoing document upon the following parties in this action by First Class U. S. mail postage prepaid:

Defendant  
**LCS FINANCIAL SERVICES CORPORATION**  
c/o David J. Minkin  
c/o Betty T. Chestnut  
McMORRISTON MILLER MUKAI MacKINNON LLP  
Five Waterfront Plaza, 4th Floor  
500 Ala Moana Boulevard  
Honolulu, Hawa'i  96813

Defendants  
MERSCORP, INC.  
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.  
CHASE HOME FINANCE LLC  
CHASE HOME FINANCE, INC.  
c/o Jeffrey H. K. Sia  
c/o David A. Gruebner  
c/o Diane W. Wong

Ayabe, Chong, Nishimoto, Sia & Nakamura, A Limited Liability Partnership
1003 Bishop Street, Suite 2500
Honolulu, HI 96813

THE BANK OF NEW YORK MELLON
c/o Jeffrey H. K. Sia
c/o Diane W. Wong
Ayabe, Chong, Nishimoto, Sia & Nakamura, A Limited Liability Partnership
1003 Bishop Street, Suite 2500
Honolulu, HI 96813

Executed on:   January 10, 2012           _____
                                              (signed by person mailing)