Donna Mae Amina
Melvin Keakaku Amina
2304 Metcalf Street 2
Honolulu, HI 96822
(808) 941-0685

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 10 2012

at 11 o'clock and 25 min. A M.
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE, | ) ) ) | Case No. CV-10-00165 JMS-KSC<br><br>CV 11-00714 JMS BMK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; | ) ) ) | |
| UNKNOWN OWNER OF THE FIRST NOTE; | ) ) | |
| UNKNOWN OWNER OF THE SECOND NOTE; | ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' RESPONSE TO [6] MOTION TO DISMISS

Plaintiffs Donna Mae Amina and Melvin Keakaku Amina respond to [6] Motion to Dismiss and [6-1] MEMORANDUM IN SUPPORT OF MOTION ("Memorandum"), filed by Defendant Bank of New York Mellon.

HRS § 669-1(a) states: "[Quiet title] Action may be brought by any person against another person who **claims** [not 'has'], or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim."

RESPONSE TO MOTION TO DISMISS

1

The Complaint does not allege that BNY has a valid or legitimate claim; quite the opposite. This distinction is of crucial importance in the stating of a quiet title claim, as will be seen below.

The Memorandum states on page 2:

"the Complaint does not set forth or allege that Plaintiffs paid the outstanding loan balances **[to whom?]** or that Plaintiffs are able to tender the amounts of indebtedness on the subject property"

However, the Complaint alleges that there is no outstanding loan balance owed to Defendant BNY:

> 8.   Defendant BNY, as trustee, claims to have acquired (the "First") promissory Note secured by a Mortgage in Plaintiff's home pursuant to the Pooling and Servicing Agreement ...
> 9.   (*) Defendant BNY, as trustee, also claims to have acquired the Second Note and the Second Mortgage.
> 10.  (*) However, BNY did not acquire any such interest(s). There has been no negotiation of the Notes to BNY. Plaintiffs' loan(s) are not in the current Mortgage Loan Schedule.
> 11.  (*) That Pooling and Servicing Agreement does not allow for BNY to acquire an interest in Plaintiffs' loan(s) or property. The closing date of the Loan Pool occurred before the date BNY claims to have acquired its interest(s). The First and Second Loans did not meet the underwriting requirements for the Pooling and Servicing Agreement.
> 36.  (*) BNY is not the owner and holder of either Note.

The Memorandum states on page 6:

To state a claim for "quiet title" **against a mortgagee or lender**, a borrower must allege he/she has paid, or is able to tender, the amount of indebtedness. Abubo v. Bank of N.Y. Mellon, et. al., supra. at *13; Long v. Deutsche Bank Nat'l Trust Co., supra. at *38.

However, this case is distinguished from Abubo and Long. In this case, Plaintiffs are not attempting to state a claim for quiet title "against a mortgagee or lender." Instead, Plaintiffs are alleging that BNY is NOT the mortgagee and is NOT the lender and is NOT an assignee.

Complaint, ¶¶ 10-11, 36-38. <u>Abubo</u> (which relies on <u>Rosenfeld</u>) is limited to suits against a mortgagee:

> But to state a claim for "quiet title" **against a mortgagee**, a borrower must allege they have paid, or are able to tender, the amount of indebtedness. As the court has reiterated in recent orders,
>> "A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust.'" <u>Rosenfeld v. JPMorgan Chase Bank, N.A.</u>, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (quoting <u>Kelley v. Mortg. Elec. Registration Sys.</u>, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)). "[A] borrower may not assert 'quiet title' **against a mortgagee** without first paying the outstanding debt on the property." <u>Id.</u> (applying California law -- <u>Miller v. Provost</u>, 26 Cal. App. 4th 1703, 1707, 33 Cal. Rptr. 2d 288, 290 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title **against the mortgagee**") (citation omitted), and <u>Rivera v. BAC Home Loans Servicing, L.P.</u>, 2010 WL 2757041, at *8 (N.D. Cal. July 9, 2010)).
> <u>Ramos</u>, 2011 WL 3793346, at *15. See also, e.g., <u>Hoilien v. Bank of Am.</u>, 2011 WL 2518731, at *13 (D. Haw. June 23, 2011) (same).

<u>Abubo</u>, page 12-13.

In <u>Abubo</u>, the plaintiff's allegation was that defendant BONYM was an assignee of the mortgage:

> This action arises from a January 22, 2007 mortgage refinancing transaction in which Plaintiffs Edward Yuzon Abubo and Saranne Kagel Abubo (collectively, "Plaintiffs") borrowed $1,375,000 from Defendant Countrywide Home Loans, Inc. ("Countrywide"), secured by a promissory note and mortgage on real property located at 7297 Alealea Road, Hanalei, Hawaii 96714 (the "subject property"). On October 12, 2009, the note and mortgage were assigned to Defendant Bank of New York Mellon ("BONYM"), which instituted non-judicial foreclosure proceedings, and subsequently foreclosed on the subject property.

<u>Abubo</u>, page 2.

In <u>Kelley v. MERS</u> (relied on by <u>Rosenfeld</u>), there was no doubt that the plaintiffs had obtained a loan from Homecomings Financial Network, Inc. and that Homecomings sold the loan to defendant Aurora Loan Services, LLC. (The gravamen of the Kelleys' complaint is that

RESPONSE TO MOTION TO DISMISS

3

plaintiffs entered into the loan with Homecomings because they relied on material misrepresentations about the loan.)

The relevant portions of Miller v. Provost are:

> ... Nels and Sylvia Gustafson, loaned defendants $48,594.46. On the same date, defendants executed a promissory note in favor of the Gustafsons. The note evidences defendants' obligation to repay the loan, plus interest accruing at 10 percent per year, on or before February 20, 1978. The note was secured by the collateral property. As part of the transaction, defendants executed a deed of trust dated December 16, 1977, and recorded December 20, 1977, by the terms of which they conveyed to First American Title Insurance Company, as trustee, an interest in the collateral property. The deed of trust was delivered to the Gustafsons as beneficiaries.
> * * *
> California cases had continuously held that the power of sale under a deed of trust was not barred, or "never outlaws," and that the power of sale might be exercised by the trustee who held the title even though the statute of limitations had barred any action on the debt. [citations omitted] This rule was based on the equitable principle that a mortgagor of real property cannot, without paying his debt, quiet his title **against the mortgagee**. (Booth v. Hoskins (1888) 75 Cal. 271, 276 [17 P. 225]; Mix v. Sodd (1981) 126 Cal.App.3d 386, 390 [178 Cal.Rptr. 736].)

Similarly, in Rivera v. BAC Home Loans Servicing, L.P. the plaintiff alleged that the defendant was the mortgagee's servicer:

> In the FAC, the Riveras allege that, on August 18, 2006, they purchased the Property after negotiating a mortgage and home equity line of credit ("HELOC") with defendant CountrywideBank, N.A. ("Countrywide Bank"), whose successor in interest is defendant Bank of America, N.A. ("BofA").

Similarly, in Ramos v. Chase Home Finance, the plaintiff alleged in the complaint that:

> 7. Plaintiff financed the Property by obtaining financing from Defendant UNIVERSAL AMERICAN MORTGAGE COMPANY, INC.
> 8. Defendants CHASE HOME FINANCE and CITIMORTGAGE, INC. are the current servicing companies of said loans.

In Hoilien v. Bank of Am., the Court did not reach the issue:

> Defendants argue, amongst other things, that Plaintiff "has not alleged that [she] is able to tender the entire amount of the indebtedness." (Mot. at 27.) **The Court need**

RESPONSE TO MOTION TO DISMISS

4

> **not reach this argument** because of its determination that Plaintiffs have failed to state a claim to quiet title.

Hoilien, footnote 12.

The Memorandum states on page 8:

> Although Plaintiffs alleged that BNY is not the owner and holder of either note (see Plaintiffs' Complaint, ¶36), the allegation is insufficient to state a quiet title claim. In Long v. Deutsche Bank Nat'l Trust Co., supra., this Court rejected such an argument. Specifically, the plaintiff argued that his quiet title claim was supported by the allegations in his complaint that the mortgage loan was securitized and that the defendant bank was not the true owner of the mortgage loan. This [Long] Court, however, ruled even if the defendant bank was not the true current owner of the note, "it does not change that Plaintiff entered into a mortgage with a lender — Plaintiff would still be required to have paid or tendered the outstanding balance to be able to assert a "quiet title" claim as the rightful owner." Id. at *39.

The cited case, Long v. Deutsche Bank Nat'l Trust Co., relied on Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010). Rosenfeld held:

> "[A] borrower may not assert 'quiet title' **against a mortgagee** without first paying the outstanding debt on the property."

So the holding in Rosenfeld was limited to cases in which a mortgagor sues a mortgagee. The Long court erroneously extended and misapplied the rule of Rosenfeld to include cases in which a mortgagor sues someone who is NOT a mortgagee.

Plaintiffs wish to amend the Complaint to add U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J. P. MORTGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2 ("U.S. Bank as Trustee") as a Quiet Title defendant, because, as [8] in the bankruptcy case of IN RE: MELVIN KEAKAKU AMINA JR., Case No. 12-00079 in the United States Bankruptcy Court for the

District of Hawaii, U.S. Bank as Trustee filed an ENTRY OF APPEARANCE AND REQUEST FOR SPECIAL NOTICE on January 20, 2012, signed by Derek Wong, "Attorney for Creditor."

Executed on: February __/__, 2012

_____    _____
Donna Amina, Plaintiff Pro Se        Melvin Amina, Plaintiff Pro Se
2304 Metcalf Street                  2304 Metcalf Street
Honolulu, HI 96822                   Honolulu, HI 96822
(808) 941-0685                       (808) 941-0685

## CERTIFICATE OF SERVICE

On the date last written below, I served a true copy of the foregoing document upon the following parties in this action by First Class U. S. mail postage prepaid:

Defendants
MERSCORP, INC.
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
CHASE HOME FINANCE LLC
CHASE HOME FINANCE, INC.
c/o Jeffrey H. K. Sia
c/o David A. Gruebner
c/o Diane W. Wong
Ayabe, Chong, Nishimoto, Sia & Nakamura, A Limited Liability Partnership
1003 Bishop Street, Suite 2500
Honolulu, HI 96813

Executed on: February __8__, 2012    _____
                                     (signed by person mailing)