AYABE, CHONG, NISHIMOTO,
 SIA & NAKAMURA, A Limited
 Liability Law Partnership

| | |
|---|---|
| JEFFREY H. K. SIA | 3029-0 |
| DIANE W. WONG | 2333-0 |
| DAVID A. GRUEBNER | 5799-0 |

1003 Bishop Street, Suite 2500
Honolulu, Hawaii 96813
Telephone No.: (808) 537-6119
jeffrey.sia@hawadvocate.com
diane.wong@hawadvocate.com
david.gruebner@hawadvocate.com

Attorneys for Defendant
THE BANK OF NEW YORK MELLON,
FKA THE BANK OF NEW YORK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; UNKNOWN OWNER OF THE FIRST NOTE; UNKNOWN OWNER OF THE SECOND NOTE;<br><br>　　　　　Defendants.<br>_____ | CIVIL NO. CV 11-00714 JMS BMK<br><br>DEFENDANT THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF [6] DEFENDANT THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6), FED. R. CIV. P. FILED 12/22/11; CERTIFICATE OF SERVICE<br><br>Date: 3/12/12<br>Time: 10:00 a.m.<br>Judge: J. Michael Seabright<br>Trial date vacated |

[2010141JHKS/#532864]

DEFENDANT THE BANK OF NEW YORK MELLON,
FKA THE BANK OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT
OF [6] DEFENDANT THE BANK OF NEW YORK MELLON, FKA THE
BANK OF NEW YORK'S MOTION TO DISMISS PURSUANT TO
<u>RULE 12(b)(6), FED. R. CIV. P. FILED 12/22/11</u>

**I.     INTRODUCTION**

Defendant THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK (hereinafter "BNY"), by and through its attorneys, Ayabe, Chong, Nishimoto, Sia & Nakamura, hereby submits this Reply Memorandum in response to [14] Plaintiffs MELVIN KEAKAKU AMINA and DONNA MAE AMINA's Response to [6] Motion to Dismiss Filed on 2/10/12 ("Plaintiffs' Response") and in further support of [6] Defendant The Bank of New York Mellon, fka The Bank of New York's Motion to Dismiss Pursuant to Rule 12(B)(6), Fed. R. Civ. P., filed 12/22/11 ("BNY's Motion").

In Plaintiffs' Response, Plaintiffs represented that they are "not attempting to state a claim for quiet title 'against a mortgagee or lender,'" but, instead, "are alleging that BNY is NOT the mortgagee and is NOT the lender and is NOT an assignee (of the subject mortgages)." *See* Plaintiffs' Response at 2 (capitalization in original; parenthetical added. Their representation or allegation is consistent with their allegation against BNY within their Complaint in this case. *See* Plaintiffs' Complaint, ¶36 (BNY is not the owner and holder of either note). Yet, in their Complaint against BNY, Plaintiffs asserted what they entitled or

characterized as a "quiet title" claim. *Id.*, First Cause of Action. Claiming to have superior legal title to, and other interest in, the "Homestead," i.e., the subject property, Plaintiffs prayed for a judgment, order, and decree "quieting title" to the "Homestead" in their favor as of the filing date of the Complaint. *Id.*, ¶52; *see also* Prayer for Relief in Plaintiffs' Complaint.

BNY submits that 1) Plaintiffs have not directly addressed or responded to a main point of BNY's Motion concerning the failure to adequately state a "quiet title" claim against BNY, and 2) if Plaintiffs truly allege that BNY has no interest in the subject notes and mortgages and the subject property, then they cannot assert a quiet title claim against BNY. In addition, BNY submits that Plaintiffs' "wish" about amending their Complaint does not require any action by the Court because Plaintiffs have not properly taken the necessary steps to amend their Complaint.

## II.   DISCUSSION AND ARGUMENT

### A.   Plaintiffs' Complaint Fails to State a Quiet Title Cause of Action.

A quiet title claim requires a plaintiff to allege that the defendant is unlawfully asserting an adverse claim to title to real property. ***Kemberling v. Ocwen Loan Servicing***, LLC, 2009 U.S. Dist. LEXIS 116674 (D. Nev. Dec. 15, 2009). Hawaii Revised Statutes (H.R.S.) § 669-1(a) provides that a quiet title action may "be brought by any person against another person who claims, or who

<u>may claim adversely to the plaintiff, an estate or interest in real property</u>, for the purpose of determining the adverse claim." *See* H.R.S. §669-1(a) (emphasis added).

        Plaintiffs cannot have it both ways. If their position (as it appears to be from Plaintiffs' Response) is that BNY has no interest in the subject notes and mortgages and no interest in the subject property, then they cannot assert a quiet title claim against BNY in the first instance. *See, e.g.,* **Cleveland v. Deutsche Bank Nat'l Trust Co.,** 2009 U.S. Dist. LEXIS 7165 (S.D. Cal. Feb. 2, 2009) (loan servicer had no interest in the property and therefore would not be a proper defendant on quiet title claim); **Kemberling v. Ocwen Loan Servicing, LLC**, *supra.* (plaintiff alleged that defendants had no interest in the property; plaintiff failed to state quiet title claim).

        On the other hand, if Plaintiffs persist in their *attempt* to allege a quiet title claim against BNY, they still have to satisfy the requirements for pleading such a claim, and to state a claim for "quiet title" against a mortgagee or lender, a borrower must allege that he/she has paid, or is able to tender, the amount of indebtedness. *See* **Abubo v. Bank of N.Y. Mellon, et. al.**, 2011 U.S. Dist. LEXIS 138408 at *13 (D. Haw. Nov. 30, 2011) (J. Seabright); **Long v. Deutsche Bank Nat'l Trust Co.**, 2011 U.S. Dist. LEXIS 122617 at *38 (D. Haw. Oct. 24, 2011) (J. Seabright) and other cases cited in [6] BNY's Memorandum in support of Motion

4

to Dismiss. Not only did Plaintiffs fail to adequately plead a "quiet title" claim against BNY, but in Plaintiffs' Response, the Plaintiffs distinguished *Abubo* and *Long* from their "quiet title" claim against BNY by going back to their assertion that they are not making a quiet title claim "against a mortgagee or lender." *See* Plaintiffs' Response at 2. In essence, Plaintiffs used circular logic that fails to escape the fact that they did not adequately plead a quiet title claim against BNY and the law that a quiet title claim cannot be had against a party or entity that is not the mortgagee, lender, assignee, or holder in due course with respect to the subject notes and mortgages.[1]

In the present case, Plaintiffs' Complaint is completely void of any allegation that they paid the outstanding loan balances or that they are able to tender the amounts of indebtedness pertaining to the Subject Property. As such, their Complaint fails to adequately or properly state a quiet title claim and should be dismissed accordingly.

### B. Plaintiffs Have Not Properly Sought to Amend their Complaint.

---

[1] In addition to ***Abubo v. Bank of N.Y. Mellon, et. al.***, *supra.* and ***Long v. Deutsche Bank Nat'l Trust Co.***, *supra.*, *see also* ***Dodd v. Fed. Home Loan Mortg. Corp.***, 2011 U.S. Dist. LEXIS 145642 (E.D. Cal. Dec. 19, 2011) (dismissing quiet title claim; conclusory allegation that defendants were not true holders of the note was insufficient). Mere allegations that a defendant has no interest in a note are insufficient to preserve a quiet title claim. *See* ***Del Valle v. Mortg. Bank***, 2010 U.S. Dist. LEXIS 44011 (E.D. Cal. May 5, 2010) (plaintiffs argued that JPMorgan had no interest in the promissory note; quiet title claim dismissed with prejudice; plaintiffs did not allege that they had the present ability to tender the loan)

In Plaintiffs' Response, Plaintiffs indicated that they wish to amend the Complaint to add U.S. National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 206-WMC2 (U.S. Bank as Trustee) as a "Quiet Title defendant" because U.S. Bank as Trustee entered an appearance as a creditor in Mr. Amina's bankruptcy. *See* Plaintiffs' Response at 5-6. It takes more than a mere "wish" in a response to a Motion to Dismiss is to amend Plaintiffs' Complaint, and Plaintiffs are bound by the follow the Court's rules and procedures with respect to any amendment. *See e.g.*, **King v. Atiyeh**, 814 F.2d 565, 567 (9th Cir., 1987) ("*pro se* litigants must follow the same rules of procedure that govern other litigants.").

More than 21 days have elapsed since the filing of BNY's Motion to Dismiss, so Plaintiffs cannot amend their Complaint unless they obtain "the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a). BNY has not consented to an amendment of the Complaint. Moreover, Plaintiffs have not filed a motion for leave to amend their Complaint. *See* **Willig v. Exiqon, Inc.**, 2012 U.S. Dist. LEXIS 662, *33-34 n.6 (C.D. Cal. Jan. 3, 2012) (court declined to address plaintiffs' improper request to add a defendant; if plaintiffs wished to add a defendant, they must seek leave to amend their complaint).

Moreover, if U.S. Bank as Trustee is a successor in interest to JP

Morgan and/or BNY, it may futile for Plaintiffs to amend the Complaint to add U.S. Bank as Trustee as a defendant because Plaintiffs' claims may be barred by *res judicata*.  "Futile amendments should not be permitted**."** **Roth v. Garcia Marquez**, 942 F.2d 617, 629 (9th Cir. 1991); *see also* **Johnson v. American Airlines, Inc.***,* 834 F.2d 721 (9th Cir. 1987) ("courts have discretion to deny leave to amend a complaint for 'futility,' and futility includes the inevitability of a claim's defeat on summary judgment."); **Webster v. Advanced Mgmt. Group Nev., LLC**, 2011 U.S. Dist. LEXIS 84376 (D. Nev., Aug. 1, 2011) (granting plaintiff the opportunity to amend his complaint would be futile because plaintiff's claims were barred by *res judicata*); **Brooks v. Alameida,** 2006 U.S. Dist. LEXIS 81727 (S.D. Cal. Oct. 10, 2006) (third amended complaint was futile because claim was barred by *res judicata* and collateral estoppel); **Spinney v. Greenwich Capital Fin. Prods.**, 2006 U.S. Dist. LEXIS 26009 (D. Haw., May 2, 2006) (amendment of complaint would be futile because plaintiffs' claims were barred by *res judicata* and collateral estoppel).

    Under Hawaii law, the doctrine of *res judicata* applies when: 1) the claim or cause of action asserted in the present action was or could have been asserted in the prior action, 2) the parties in the present action are identical to, or in privity with, the parties in the prior action, and 3) a final judgment on the merits was rendered in the prior action. ***Tejada v. Deutsche Bank Nat'l Trust Co.***, 2011

U.S. Dist. LEXIS 83000 (D. Haw. July 27, 2011) (*citing* **Smallwood v. City & County of Honolulu,** 118 Haw. 139, 146, 185 P.3d 887, 895 (2008); **Morneau v. Stark Enters.**, Ltd., 56 Haw. 420, 422-23, 539 P.2d 472, 474-75 (1975)).

Regarding the first element, Plaintiffs alleged a quiet title claim against BNY in this case and also alleged a quiet title claim against Chase Home Finance LLC, and Chase Home Finance, Inc. in **Amina et al v. WMC Mortgage Corp. et al.**, Civil No. 10-00165 JMS-KSC in the U.S. District Court, District of Hawaii (hereinafter "**WMC case**"). *See* [#87] Second Amended Complaint, filed on 5/31/11 in **WMC case**, 2nd Cause of Action.[2] Regarding the second element., if U.S. Bank as Trustee is a successor in interest to Chase Home Finance LLC, and/or Chase Home Finance, Inc. and/or BNY, Plaintiffs and U.S. Bank as Trustee would be in privity with the parties in the **WMC case** (Plaintiffs and the Chase Defendants). Finally, regarding the third element, if Plaintiffs' remaining claims against the Chase Defendants in the **WMC case** are dismissed with prejudice following the hearing on 2/23/12,[3] that would be a final judgment on the merits,

---

[2] It is respectfully requested that the Court take judicial notice of the docket report and pleadings in **Amina et al v. WMC Mortgage Corp. et al.**, Civil No. 10-00165 JMS-KSC. *See* **Reyn's Pasta Bella, LLC v. Visa USA, Inc.**, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (it is appropriate to take judicial notice of court filings and other matters of public record such as pleadings in related litigation); **Headwaters Inc. v. United States Forest Service**, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) (courts make take judicial notice of the docket in related cases as materials from a proceeding in another tribunal are appropriate for judicial notice).

[3] On 2/23/12, a hearing on Magistrate Judge Chang's recommendations to dismiss

and a dismissal of a prior action with prejudice based upon plaintiffs' failure to prosecute operates as a judgment on the merits for the purposes of *res judicata*. ***Owens v. Kaiser Found. Health Plan, Inc.***, 244 F.3d 708, 714 (9th Cir., 2001); *see also* ***Smith v. Dominick's Finer Foods, Inc.,*** 2009 U.S. Dist. LEXIS 65715 (N.D. Ill., July 28, 2009) (A dismissal for want of prosecution is a judgment on the merits for purposes of applying claim preclusion); ***Robinson v. United States***, 2011 U.S. Dist. LEXIS 134233 (E.D. Cal., Nov. 18, 2011) (a dismissal for failure to prosecute constitutes final judgment for purposes of *res judicata* analysis); ***Smith v. CNA Fin. Corp.***, 2011 U.S. Dist. LEXIS 44268 (N.D. Ill., Apr. 25, 2011) (claim preclusion barred counts; dismissal for want of prosecution amounts to a final judgment on the merits); ***Macklin v. Onewest Bank, F.S.B.,*** 2011 U.S. Dist. LEXIS 38029 (E.D. Cal., Apr. 6, 2011) (dismissal for failure to prosecute constitutes final judgment for purposes of *res judicata* analysis); ***Alpha Fin. Mortg., Inc. v. Baugh***, 2009 U.S. Dist. LEXIS 102082 (W.D. Pa., Oct. 19, 2009) (plaintiffs' claims were barred under claim preclusion (also known as *res judicata*);

---

the ***WMC case*** will be held. On 1/30/12 Magistrate Judge Chang recommended that the ***WMC case*** be dismissed due to Plaintiffs' failures to comply with court rules and orders, including failure to respond to Chase Defendants' motion for summary judgment and appear at the hearing on the motion, failure to file a final pretrial statement and appear at the final pretrial conference, and failure to respond to the Court's order to show cause. *See* [152] Findings and Recommendation to Dismiss Action Filed on 1/30/12 in ***WMC case***; [160] Minutes filed on 2/3/12 in ***WMC case*** and [164] Minutes filed on 2/7/12 in ***WMC case,*** continuing hearing date from 2/3/12 to 2/23/12.

9

dismissal for failure to prosecute under Federal Rule 41(b) constituted a final judgment on the merits); *Livecchi v. United States*, 574 F. Supp. 2d 321, 324 (W.D.N.Y., 2008) (dismissal with prejudice for failure to prosecute constituted, for *res judicata* purposes, a final judgment on the merits); *Solomon v. Univ. of S. Cal.*, 2008 U.S. Dist. LEXIS 53496 (D.D.C., July 15, 2008) (dismissal of complaint for failure to prosecute was a final judgment on the merits); *Taylor v. Meyers*, 2003 U.S. Dist. LEXIS 20493 (N.D. Ill., Nov. 6, 2003) (dismissal of plaintiff's complaint for want of prosecution under Fed. R. Civ. P. 41(b) was a final judgment on the merits' for *res judicata* purposes); *United Food & Commer. Workers Local 100-A Health & Welfare Fund v. City Foods*, 878 F. Supp. 122, 123 (N.D. Ill., 1995) (final judgment on the merits was issued given that a dismissal for want of prosecution is considered a dismissal on the merits).  Thus, all three elements would be met, and Plaintiffs' quiet title claim against U.S. Bank as Trustee would be barred by *res judicata*.  Therefore, amendment of the Complaint would be futile *if* Plaintiffs' companion case, the **WMC case** ends with a dismissal with prejudice.

### III.  CONCLUSION

Based on the foregoing and the points/arguments in [6] BNY's Motion to Dismiss, Plaintiffs' Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) FRCP.

/

DATED:  Honolulu, Hawaii, February 21, 2012.

    /s/ Jeffrey H. K. Sia
JEFFREY H. K. SIA
DIANE W. WONG
DAVID A. GRUEBNER
Attorneys for Defendant
THE BANK OF NEW YORK MELLON,
FKA THE BANK OF NEW YORK