Donna Mae Amina
Melvin Keakaku Amina
2304 Metcalf Street 2
Honolulu, HI 96822
(808) 941-0685

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 18 2012

at ___ o'clock and ___ min. ___
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK;<br><br>UNKNOWN OWNER OF THE FIRST NOTE;<br><br>UNKNOWN OWNER OF THE SECOND NOTE;<br><br>　　　　Defendants. | Case No. 11-00714 JMS-BMK<br><br>**MOTION FOR LEAVE TO AMEND COMPLAINT** |

Pursuant to F.R.C.P. 15(a)(2) "Other Amendments", 15(d) "Supplemental Pleadings", Plaintiffs move to amend and/or supplement the Complaint.

Defendants have made improper claims to Plaintiffs' property, as detailed in paragraphs 2 through 6 and 31 through 33 of the Amended Complaint. Specifically:

MOTION FOR LEAVE TO AMEND COMPLAINT

1

The Bank of New York made a claim on the property by mailing to Plaintiffs, via an agent, a letter stating: "Re: Account Number: *****7306 ... Your ["First"] loan was sold into a public security managed by The Bank of New York and may include a number of investors. ... The address of your investor is: 101 Barclay Street Flr 4W [the address of The Bank of New York], New York, NY 10286, JPMAC 2006-WMC2, Pei Yan Huang." A true copy of that letter is in the record as an attachment to Declaration [29]. That letter was apparently referring to the First Loan (7306).

Plaintiffs allege that the First Loan was part of the assets of JP Morgan s corporate trust unit which were swapped for The Bank of New York Co.'s retail and small business banking network in April of 2006.

JPM also made a claim via a letter from its agent Chase Home Finance LLC, dated February 3, 2010 titled: "Acceleration Warning (Notice of Intent to Foreclose)," about the First Loan (7306). 32-1. That letter stated: "4. If you fail to cure the default within thirty-two (32) days from the date of this notice, Chase Home Finance LLC will ... commence foreclosure proceedings, all without further notice to you." A true copy of that letter is attached to the Amended Complaint as Exhibit A.

U.S. Bank made a claim on the property by entering a Proof of Claim [4-1] for the Second Loan (Account Number *****7314) in the Bankruptcy Case Melvin Keakaku Amina. More specifically, on 2/22/2012, Derek Wong of RCO Hawaii, L.L.L.C., Attorney for Creditor U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2 filed a Proof of Claim [4-1] in the

Bankruptcy Case #12-00079 of Melvin Keakaku Amina, in the amount of 272,549.72. A true copy of that Proof of Claim is attached to the Amended Complaint as Exhibit B.

On 7/8/09, JPM's agent Charlene from Chase called on the phone, and threatened foreclosure on Loan 0022917314 (the Second Loan). A true copy of the Phone Log, contemporaneously made, reflecting this call is attached to the Amended Complaint as Exhibit C.

Thus, BNY claims ownership of the First Note, and USB claims ownership of the Second Note. These claims are improper because Defendants are not owners or holder of the Notes, see paragraphs 7, 29-30, 35-38. See also paragraph 27 (the Proof of Claim showed that the Second Note was stamped "Pay to the order of _____ without recourse. Jessica Fuentes, Assistant Secretary, WMC Mortgage Corp."; Jessica Fuentes was not Assistant Secretary of WMC Mortgage Corp. and was not authorized to sign, stamp or endorse the Second Note).

This court has found that for a mortgagor to state a quiet title claim **against a mortgagee**, the mortgagor must allege that he has paid, or is able to pay, the outstanding loan balance. However, Plaintiffs allege that Defendants are **not mortgagees** because they are not owners or holder of the Notes, as described above, and because there is no recorded assignment of either Mortgage from WMC, the named original lender, to anyone (paragraph 34).

Finally, Plaintiffs are not attorneys and are inexperienced in procedure as practiced in the Federal Courts. If this submission is found wanting in one or more particulars, it is incumbent upon the Court to inform Plaintiffs of the deficiencies, their specifics and assist the Plaintiffs in correcting the submission, and the Plaintiffs hereby respectfully request such assistance.

///

///

Executed on: May 18, 2012

_____          _____
Donna Amina, Plaintiff Pro Se                     Melvin Amina, Plaintiff Pro Se
2304 Metcalf Street                                      2304 Metcalf Street
Honolulu, HI  96822                                    Honolulu, HI  96822
(808) 941-0685                                            (808) 941-0685


## CERTIFICATE OF SERVICE

On the date last written below, I served a true copy of the foregoing document upon the following parties in this action by First Class U. S. mail postage prepaid:

Defendants
THE BANK OF NEW YORK MELLON,
FKA THE BANK OF NEW YORK
c/o Jeffrey H. K. Sia
c/o David A. Gruebner
c/o Diane W. Wong
Ayabe, Chong, Nishimoto, Sia & Nakamura, LLP
1003 Bishop Street, Suite 2500
Honolulu, HI  96813

Executed on: May 18, 2012        _____
                                                   (signed by person serving)

4

MOTION FOR LEAVE TO AMEND COMPLAINT