ORIGINAL

Donna Mae Amina
Melvin Keakaku Amina
2304 Metcalf Street 2
Honolulu, HI 96822
(808) 941-0685

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAY 18 2012
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE,<br><br>Plaintiffs,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK;<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2;<br><br>J.P. MORGAN MORTGAGE ACQUISITION CORPORATION a/k/a J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2 a/k/a JPMAC 2006-WMC2 a/k/a J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2,ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2 a/k/a J.P. MORGAN MORTGAGE ACQUISITION CORPORATION 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2;<br><br>Defendants. | Case No. 11-00714 JMS-BMK<br><br>**VERIFIED AMENDED COMPLAINT**<br><br>**Quiet Title** |

VERIFIED AMENDED COMPLAINT

1

## Preliminary Statement

1.  <u>In this Amended Complaint, new material has been underlined.</u>

2.  <u>The Bank of New York and JPM (the third defendant) made a claim on the property by mailing to Plaintiffs, via an agent, a letter stating: "Re: Account Number: *****7306 ... Your ["First"] loan was sold into a public security managed by The Bank of New York and may include a number of investors. ... The address of your investor is: 101 Barclay Street Flr 4W, New York, NY 10286, JPMAC 2006-WMC2, Pei Yan Huang." A true copy of that letter is in the record as an attachment to Declaration [29].</u>

3.  <u>101 Barclay Street Floor 4W, New York is the address of The Bank of New York. The letter identifies "your investor" as JPMAC 2006-WMC, described below in this Complaint as "JPM".</u>

4.  <u>In April of 2006, JPMorgan Chase Bank, N.A. swapped its corporate trust unit for The Bank of New York Co.'s retail and small business banking network. The First Loan was part of the assets being swapped from JP Morgan to The Bank of New York.</u>

4-1. <u>JPM also made a claim via a letter from its agent Chase Home Finance LLC, dated February 3, 2010 titled: "Acceleration Warning (Notice of Intent to Foreclose)."</u>

5.  <u>Plaintiff seeks to add U.S. Bank as defendant because U.S. Bank made a claim on the property by entering a Proof of Claim [4-1] for the Second Loan (Account Number *****7314) in the Bankruptcy Case #12-00079 of Melvin Keakaku Amina.</u>

VERIFIED AMENDED COMPLAINT

2

6.  <u>Thus, BNY and JPM claim ownership of the First Note, and USB claims ownership of the Second Note. These claims are improper because Defendants are not owners or holder of the Notes, see paragraphs 7, 27, 29-30, 35-38.</u>

7.  Plaintiffs seek a quieting of title against <u>parties</u> which, upon information and belief, <u>are</u> not owner and holder of the Note<u>s</u>.

8.  In this Complaint, allegations marked (*) are made upon information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. All other allegations are made of personal knowledge.

### Jurisdiction and Venue

9.  Jurisdiction is under including but not limited to 28 U.S.C. §§ 1331, 1332. The Plaintiffs request that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367. <u>Plaintiffs and Defendants are citizens of different states and the value in controversy exceeds $75,000.00.</u>

10. Venue for this action lies in this district since:

    (a) Defendants are subject to personal jurisdiction of the State of Hawaii and have sufficient contacts with this district under 28 U.S.C. § 1391 (b)(2).

    (b) Substantial acts and omissions in this action occurred in this district under 28 U.S.C. § 1391 (b) (2) and/or (c).

11. This matter is properly filed in this District. The claims arose in this District and all Defendants reside and/or do business in this District.

### Parties

12. Plaintiffs are citizens of Hawaii.

*DEFENDANT BNY*

VERIFIED AMENDED COMPLAINT

3

13.     Defendant THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK ("BNY") is a state-chartered bank and is a corporation organized under the laws of the State of New York with its principal place of business at One Wall Street, New York, NY 10005, and can be served by serving any officer of the bank.

*DEFENDANT USB*

14.     Defendant U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2 ("USB") is a National Association and a foreign corporation.

15.     BNY and USB keep accounting entries for each of their loans in a "general ledger," showing all changes to Assets, Liabilities and Owner's Equity resulting from the loans. These accounting ledger entries can be produced in a form similar to that described in accounting textbooks such as Intermediate Accounting by Donald E. Kieso, Jerry J. Weygandt, and Terry D. Warfield (Wiley, 2003), and Financial Accounting by Paul D. Kimmel, Jerry J. Weygandt, and Donald E. Kieso (Wiley, 2006). These accounting ledger entries show whether or not Plaintiffs received a loan related to BNY and, if so, from whom. Under the "matching" principle of GAAP, BNY and USB can produce a ledger showing all costs and revenues resulting from each of their loans. BNY and USB keep records for all loans in a form ready to produce for government inspection in case of an audit.

*DEFENDANT JPM*

16.     Defendant J.P. MORGAN MORTGAGE ACQUISITION CORPORATION a/k/a J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2 a/k/a JPMAC 2006-WMC2 a/k/a

VERIFIED AMENDED COMPLAINT

4

J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2 a/k/a J.P. MORGAN MORTGAGE ACQUISITION CORPORATION 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2 ("JPM") is a Delaware corporation.

### Factual Allegations:

All the following allegations are intended to be "without limitation" and will be supplemented by other facts to be found in discovery.

17.   At all relevant times, Plaintiffs were and are the owner of the property at **2304 Metcalf Street 2, Honolulu, HI 96822** (hereafter "the Homestead"), legally described as:

### BEING A PORTION OF THE FOLLOWING DESCRIBED LAND:

### SEAVIEW TRACT

### LOT 1

### Manoa, Honolulu, Oahu, Hawaii

Being a portion of royal Patents 4475 and 7789, Land Commission Award 7713, Apana 39 to V. Kamamalu.

Beginning at the Northwest corner of this parcel of land, the Southwest corner of lot 2 of Seaview Tract and on the East side of Hunnewell Street the coordinates of said point of beginning referred to Government Survey Triangulation Station "PUNCHBOWL" being 4625.39 feet South and 9005.94 feet East and running by azimuths measured clockwise from true South:

1. 274° 46'  91.95  feet along Lot 2 of Seaview tract;
2.   4° 46'  82.56  feet along the remainder of R. P.'s 4475 and 7789, L.C. Aw. 7713, Apana 39 to V. Kamamalu;
3.  94° 46'  91.95  feet along the north side of Metcalf Street;
4.  Thence along the northeast intersection of Metcalf Street and Hunnewell Street on a curve to the right with a radius of 20.00 feet, the chord azimuth and distance being:
    139° 46'  28.28  feet;
5. 184° 46'  91.95  feet along the East side of Hunnewell Street to the point of beginning and containing an area of 7,506 square feet, more or less.

VERIFIED AMENDED COMPLAINT

18. Plaintiffs are, and have been, in continuous possession of the Homestead.

19. Plaintiffs did not make a forcible entry into the Homestead.

20. Plaintiffs are not unlawfully holding the possession of the Homestead by force.

21. Plaintiffs have never sold the Homestead.

### *THE FIRST AND SECOND MORTGAGES*

22. On Mar 06, 2006, WMC MORTGAGE Corp. recorded as Doc No 2006-042511 a "MORTGAGE" (MIN 1001363001146101 98, Loan No. 11461019), ("First Mortgage") dated 2/28/06, naming WMC MORTGAGE Corp. as Lender and "DONNA MAE AMINA AND MELVIN KEAKAKU AMINA, WIFE AND HUSBAND" as Borrower, to secure "the promissory note signed by Borrower and dated February 24, 2006 [in the amount of] $880,000.00" ("First Note"). An unknown entity attached the account numbers "*****7306" and "465002291XXXX" to the First Mortgage.

23. On Mar 06, 2006, WMC MORTGAGE Corp. recorded as Doc No 2006-042512 a "MORTGAGE" (MIN 1001363001146102 89, Loan No. 11461028), ("Second Mortgage") dated 2/28/06, naming WMC MORTGAGE Corp. as Lender and "DONNA MAE AMINA AND MELVIN KEAKAKU AMINA, WIFE AND HUSBAND" as Borrower, to secure "the promissory note signed by Borrower and dated February 24, 2006 [in the amount of] $220,000.00" ("Second Note"). An unknown entity attached the account number "*****7314" and "465002291XXXX" to the Second Mortgage.

24. The alleged obligations were secured by the Homestead and principal dwelling of Plaintiffs.

25. The First Note stated: "In return for a loan which I have received, I promise to pay U.S. $880,000.00 ... to the order of ... WMC MORTGAGE Corp. ..."

26. The Second Note stated: "In return for a loan which I have received, I promise to pay U.S. $220,000.00 ... to the order of ... WMC MORTGAGE Corp. ..."

27. (*) The Proof of Claim from Melvin Amina's bankruptcy case showed that the Second Note was stamped "Pay to the order of _____ without recourse. Jessica Fuentes, Assistant Secretary, WMC Mortgage Corp."

28. (*) Jessica Fuentes was not Assistant Secretary of WMC Mortgage Corp. and was not authorized to sign, stamp or endorse the Second Note.

29. (*) Each Note was not negotiated to MERS for value.

30. (*) Each Note was not negotiated to its current holder for value.

### *THE FALSE CLAIMS TO THE PROPERTY*

31. On March 2, 2011, Larry Thode of Chase Home Lending mailed a letter to Plaintiffs stating: "Re: Account Number: *****7306 ... Your ["First"] loan was sold into a public security managed by The Bank of New York and may include a number of investors. ... The address of your investor is: 101 Barclay Street Flr 4W, New York, NY 10286, JPMAC 2006-WMC2, Pei Yan Huang." A true copy of that letter is in the record as an attachment to Declaration [29]. That letter was apparently referring to the First Loan (7306).

32. (*) In mailing that letter, Larry Thode and Chase Home Lending acted as agent of BNY, therefore BNY is really the one claiming that the First Loan "was sold into" the J.P. Morgan Mortgage Acquisition Corp. Trust 2006-WMC2. Therefore, BNY made a claim by sending the letter through its agent.

7

VERIFIED AMENDED COMPLAINT

32-1. <u>Plaintiffs received a letter dated February 3, 2010 titled: "Acceleration Warning (Notice of Intent to Foreclose)," from JPM's agent Chase Home Finance LLC. That letter stated: "4. If you fail to cure the default within thirty-two (32) days from the date of this notice, Chase Home Finance LLC will ... commence foreclosure proceedings, all without further notice to you." A true copy of that letter is attached as Exhibit A.</u>

33. <u>On 2/22/2012, Derek Wong of RCO Hawaii, L.L.L.C., Attorney for Creditor U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2 filed a Proof of Claim [4-1] in the Bankruptcy Case #12-00079 of Melvin Keakaku Amina, in the amount of 272,549.72. A true copy of that Proof of Claim is attached as Exhibit B.</u>

33-1. <u>On 7/8/09, JPM's agent Charlene from Chase called on the phone, and threatened foreclosure on Loan 0022917314 (the Second Loan). A true copy of the Phone Log, contemporaneously made, reflecting this call is attached as Exhibit C.</u>

34. **There is no recorded assignment of either Mortgage from WMC**, the named original lender, to anyone.

35. (*) BNY is not the owner and holder of either Note.

36. (*) USB is not the owner and holder of either Note.

37. (*) JPM is not the owner and holder of either Note.

38. (*) The Holder(s) have discharged the Notes by materially and fraudulently altering them, and/or cancelling and/or renouncing them.

39. If the identity of the owner and holder(s) of the Notes is not established now, someone else may show up later holding the Notes and sue Plaintiffs or otherwise attempt to collect.

VERIFIED AMENDED COMPLAINT

8

40. No Notice of Default, Assignment or other similar document has been recorded.

41. Plaintiffs and their family members live in their home.

42. Plaintiffs have no adequate remedy at law.

## Damages

43. <u>As a consequence of Defendants' claims to Plaintiffs' property, Plaintiffs have not able to sleep at night, and have had to go to a local park during the day to sleep.</u>

44. <u>As a consequence of Defendants' claims to Plaintiffs' property, Plaintiffs have been unable to re-finance into lower interest rate loan.</u>

45. <u>The First Loan (7306) was reported by "CHASE" at PO Box 24696, Columbus, Ohio 432240696 as "120+ DAYS PAST DUE."</u>

46. <u>The Second Loan (7314) was reported to Credit Bureau, by the same CHASE, as "charged off".</u>

## FIRST CAUSE OF ACTION

### Quiet Title
### (Against All Defendants)

47. At all times relevant to this Complaint, Plaintiffs were and are in possession and have been in continuous possession of the Homestead, against all the world, and have paid all lawful property taxes thereon.

48. Plaintiffs have superior and legal title to, and other interest in, the Homestead.

49. At all times relevant to this Complaint, Plaintiffs were and are the owner of the Homestead and entitled to such ownership and use without interference by Defendant.

VERIFIED AMENDED COMPLAINT

9

50. <u>Defendants have made claims to Plaintiffs' property, as detailed in paragraphs 2 through 6 and 31 through 33 above.</u>

51. Defendants' claims to any right, title or interest in the property are false and without merit.

52. (*) Defendants are not the owners or holders of any promissory note encumbering the Homestead.

53. Plaintiffs bring this suit against Defendant who claims an adverse interest or estate in the Property for the purpose of determining such conflicting or adverse claims, interests or estates.

54. Plaintiffs seek Judgment, Order and Decree quieting title to the Homestead in Plaintiffs as of the date the Complaint in this case was filed, and such further equitable relief as the Court deems proper.

### Prayer for Relief:

WHEREFORE, Plaintiffs pray this court enter an order providing relief as follows:

55. Plaintiffs pray this honorable Court take jurisdiction of this case.

56. Declaratory judgment that Plaintiffs have clear title to the property, free from any encumbrances by Defendants, and that Defendants have no valid security interest in Plaintiffs' property.

57. A Judgment and Decree quieting title in favor of Plaintiffs.

58. For an award of costs as provided by law;

59. That this Court grant such other and further relief as it deems just and proper.

60. Finally, Plaintiffs are not attorneys and are inexperienced in procedure as practiced in the Federal Courts. If this submission is found wanting in one or more particulars, it is incumbent

VERIFIED AMENDED COMPLAINT

upon the Court to inform Plaintiffs of the deficiencies, their specifics and assist the Plaintiffs in correcting the submission, and the Plaintiffs hereby respectfully request such assistance.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 18, 2012

_____  
Donna Amina, Plaintiff Pro Se  
2304 Metcalf Street  
Honolulu, HI 96822  
(808) 941-0685  

_____  
Melvin Amina, Plaintiff Pro Se  
2304 Metcalf Street  
Honolulu, HI 96822  
(808) 941-0685  

## CERTIFICATE OF SERVICE

On the date last written below, I served a true copy of the foregoing document upon the following parties in this action by First Class U. S. mail postage prepaid:

Defendants  
THE BANK OF NEW YORK MELLON,  
FKA THE BANK OF NEW YORK  
c/o Jeffrey H. K. Sia  
c/o David A. Gruebner  
c/o Diane W. Wong  
Ayabe, Chong, Nishimoto, Sia & Nakamura, LLP  
1003 Bishop Street, Suite 2500  
Honolulu, HI 96813  

Executed on: May 18, 2012   _____  
(signed by person serving)

VERIFIED AMENDED COMPLAINT

11