Donna Mae Amina
Melvin Keakaku Amina
2304 Metcalf Street 2
Honolulu, HI 96822
(808) 941-0685

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 05 2012

at ____ o'clock and ____ min. ____ M.
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE, | ) ) ) | Case No. 11-00714 JMS-BMK |
| Plaintiffs, | ) ) | **VERIFIED AMENDED COMPLAINT** |
| vs. | ) ) | **Quiet Title** |
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; | ) ) ) | |
| Defendants. | ) ) | |

## Preliminary Statement

1.  <u>This Amended Complaint is in response to the court's May 18, 2012 order [36]. In this</u> <u>Amended Complaint, new material has been underlined.</u>

1-1.  <u>Plaintiff alleges that The Bank of New York Mellon is not a mortgagee, but poses as a</u> <u>mortgagee.</u>

2.  <u>The Bank of New York Mellon claimed an interest in the property, exceeding $75,000 in</u> <u>value, by causing an agent (Larry Thode of Chase Home Lending) to mail to Plaintiffs a letter</u>

1

dated March 2, 2011 stating: "Re: Account Number: *****7306 ... Your loan was sold into a public security managed by The Bank of New York and may include a number of investors. ... The address of your investor is: 101 Barclay Street Flr 4W, New York, NY 10286, JPMAC 2006-WMC2, Pei Yan Huang." A true copy of that letter is attached as Exhibit A.

3.      101 Barclay Street Floor 4W, New York is the address of The Bank of New York.  The letter identifies "your investor" as "JPMAC 2006-WMC" (J.P Morgan Mortgage Acquisition Corp. 2006-WMC2) (hereafter "JPM").

4.      (*) In April of 2006, JPMorgan Chase Bank, N.A. swapped its corporate trust unit for The Bank of New York Co.'s retail and small business banking network.  The "Your Loan" referred to by Mr. Thode, if it existed, was part of the assets being swapped from JP Morgan to The Bank of New York.

4-1.    As stated in the webpage http://www.secinfo.com/d1z2hd.u46.htm:

> (b) On October 1, 2006, The Bank of New York acquired portions of JPMorgan Chase Bank, National Association's corporate trust business. Through this acquisition The Bank of New York became the successor in interest to JPMorgan Chase Bank, National Association as Securities Administrator for the Issuing Entity and J.P. Morgan Trust Company, National Association as Custodian for the Issuing Entity.

4-2.    This transfer of interest was required to be reflected in the Hawaii's property records by recordation of Assignment of Deed of Trust.

4-3.    No such transfer of interest was reflected in the Hawaii's property records by recordation of Assignment of Deed of Trust.

4-4.    (*) The relevant loan pool might be under the #637 MLMI 2006-WMC2 the Merrill Lynch Mortgage Investors Trust, Series 2006-RM1 Pooling & Servicing Agreement dated as of March 1,

VERIFIED AMENDED COMPLAINT

2

2006 between Merrill Lynch Mortgage Investors, Inc., Depositor, Wilshire Credit Corporation, Servicer, and Lasalle Bank National Association, Trustee for the Merrill Lynch Mortgage Investors Trust, Series 2006-WMC2.

4-5.    (*) The relevant loan pool might be J.P Morgan Mortgage Acquisition Corp. 2006-WMC2.

4-6.    The Bank of New York Mellon also made a claim, exceeding $75,000 in value, by causing its agent JPM  to mail a letter from its agent Chase Home Finance LLC, dated February 3, 2010 titled: "Acceleration Warning (Notice of Intent to Foreclose)."

5.    By mailing those two letters through its agents, Defendant improperly seeks to foreclose on the subject property.

6.    Thus, BONYM claims ownership of a Note encumbering the Homestead. This claim is improper because Defendant is not owner or holder of any such Note, see paragraphs 7, 35, 38.

7.    Plaintiffs seek a quieting of title against a party which, upon information and belief, is not owner and holder of any Note encumbering the Homestead.

8.    In this Complaint, allegations marked (*) are made upon information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  All other allegations are made of personal knowledge.

**Jurisdiction and Venue**

9.    Jurisdiction is under including but not limited to 28 U.S.C. §§ 1331, 1332. The Plaintiffs request that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Plaintiffs and Defendant are citizens of different states and the value in controversy exceeds $75,000.00.

10.    Venue for this action lies in this district since:

VERIFIED AMENDED COMPLAINT

(a) Defendants are subject to personal jurisdiction of the State of Hawaii and have sufficient contacts with this district under 28 U.S.C. § 1391 (b)(2).

(b) Substantial acts and omissions in this action occurred in this district under 28 U.S.C. § 1391 (b) (2) and/or (c).

11.    This matter is properly filed in this District. The claims arose in this District and all Defendants reside and/or do business in this District.

**Parties**

12.    Plaintiffs are citizens of Hawaii.

***DEFENDANT BONYM***

13.    Defendant THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK ("BONYM") is a state-chartered bank and is a corporation organized under the laws of the State of New York with its principal place of business at One Wall Street, New York, NY 10005, and can be served by serving any officer of the bank.

14.    (deleted)

15.    BONYM keeps accounting entries for each of its loans in a "general ledger," showing all changes to Assets, Liabilities and Owner's Equity resulting from the loans.  These accounting ledger entries can be produced in a form similar to that described in accounting textbooks such as Intermediate Accounting by Donald E. Kieso, Jerry J. Weygandt, and Terry D. Warfield (Wiley, 2003), and Financial Accounting by Paul D. Kimmel, Jerry J. Weygandt, and Donald E. Kieso (Wiley, 2006).  These accounting ledger entries show whether or not Plaintiffs received a loan related to BONYM and, if so, from whom.  Under the "matching" principle of GAAP, BONYM can produce a ledger showing all costs and revenues resulting from each of its loans.  BONYM

keeps records for all loans in a form ready to produce for government inspection in case of an audit.

16.     (deleted)

## Factual Allegations:

All the following allegations are intended to be "without limitation" and will be supplemented by other facts to be found in discovery.

17.     At all relevant times, Plaintiffs were and are the owner of the property at **2304 Metcalf Street 2, Honolulu, HI  96822** (hereafter "the Homestead"), legally described as:

## BEING A PORTION OF THE FOLLOWING DESCRIBED LAND:

## SEAVIEW TRACT

## LOT 1

### Manoa, Honolulu, Oahu, Hawaii

Being a portion of royal Patents 4475 and 7789, Land Commission Award 7713, Apana 39 to V. Kamamalu.

Beginning at the Northwest corner of this parcel of land, the Southwest corner of lot 2 of Seaview Tract and on the East side of Hunnewell Street the coordinates of said point of beginning referred to Government Survey Triangulation Station "PUNCHBOWL" being 4625.39 feet South and 9005.94 feet East and running by azimuths measured clockwise from true South:

| | | | |
|---|---|---|---|
| 1. | 274° | 46′ | 91.95 feet along Lot 2 of Seaview tract; |
| 2. | 4° | 46′ | 82.56 feet along the remainder of R. P.'s 4475 and 7789, L.C. Aw. 7713, Apana 39 to V. Kamamalu; |
| 3. | 94° | 46′ | 91.95 feet along the north side of Metcalf Street; |
| 4. | | | Thence along the northeast intersection of Metcalf Street and Hunnewell Street on a curve to the right with a radius of 20.00 feet, the chord azimuth and distance being: |
| | 139° | 46′ | 28.28 feet; |
| 5. | 184° | 46′ | 91.95 feet along the East side of Hunnewell Street to the point of beginning and containing an area of 7,506 square feet, more or less. |

VERIFIED AMENDED COMPLAINT

18.     Plaintiffs are, and have been, in continuous possession of the Homestead.

19.     Plaintiffs did not make a forcible entry into the Homestead.

20.     Plaintiffs are not unlawfully holding the possession of the Homestead by force.

21.     Plaintiffs have never sold the Homestead.

22.     (deleted)

23.     (deleted)

24.     (deleted)

25.     (deleted)

26.     (deleted)

27.     (deleted)

28.     (deleted)

29.     (deleted)

30.     (deleted)

### THE FALSE CLAIMS TO THE PROPERTY

31.     On March 2, 2011, Larry Thode of Chase Home Lending mailed a letter to Plaintiffs stating: "Re: Account Number: *****7306 ... Your loan was sold into a public security managed by The Bank of New York and may include a number of investors. ... The address of your investor is: 101 Barclay Street Flr 4W, New York, NY 10286, JPMAC 2006-WMC2, Pei Yan Huang." A true copy of that letter is in the record as an attachment to Declaration [29].

32.     (*) In mailing that letter, Larry Thode and Chase Home Lending acted as agent of BONYM, therefore BONYM is really the one claiming that "[y]our loan" "was sold into" the J.P.

Morgan Mortgage Acquisition Corp. Trust 2006-WMC2.   Therefore, BONYM made a claim by sending the letter through its agent.

32-1.   By mailing that letter through its agent, Defendant improperly seeks to foreclose on the subject property.

32-2.   Plaintiffs received a letter dated February 3, 2010 titled: "Acceleration Warning (Notice of Intent to Foreclose)," from JPM's agent Chase Home Finance LLC. That letter stated: "4. If you fail to cure the default within thirty-two (32) days from the date of this notice, Chase Home Finance LLC will ... commence foreclosure proceedings, all without further notice to you." A true copy of that letter is attached as Exhibit B.

32-3.   (*) In mailing that letter, Chase Home Finance LLC acted as agent of BONYM, therefore BONYM is really the one giving giving notice of intent to foreclose.  Therefore, BONYM made a claim by sending the letter through its agent.

33.   By mailing, through its agent, the "Acceleration Warning (Notice of Intent to Foreclose)," Defendant improperly seeks to foreclose on the subject property.

34.   There is no recorded assignment of any Mortgage encumbering the Homestead, from its named original lender, to anyone.

35.   (*) BONYM is not the owner and holder of any Note encumbering the Homestead.

36.   (deleted)

37.   (deleted)

38.   (*) Any Note(s) encumbering the Homestead has/have been discharged by its/their Holder(s) by materially and fraudulently altering them, and/or cancelling and/or renouncing them.

39.   (deleted)

7

VERIFIED AMENDED COMPLAINT

40.     No Notice of Default, Assignment or other similar document has been recorded.

41.     Plaintiffs and their family members live in <u>the Homestead</u>.

42.     Plaintiffs have no adequate remedy at law.

### Damages

43.     <u>As a consequence of Defendant's claim to Plaintiffs' property, Plaintiffs have not able to sleep at night, and have had to go to a local park during the day to sleep.</u>

44.     <u>As a consequence of Defendant's claim to Plaintiffs' property, Plaintiffs have been unable to re-finance into lower interest rate loan because Defendant's agent(s) reported late payments to Equifax.</u>

45.     <u>An "installment account" (7306) was reported to Equifax by "CHASE" at PO Box 24696, Columbus, Ohio  432240696 as "120+ DAYS PAST DUE."</u>

46.     (*) <u>By mailing letters through its agents, Defendant improperly seeks to foreclose on the subject property.</u>

46-1.   <u>As a result of Defendants' acts alleged above, Plaintiffs have suffered severe emotions distress, loss of credit, public embarrassment (doorknob notices).</u>

### FIRST CAUSE OF ACTION

### Quiet Title
### (Against All Defendants)

47.     At all times relevant to this Complaint, Plaintiffs were and are in possession and have been in continuous possession of the Homestead, against all the world, and have paid all lawful property taxes thereon.

48.     Plaintiffs have superior and legal title to, and other interest in, the Homestead.

8

VERIFIED AMENDED COMPLAINT

49.    At all times relevant to this Complaint, Plaintiffs were and are the owner of the Homestead and entitled to such ownership and use without interference by Defendant.

50.    <u>Defendant has made claims to Plaintiffs' property, as detailed in paragraphs 2 through 6 and 31 through 32-3 above.</u>

51.    Defendant's claims to any right, title or interest in the property are false and without merit.

52.    (*) Defendant is not the owner or holder of any promissory note encumbering the Homestead.

53.    Plaintiffs bring this suit against Defendant who claims an adverse interest or estate in the Property for the purpose of determining such conflicting or adverse claims, interests or estates.

54.    Plaintiffs seek Judgment, Order and Decree quieting title to the Homestead in Plaintiffs as of the date the Complaint in this case was filed, and such further equitable relief as the Court deems proper.

**Prayer for Relief:**

WHEREFORE, Plaintiffs pray this court enter an order providing relief as follows:

55.    Plaintiffs pray this honorable Court take jurisdiction of this case.

56.    A Judgment and Decree quieting title in favor of Plaintiffs.

57.    For an award of costs as provided by law;

58.    That this Court grant such other and further relief as it deems just and proper.

59.    Finally, Plaintiffs are not attorneys and are inexperienced in procedure as practiced in the Federal Courts.   If this submission is found wanting in one or more particulars, it is incumbent upon the Court to inform Plaintiffs of the deficiencies, their specifics and assist the Plaintiffs in correcting the submission, and the Plaintiffs hereby respectfully request such assistance.

VERIFIED AMENDED COMPLAINT

We declare under penalty of perjury that the foregoing is true and correct.

Executed on: June __5__, 2012

Donna Amina, Plaintiff Pro Se
2304 Metcalf Street
Honolulu, HI  96822
(808) 941-0685

Melvin Amina, Plaintiff Pro Se
2304 Metcalf Street
 Honolulu, HI  96822
 (808) 941-0685

## EXHIBIT LIST

A    …    letter from Larry Thode of Chase Home Lending dated March 2, 2011

B    …    letter from JPM's agent Chase Home Finance LLC dated February 3, 2010

## CERTIFICATE OF SERVICE

On the date last written below, I served a true copy of the foregoing document upon the following parties in this action by First Class U. S. mail postage prepaid:

Defendants
THE BANK OF NEW YORK MELLON,
FKA THE BANK OF NEW YORK
c/o Jeffrey H. K. Sia
c/o David A. Gruebner
c/o Diane W. Wong
Ayabe, Chong, Nishimoto, Sia & Nakamura, LLP
1003 Bishop Street, Suite 2500
Honolulu, HI  96813

Executed on: June _5_, 2012    
(signed by person serving)

VERIFIED AMENDED COMPLAINT

10

EXHIBIT   A



**Chase Home Finance LLC (TX1-2303)**
2901 Kinwest Parkway
Irving, TX 75063-3134

**CHASE 🔘**

February 03, 2010

0-746-46565-0000603-001-2-011-000-000-000

DONNA MAE AMINA
2304 METCALF ST
HONOLULU HI  96822-2439

**Acceleration Warning (Notice of Intent to Foreclose)**
Account: 22917306 (the "Loan")
Property Address:    2304  METCALF ST 2
                     HONOLULU, HI 96822 (the "Property")

Dear Mortgagor(s):

Under the terms of the Mortgage, Security Deed, or Deed of Trust ("Mortgage") securing your Loan, you are hereby notified of the following:

1. You are in default because you have failed to pay the required monthly installments commencing with the payment due 08/01/2009.

2. As of 02/02/2010, total monthly payments (including principal, interest, and escrow if applicable), late fees, NSF fees, and other fees & advances due under the terms of your loan documents in the total amount of $46,511.07 are past due. This past due amount is itemized below.

   The above-referenced total amount due does not reflect any partial payments currently held in suspense on your account. Suspense amounts will be applied toward reduction of the loan balance once payment in full required by this letter is received. If you have any questions about the amounts detailed below, please contact us as soon as possible at (800) 548-7916.

   | | |
   |---|---|
   | Total Monthly Payments | $43,363.67 |
   | Late Fees | $3,097.40 |
   | NSF Fees | $50.00 |
   | Other Fees & Advances* | $0.00 |

   *Other Fees & Advances include those amounts allowed by your Note and Mortgage. If you need additional information regarding the fees, please contact us at the number provided below.*

3. Action required to cure the default: You must pay the total amount set forth in Paragraph 2 within thirty-two (32) days from the date of this notice in order to cure this default.

4. If you fail to cure the default within thirty-two (32) days from the date of this notice, Chase Home Finance LLC will accelerate the maturity of the Loan, terminate your credit line if the Loan provides for revolving advances, declare all sums secured by the Mortgage immediately due and payable, and commence foreclosure proceedings, all without further notice to you. If this happens, Chase Home Finance LLC will be entitled to collect its expenses incurred in pursuing the remedies

provided in the Mortgage, which may include but not be limited to, allowable foreclosure/attorney fees, and other expenses permitted by your loan documents or applicable law.

5.  If permitted by your loan documents or applicable law, you have the right to reinstate after acceleration of the Loan and the right to bring a court action to assert the non-existence of a default, or any other defense to acceleration, foreclosure, and sale. However, the amount required to reinstate may be higher than what is owed under Paragraph 2 above due to additional fees and charges that we are entitled to collect under the Loan, including attorney fees related to any foreclosure action we initiate. Accounts not including an escrow monthly deposit may not reflect the entire escrow amount advanced and due on the Loan.

6.  The total amount due under Paragraph 2 above is required to be paid in the form of a cashier's check or certified funds and should be remitted to:

| | |
|---|---|
| Regular Mail: | Chase Home Finance LLC<br>Mail Code AZ1-2175<br>PO BOX 78420<br>Phoenix, AZ 85062-8420 |
| Overnight Mail: | Chase Home Finance LLC<br>Attention BOX 78420<br>Mail Code AZ1-2175<br>1820 East Sky Harbor Circle South<br>Phoenix, AZ 85034-9700 |

We are under no obligation to accept less than the full amount owed. However, if you send us less than the full amount owed, we may in our sole discretion apply such partial payment to your Loan without waiving any default or waiving our right to accelerate the Loan and continue with foreclosure proceedings in accordance with Paragraph 4 above.

7.  If you are unable to pay the amount past due, Chase Home Finance LLC has a variety of loss mitigation programs that might help you resolve your default and keep your home; however, we need to talk with you to discuss these options and determine which of them might be appropriate for your circumstances. Please call us as soon as possible at (800) 548-7916.

8.  While the Loan remains in default, we will perform certain tasks to protect our interest in the Property, including visits to your Property at regular intervals during the default. This will be done to determine, as of the date of the inspection, the property condition, occupancy status, and possibly your plans for curing the default and paying this Loan on time. You should anticipate that any costs incurred by Chase Home Finance LLC will be added to the amount you now owe if permitted by your loan documents or applicable law.

**An important reminder for all our customers:  As stated in the "Questions and Answers for Borrowers about the Homeowner Affordability and Stability Plan" distributed by the Obama Administration, "Borrowers should beware of any organization that attempts to charge a fee for housing counseling or modification of a delinquent loan, especially if they require a fee in advance."  Chase offers loan modification assistance free of charge (i.e., no modification fee required).  Please call us immediately at (800) 548-7916 to discuss your options.  The longer you delay the fewer options you may have.**

Chase Home Finance LLC does not offer homeownership counseling services to borrowers. Such counseling is available through a variety of non-profit organizations experienced in homeownership counseling and approved by the Secretary of Housing and Urban Development (HUD). A listing of such organizations may be obtained by calling HUD toll-free at (800) 569-4287.

Colorado customers may contact the Colorado Foreclosure hotline at (877) 601-4673 or a Chase Loss Mitigation specialist at (877) 838-1882 to discuss alternatives to Foreclosure.

Illinois Customers: You may have recently received a "Grace Period Notice" that is required under Illinois law allowing you thirty (30) days to obtain approved housing counseling. The notice provided that if you obtained housing counseling from an approved housing counseling agency, you may be entitled to an additional thirty (30)-day grace period. The law does not require us to wait until the end of any additional thirty (30)-day grace period before sending you this thirty (30)-day demand letter. If you have obtained an additional thirty (30)-day grace period, you still have the full additional thirty (30) days from the date we receive notice from an approved housing counseling agency that the agency is working on a plan to resolve the delinquency before we will commence legal action.

New York Customers: We recently sent you a notice that is required under New York law that you are at risk of losing your home due to delinquency, and that you have several options available to you that may help you keep your home. The notice provided that if the delinquency was not resolved within ninety (90) days from the date that notice was mailed, we may commence legal action against you. The law does not require us to wait until the end of the ninety (90)-day period before sending you this thirty (30)-day demand letter. You still have the full ninety (90) days from the date that notice was mailed to resolve the delinquency before we will commence legal action.

**Chase Home Finance LLC is attempting to collect a debt, and any information obtained will be used for that purpose.**

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

**If you are currently a debtor in bankruptcy proceedings and subject to the protections of the automatic stay, or if you have received a final discharge in a bankruptcy, this notice is for compliance and/or informational purposes only and not an attempt to impose personal liability for the debt in violation of the bankruptcy laws. However, Chase Home Finance LLC still has the right under the Mortgage to foreclose on the Property.**

Sincerely,
Collections Department
Chase Home Finance LLC
(800) 548-7916
(800) 582-0542 TDD / Text Telephone

Enclosure

1. Homeowner's Assistance Brochure

CERTIFIED MAIL: Return Receipt Requested and First Class Mail

BR150

EXHIBIT   B

Chase (OH4-7302)
3415 Vision Drive
Columbus, OH 43219-6009

**CHASE** ◐



March 02, 2011

00471-01 IF1A 061-000000000000
Donna Mae Amina
Melvin Keakaku Amina
2304 Metcalf Street
Honolulu, HI 96822

Re:  Account Number: ******7306
     Donna Mae Amina and Melvin Keakaku Amina

**Loan Investor**

Dear Donna Mae Amina and Melvin Keakaku Amina:

I am writing in response to the inquiry Chase received about the loan referenced above.

Your loan was sold into a public security managed by The Bank of New York and may include a number of
investors.  As the servicer of your loan, Chase is authorized by the security to handle any related concerns
on their behalf.  The address of your investor is:

              101 Barclay Street Flr 4W
              New York, NY 10286
              JPMAC 2006-WMC2
              Pei Yan Huang

We appreciate your business. If you have questions, please call us at the telephone number below.

Sincerely,

*Larry Thode*

Larry Thode
Vice President
Chase Home Lending
(800) 548-7912 Customer Care
(800) 582-0542 TDD / Text Telephone
www.chase.com

CC278