IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MELVIN KEAKAKU AMINA and DONNA MAE AMINA, Husband and Wife, | ) ) ) ) | CIVIL NO.  11-00714 JMS/BMK |
| Plaintiffs, | ) ) ) ) | ORDER DENYING DEFENDANT THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK'S MOTION TO |
| vs. | ) ) ) | DISMISS VERIFIED AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6) |
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; UNKNOWN OWNER OF THE FIRST NOTE; UNKNOWN OWNER OF THE SECOND NOTE, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK'S MOTION TO DISMISS VERIFIED AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**

**I.  INTRODUCTION**

This is Plaintiffs Melvin Keakaku Amina and Donna Mae Amina's

("Plaintiffs") second action filed in this court concerning a mortgage transaction

and alleged subsequent threatened foreclosure of real property located at 2304

Metcalf Street #2, Honolulu, Hawaii 96822 (the "subject property").  Late in

Plaintiffs' first action, *Amina et al. v. WMC Mortgage Corp. et al.*, Civ. No. 10-

00165 JMS-KSC ("Plaintiffs' First Action"), Plaintiffs sought to substitute The

Bank of New York Mellon, FKA the Bank of New York ("Defendant") on the

basis that one of the defendants' counsel asserted that Defendant owned the

mortgage loans.  After the court denied Plaintiffs' motion to substitute, Plaintiffs

brought this action alleging a single claim to quiet title against Defendant.

On April 26, 2012, the court dismissed the Complaint for failure to

state a plausible claim, explaining that the Complaint failed to explain precisely

*how* Defendant had asserted an adverse claim on the subject property.  In their

First Amended Complaint ("FAC"), Plaintiffs now allege that Defendant is not the

mortgagee yet has nonetheless threatened foreclosure on the subject property

through its agent, Chase Home Finance LLC ("Chase").

Currently before the court is Defendant's Motion to Dismiss the FAC,

arguing that Plaintiff's quiet title claim fails because Plaintiffs have failed to allege

that they can tender the loan proceeds.  Based on the following, the court DENIES

Defendant's Motion to Dismiss.

## II.  BACKGROUND

### A.  Factual Background

As alleged in the FAC, Plaintiffs own the subject property.  Doc. No.

38, FAC ¶ 17.  Although the FAC does not include allegations regarding any

mortgage on the subject property, in their original Complaint Plaintiffs asserted

that on February 24, 2006 they obtained two mortgage loans from WMC Mortgage

Corp. ("WMC") -- one for $880,000, and another for $220,000, both secured by the subject property. *See* Doc. No. 1, Compl. ¶¶ 24-25.

In Plaintiffs' First Action, it was undisputed that WMC no longer held the mortgage loans. According to the FAC, Defendant does not hold them either -- the FAC asserts that Defendant "is not a mortgagee, but poses as a mortgagee." Doc. No. 38, FAC ¶ 1-1. The FAC further explains that "[t]here is no recorded assignment of any Mortgage encumbering the [subject property], from its named original lender, to anyone." *Id.* ¶ 34.

Despite that Defendant is allegedly not the mortgagee, the FAC asserts that Defendant, through its agent Chase, has threatened foreclosure on the subject property. Specifically, Plaintiffs received a February 3, 2010 letter from Chase stating that Plaintiffs are in default on their mortgage and that failure to cure default will result in Chase commencing foreclosure proceedings. Doc. No. 38, FAC Ex. A. Plaintiffs also received a March 2, 2011 letter from Chase stating that the mortgage loan "was sold to a public security managed by [Defendant] and may include a number of investors. As the servicer of your loan, Chase is authorized by the security to handle any related concerns on their behalf." *Id.* Ex. B. The FAC asserts that "[b]y mailing those two letters through its agents, Defendant improperly seeks to foreclose on the subject property." *Id.* ¶ 5.

**B.     Procedural Background**

Plaintiffs filed this action against Defendant on November 28, 2011, and their FAC asserts a single claim for quiet title.

On June 13, 2012, Defendant filed its Motion to Dismiss the FAC. Plaintiffs filed an Opposition on July 18, 2012, and Defendant filed a Reply on July 26, 2012. Pursuant to Local Rule 7.2(d), the court determines the Motion without a hearing.

## III.  STANDARD OF REVIEW

Plaintiffs are appearing pro se; consequently, this court will liberally construe their pleadings. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (holding that the Supreme Court "instructs the federal courts" to liberally construe the inartful pleadings of pro se litigants).

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as

true all of the allegations contained in the complaint -- "is inapplicable to legal

conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d

1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not

simply recite the elements of a cause of action, but must contain sufficient

allegations of underlying facts to give fair notice and to enable the opposing party

to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken

as true must plausibly suggest an entitlement to relief, such that it is not unfair to

require the opposing party to be subjected to the expense of discovery and

continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only

permit the court to infer "the mere possibility of misconduct" do not show that the

pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

## IV.  DISCUSSION

Defendant argues that Plaintiffs' quiet title claim fails in light of the numerous decisions in the District of Hawaii finding that a borrower must assert an ability to tender the loan proceeds to maintain a quiet title claim against a mortgagee.  Based on the following, the court disagrees that this caselaw applies to this action where the FAC alleges that Defendant is not a mortgagee.

The Hawaii Supreme Court has explained that a plaintiff seeking to quiet title must "prove title in and to the land in dispute [by proving] either that he has paper title to the property or that he holds title by adverse possession." *Maui Land & Pineapple Co. v. Infiesto*, 76 Haw. 402, 407-08, 879 P.2d 507, 512-13 (Haw. 1994) (citations omitted).  Although a plaintiff need not "have perfect title to establish a prima facie case, he must at least prove that he has a substantial interest in the property and that his title is superior to that of the defendants." *Id.* at 408, 879 P.2d at 513 (citing *Shilts v. Young,* 643 P.2d 686, 689 (Alaska 1981); *Rohner v. Neville,* 365 P.2d 614, 618 (Or. 1961)).  A corollary to this principle is that a plaintiff must establish his claim based on the strength of his title to the property as opposed to weaknesses of an adversary's title.  *See, e.g.*, *Fetzer v. Bodcaw Co.*, 601 F.2d 356, 360 (8th Cir. 1979) (stating that under Arkansas law, a plaintiff "must prevail on the strength of his own title and not on the weakness of

the title of his adversary"); *Hutson v. Agric. Ditch & Reservoir Co.*, 723 P.2d 736,

738 (Colo. 1986) (en banc) (Colorado law); *Freeman v. Affiliated Prop.*

*Craftsmen*, 72 Cal. Rptr. 357, 366 (Cal. App. 1968) (California law); *Fricks v.*

*Hancock*, 45 S.W.3d 322, 327 (Tex. App. 2001) (Texas law); *Jackson v. Hartley*,

564 P.2d 992 (N.M. 1977) (New Mexico law).

That a plaintiff must establish his superior title by showing the

strength of his title as opposed to merely attacking the title of the defendant is

reflected in the numerous decisions of this court finding that a borrower must

allege an ability to tender the loan proceeds to maintain a quiet title claim against a

mortgagee.[1]  These cases reason that "[a] basic requirement of an action to quiet

title is an allegation that plaintiffs 'are the rightful owners of the property, *i.e.*, that

they have satisfied their obligations under the deed of trust.'"  *Rosenfeld v.*

*JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (quoting

*Kelley v. Mortg. Elec. Registration Sys.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal.

2009)).  As a result, "a borrower may not assert 'quiet title' against a mortgagee

without first paying the outstanding debt on the property."  *Id.* (applying

---

[1] *See, e.g.*, *Fed Nat'l Mort. Ass'n v. Kamakau*, 2012 WL 622169, at *9 (D. Haw. Feb. 23, 2012); *Lindsey v. Meridias Cap., Inc.*, 2012 WL 488282, at *9 (D. Haw. Feb. 14, 2012); *Menashe v. Bank of N.Y.*, --- F. Supp. 2d ----, 2012 WL 397437, at *19 (D. Haw. Feb. 6, 2012); *Teaupa v. U.S. Nat'l Bank N.A.*, 836 F. Supp. 2d 1083, 1103 (D. Haw. 2011); *Abubo v. Bank of N.Y. Mellon*, 2011 WL 6011787, at *5 (D. Haw. Nov. 30, 2011); *Long v. Deutsche Bank Nat'l Tr. Co.*, 2011 WL 5079586, at *11 (D. Haw. Oct. 24, 2011).

California law -- *Miller v. Provost*, 33 Cal. Rptr. 2d 288, 290 (Cal. App. 1994) ("[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee") (citation omitted), and *Rivera v. BAC Home Loans Servicing, L.P.*, 2010 WL 2757041, at *8 (N.D. Cal. July 9, 2010)).

This conclusion makes perfect sense in light of what a borrower is seeking by bringing a quiet title claim against a mortgagee -- a determination that the mortgagee cannot foreclose on the property and/or that the loan security is voided. *See Chavez v. Bank of Am.*, 2010 WL 1854087, at *14 (E.D. Cal. May 6, 2010) ("Quiet title is an equitable claim, a plaintiff in equity must do equity in order to obtain relief. This means repaying the money borrowed before voiding the security for the loan."); *see also Rigor v. Freemont Inv. & Loan,* 2012 WL 913631, at *1 (D. Or. Feb. 13, 2012) (finding that the plaintiff could not state a claim to quiet title where the complaint "fails to include any allegation that plaintiff has superior title to that of defendants, and that the subject loan has been satisfied or that plaintiff is ready, willing and able to tender the full amount owed on the loan"). As a result, where a borrower is not able to tender the loan proceeds, he cannot establish superior title as compared to the mortgagee -- he has no right to have the mortgage deemed invalid.

The tender requirement does not make sense, however, where the

borrower brings a quiet title claim against a party who, according to the allegations

in the Complaint (which the court accepts as true), is not a mortgagee and who

otherwise has no interest in the property whatsoever.  As between the borrower

and such third party who has nonetheless made an adverse claim, the borrower

alleges his superior title by asserting ownership of the property as compared to a

defendant with no rights in the property.  *See Henry v. Chase Home Finance, LLC*,

2011 WL 6057505, at *5 (S.D. Tex. Dec. 6, 2011) (denying motion to dismiss

quiet title claim where plaintiff alleged that Chase is neither the mortgagee nor the

mortgage servicer of the loan, yet noting that Chase is not precluded "from

moving for summary judgment at an early practicable time on the ground that

Chase is the mortgagee or mortgage servicer of the mortgage loan"); *see also*

*Martinez v. America's Wholesale Lender*, 446 Fed. Appx. 940, 943 (9th Cir. 2011)

(stating that the tender rule does not apply to quiet title claim where the plaintiff

alleges that the trustee has no interest in the subject property); *Avila v. Wells*

*Fargo Bank*, 2012 WL 2953117, at *15 (N.D. Cal. July 19, 2012) (finding tender

rule inapplicable where the plaintiff alleges that the trustee has no interest in the

property).

      Applying these principles, the FAC asserts that Plaintiffs own the

subject property and that Defendant is not the mortgagee.  Doc. No. 38, FAC

¶¶ 1-1, 17.  Accepting these allegations as true, Plaintiffs have asserted sufficient facts suggesting that Plaintiffs have a superior title as compared to Defendant.

Defendant nonetheless claims that the court should follow the caselaw in this District finding that a borrower must allege an ability to tender. None of these cases, however, addresses similar allegations as in this action where Plaintiffs assert that Defendant is not a mortgagee.  Rather, the pleadings in each of these cases alleged improprieties in the mortgage origination and/or transfer of the mortgage loan, which the borrowers alleged prevented the mortgagee from foreclosing.  In other words, the pleadings recognized that the defendant was the mortgagee and based the quiet title claim on the weaknesses of the mortgagee's title as opposed to the strength of the borrower's title.  *See, e.g.*, *Fed. Nat'l Mort. Ass'n v. Kamakau*, 2012 WL 622169, at *1, 3 (D. Haw. Feb. 23, 2012) (asserting that the mortgage loan was improperly securitized and that the assignments of the mortgage loan were not recorded); *Lindsey v. Meridias Cap., Inc.*, 2012 WL 488282, at *7 (D. Haw. Feb. 14, 2012) (alleging improprieties with the assignment of the mortgage); *Menashe v. Bank of New York*, --- F. Supp. 2d ----, 2012 WL 397437, at *2 (D. Haw. Feb. 6, 2012) (alleging that the transfer of the mortgage loan, without physical delivery of the note is a nullity); *Teaupa v. U.S. Nat'l Bank N.A.*, 836 F. Supp. 2d 1083, 1089 (D. Haw. 2011) (alleging improprieties in the

loan origination); *Abubo v. Bank of N.Y. Mellon*, 2011 WL 6011787, at *2 (D.

Haw. Nov. 30, 2011) (alleging improprieties with the loan assignment); *Long v.*

*Deutsche Bank Nat'l Tr. Co.*, 2011 WL 5079586, at *11 (D. Haw. Oct. 24, 2011)

(alleging that the mortgage transaction is void).[2]  The reasoning of these cases

therefore does not apply where the pleadings specifically assert that the defendant

is not a mortgagee and is otherwise making a completely unsubstantiated claim to

the property.

      To be clear, at least as alleged in the FAC, this is not a case where

Plaintiffs assert that Defendant's mortgagee status is invalid (for example, because

the mortgage loan was securitized or because Defendant does not hold the note).

On their own, such allegations would be insufficient to assert a quiet title claim --

---

[2] Defendant cites *Long* for the proposition that a borrower must allege an ability to tender even if the quiet title claim is brought against a party that is not a mortgagee.  Doc. No. 46, Def.'s Reply at 4.  Defendant reads *Long* too broadly.  *Long* rejected the plaintiff's argument that the quiet title claim could stand based on the assertion that the loan was securitized and that Deutsche Bank was therefore not the true owner of the mortgage loan due to its securitization.  It was in this context of discussing securitization that *Long* stated "that [e]ven if Deutsche Bank is not the true current owner of the note, it does not change that Plaintiff entered into a mortgage with a lender -- Plaintiff would still be required to have paid or tendered the outstanding balance to be able to assert a 'quiet title' claim as the rightful owner."  2011 WL 5079586, at *10 (citing *Rosenfeld*, 732 F. Supp. 2d at 975).  In other words, there was no allegation that Deutsche Bank had no relation to the mortgage loan.  As compared to *Long*, Plaintiffs are not raising a weakness in Defendant's mortgagee status; rather, they are asserting that Defendant is not a mortgagee at all.

      Defendant's reliance on *Tapia v. U.S. Bank N.A.*, 718 F. Supp. 2d 689 (E.D. Va. 2010), is similarly misplaced.  In *Tapia*, the plaintiff asserted a broad quiet title claim such that the complaint did not plausibly suggest that she had a superior title to "any competing interest" where she also admitted that she had not paid her mortgage.  718 F. Supp. 2d at 700.

they admit that a defendant is a mortgagee and attack the weakness of the

mortgagee's claim to the property without establishing the strength and superiority

of the borrower's claim (by asserting an ability to tender).  Rather, the FAC asserts

that Defendant is not a mortgagee and that there is no record evidence of any

assignment of the mortgage loan to Defendant.  Although Defendant may be able

to prove these allegations untrue in a motion for summary judgment, they are

sufficient to allege that Plaintiff has superior title as compared to Defendant.  The

court therefore DENIES Defendant's Motion to Dismiss the FAC.

## V.  CONCLUSION

Based on the above, the court DENIES Defendant's Motion to

Dismiss the FAC.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 9, 2012.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Amina et al. v. Bank of New York Mellon*, Civ. No. 11-00714 JMS/BMK, Order Denying
Defendant The Bank of New York Mellon, FKA The Bank of New York's Motion to Dismiss
Verified Amended Complaint Pursuant to Rule 12(b)(6)