Donna Mae Amina
Melvin Keakaku Amina
2304 Metcalf Street 2
Honolulu, HI 96822
(808) 941-0685

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 11 2012

at __ o'clock and 55 min __ M.
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE,<br><br>Plaintiffs,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK;<br><br>Defendants. | Case No. 11-00714 JMS-BMK |

## REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE

## SECOND AMENDED COMPLAINT

Plaintiffs Donna Mae Amina and Melvin Keakaku Amina reply to Defendants' response to Plaintiff's motion for leave to file their VERIFIED SECOND AMENDED COMPLAINT ("Memorandum).

The Memorandum states:

> In their proposed SAC, Plaintiffs' alleged that BNY "improperly seeks to foreclose" (see SAC ¶s 5, 32-1) and that MERS could not legally assign the loan (see SAC ¶

13-9). The two allegations, which are part of the basis for their quiet title cause of action, have been rejected within this District.

Defendants cite Benoist

The instant case is distinguished from Benoist. According to ¶ 63 of the SAC from Benoist, "MERS did not have the legal authority to assign the Mortgage to US BANK because MERS was at all times acting solely as nominee for PHH. The rights bestowed upon MERS within the Mortgage itself are insufficient to empower MERS to effectuate a valid assignment of mortgage."

The Benoist plaintiff never made any allegations about the note (except that "PHH failed to properly endorse and deliver the Note to US BANK" and that "US BANK does not own the First Note, but rather it acts as the Trustee for JMP ALT 2006-A6"); specifically, never alleged that MERS did not own the Note, in contrast to the instant case where Plaintiffs allege that "MERS, not owning either Note, could not legally assign either loan." ¶ 13-9.

The Memorandum states:

> Per District Judge Seabright, MERS had authority to assign all beneficial interest in the mortgage and noted that this Court recently rejected a similar claim in Pascual
> …

However, MERS can assign only what it has; in cases (as alleged here) where MERS has no beneficial interest, MERS may not assign any beneficial interest.

### *ASSIGNMENT OF DEED WITHOUT OWNERSHIP OF THE NOTE IS A NULLITY*

A foreclosing entity must be in possession of both the assigned note and mortgage at the time it commences a foreclosure. See Bank of New York v. Silverberg, 2011 NY Slip Op 62701 - NY: Appellate Div., 2nd Dept. 2011 ("[B]ecause MERS was never the lawful holder or assignee of the notes described and identified in the consolidation agreement, the corrected assignment of mortgage is a nullity, and MERS was without authority to assign the power to foreclose to the

REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

2

plaintiff."), citing Merritt v Bartholick, 36 NY 44, 45 [1867] ("a transfer of the mortgage without the debt is a nullity, and no interest is acquired by it"); Carpenter v Longan, 83 US 271, 274 [1873] [an assignment of the mortgage without the note is a nullity]; US Bank N.A. v Madero, 80 AD3d 751, 752 [2011]; U.S. Bank, N.A. v Collymore, 68 AD3d at 754; Kluge v Fugazy, 145 AD2d 537, 538 [1988] [an assignee of a mortgage without the underlying note could not foreclose]; Flyer v Sullivan, 284 App Div 697, 698 [1954] [mortgagee's assignment of the mortgage lien, without assignment of the debt, is a nullity]; Beak v Walts, 266 App Div 900 [1943]). A "mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation" (FGB Realty Advisors v Parisi, 265 AD2d 297, 298 [1999]).

"[T]he assignment of the notes was thus beyond MERS's authority as nominee or agent of the lender (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 108 [2d Dept 2011]; HSBC Bank USA v Squitieri, 29 Misc 3d 1225[A], 2010 NY Slip Op 52000[U] [2010]; LNV Corp. v Madison Real Estate, LLC, 2010 NY Slip Op 33376[U] [2010]; LPP Mtge. Ltd. v Sabine Props., LLC, 2010 NY Slip Op 32367[U] [2010]; Bank of N.Y. v Mulligan, 28 Misc 3d 1226[A], 2010 NY Slip Op 51509[U] [2010]; OneWest Bank, F.S.B. v Drayton, 29 Misc 3d 1021 [2010]; Bank of N.Y. v Alderazi, 28 Misc 3d 376, 379-380 [2010] [the 'party who claims to be the agent of another bears the burden of proving the agency relationship by a preponderance of the evidence']; HSBC Bank USA, N.A. v Yeasmin, 27 Misc 3d 1227[A], 2010 NY Slip Op 50927[U] [2010]; HSBC Bank USA, N.A. v Vasquez, 24 Misc 3d 1239[A], 2009 NY Slip Op 51814[U] [2009]; Bank of N.Y. v Trezza, 14 Misc 3d 1201[A], 2006 NY Slip Op 52367[U] [2006]; LaSalle Bank Natl. Assn. v Lamy, 12 Misc 3d 282*282 1191[A], 2006 NY Slip Op 51534[U] [2006]; In re Agard, 444 BR 231 [2011]; but see US Bank N.A. v Flynn, 27 Misc 3d 802 [2010])." Id.

"[T]he plaintiff, which merely stepped into the shoes of MERS, its assignor, and gained only that to which its assignor was entitled (see Matter of International Ribbon Mills [Arjan Ribbons], 36 NY2d 121, 126 [1975]; see also UCC 3-201 [1] ["(t)ransfer of an instrument vests in the transferee such rights as the transferor has therein"]), did not acquire the power to foreclose by way of the corrected assignment." Id.

"This Court is mindful of the impact that this decision may have on the mortgage industry in New York, and perhaps the nation." Id.

As the nominee, MERS does not have the power to foreclose and therefore cannot assign such authority. A nominee is "a person designated to act on behalf of another, usu. in a very limited way." *Black's Law Dictionary* 1076 (9th ed. 2009). A nominee is also a "person who holds bare legal title for the benefit of others or who receives and distributes hinds for the benefit of others." *Id.* Nothing more.

> "The practical effect of splitting the deed of trust from the promissory note is to make it impossible for the holder of the note to foreclose, unless the holder of the deed of trust is the agent of the holder of the note. [Citation omitted.] Without the agency relationship, the person holding only the note lacks the power to foreclose in the event of default. The person holding only the deed of trust will never experience default because only the holder of the note is entitled to payment of the underlying obligation. [Citation omitted.] The mortgage loan becomes ineffectual when the note holder did not also hold the deed of trust

*Kesler v. Landmark National Bank,* 216 P.3d 158, 167 (Kan. 2009), *quoting Bellistri v. Ocwen Loan Servicing, LLC,* 284 S.W.3d 619, 623 (Mo. App. 2009). Thus, MERS does not have the authority — either as mortgage or as nominee — to execute the assignment of mortgage which Plaintiff has presented.

Even if the mortgage is interpreted as allowing MERS to assign its interest, the assignment was ineffective because MERS never acquired the debt. The language in the assignment filed in this action which purportedly transfers the debt is a nullity and has no effect. *Sobel v. Mutual Development, Inc.,* 313 So. 2d 77 (Fla. 1st DCA 1975). An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity. *Carpenter v. Longan,* 83 U.S. 271, 274 (U.S. 1873). "An assignment of the mortgage without an assignment of the debt creates no right in the assignee." *Vance v. Fields,* 172 So. 2d 613, 614 (Fla. 1st DCA 1965). Under its own rules, MERS never acquired any interest in the debt. Because MERS did not acquire the debt, it cannot assign a mortgage.

The Memorandum states:

> District Judge Seabright ... rejected the similar contention that the note and/or mortgage were not properly transferred to U S. Bank pursuant to the terms of a Pooling and Servicing Agreement ("PSA") when the mortgage loan was securitized

However, this is a factual question specific to <u>Benoist</u>. In the instant case, at this point in the litigation (essentially a motion to dismiss), the only thing that matters is the allegations of the SAC.

## Conclusion

The SAC states a claim for quiet title based on the strength of Plaintiff's title (SAC, ¶ 17). Defendant US Bank claimed an interest by filing a Proof of Claim (¶ 14). Neither BONYM nor USB has acquired any interest in Plaintiffs' property (¶ 16). These allegations alone are sufficient to state a Quiet Title claim.

Executed on: October 11, 2012

_____          _____
Donna Amina, Plaintiff Pro Se             Melvin Amina, Plaintiff Pro Se
2304 Metcalf Street                       2304 Metcalf Street
Honolulu, HI 96822                        Honolulu, HI 96822
(808) 941-0685                            (808) 941-0685

## CERTIFICATE OF SERVICE

On the date last written below, I served a true copy of the foregoing document upon the following parties in this action by First Class U. S. mail postage prepaid:

Defendants
MERSCORP, INC.
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
CHASE HOME FINANCE LLC
CHASE HOME FINANCE, INC.
c/o Jeffrey H. K. Sia
c/o David A. Gruebner
c/o Diane W. Wong
Ayabe, Chong, Nishimoto, Sia & Nakamura, A Limited Liability Partnership
1003 Bishop Street, Suite 2500
Honolulu, HI 96813


Executed on: October 11, 2012     _____
                                        (signed by person mailing)

6

REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT