Donna Mae Amina
Melvin Keakaku Amina
2304 Metcalf Street 2
Honolulu, HI 96822
(808) 941-0685

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 15 2012

at 8 o'clock and 46 min. A.M.
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE,<br><br>Plaintiffs,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK;<br><br>Defendants. | Case No. 11-00714 JMS-BMK |

**SUPPLEMENTAL REPLY TO [52] RESPONSE TO MOTION FOR LEAVE TO FILE**

**SECOND AMENDED COMPLAINT**

Plaintiffs Donna Mae Amina and Melvin Keakaku Amina reply to [52] DEFENDANT THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' [#50] MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FILED ON 9/28/12; DECLARATION OF JEFFREY H. K. SIA; EXHIBIT "A;" CERTIFICATE OF SERVICE ("Memorandum").

SUPPLEMENTAL REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE SECOND AMD COMPLAINT       1

This case is in a very unusual procedural situation. We are asking for leave to amend our Complaint. Defendants are arguing against leave to amend, because they say it would be futile, so basically they're doing a motion to dismiss. Defendants have introduced a Declaration and other evidence, so they are trying to create a motion for summary judgment, without any discovery, in the form of a response to a motion for leave to amend, and we were given only two days to reply to their response.

On page 3 footnote 1, Defendants request the Court to take judicial notice of some documents from the "WMC case" (Amina et al v. WMC Mortgage Corp. et al., Civil No. 10-00165 JMS-KSC in the U.S. District Court, District of Hawaii).

Plaintiffs now request the Court to take judicial notice of the fact that the [27] TRANSCRIPT OF PROCEEDINGS BEFORE THE HONORABLE J. MICHAEL SEABRIGHT UNITED STATES DISTRICT COURT JUDGE, April 11, 2012, 10:00 a.m., shows on page 14 the following exchange:

> THE COURT: Well, Mr. Gruebner, you might want to find the evidence to show her as to your client's ownership of this. I mean, maybe this case can go away if that's all she's looking for.
> MR. GRUEBNER: Your Honor, I'm happy to provide evidence at the hearing as to what the ownership interest is. Although in some context, Your Honor, there has been a party who was negotiating in the prior lawsuit to do this loan modifications and whether the ownership interest lied -- there was the party who could have enacted a loan modification who was dealing with the plaintiffs.

Plaintiffs request the Court to take judicial notice of the fact that Mr. Gruebner never produced any such evidence "at the hearing" or at any other time.

Plaintiffs request the Court to take judicial notice of the fact that Mr. Gruebner's clients, the Chase defendants, in the WMC case never produced any documents to show any interest in

Plaintiffs' property, either as servicer or as principal. Mr. Gruebner twice requested additional time to produce requested documents, but never did.

The Court can take judicial notice of the fact that certain documents have been recorded, but that doesn't prove the truth or falsity of the contents of those documents, so the Court should not take judicial notice of any of the facts claimed by those documents.

The [#52-1] Declaration of Jeffrey H.K. Sia fails to state how Mr. Sia obtained his personal knowledge, and thus fails to "show" that he has personal knowledge.

The Exhibits are in dispute because they do not bear Plaintiffs' signatures.

Mr. Sia has not attached to his Memorandum any copies of any of the foreign-district or unpublished cases which he cited, or any of the private-service citations such as from LEXIS, thus those cases should be disregarded. Many of the cited cases, in turn, made non-public citations such as from "WL"; those citations, not findable by the public, should be disregarded -- particularly any that said "NOT FOR PUBLICATION".

The Memorandum, p. 5, states:

> A district court may properly deny leave to amend a complaint where the amendment would be futile or where the amended complaint would be subject to dismissal.

However, Plaintiffs are not merely amending the complaint (per Rule 15), Plaintiffs are also joining a necessary party per Rule 19. According to FRCP Rule 19(a)(1)(A), a "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction MUST be joined as a party if, in that person's absence, the court cannot accord complete relief among existing parties."

The Memorandum, p. 5-6, states:

> The proposed SAC and "quiet title" cause of action are premised on the following key points:
> • Alleged lack of authority to foreclose and an assignment from MERS;
> • Challenges to the Pooling and Service Agreement; and
> • Questions about the holder of the note and the chain of title.

However, those are not the key points. The key points are that US Bank has entered a Proof of Claim into Melvin Amina's bankruptcy case, and we allege that neither BNY nor US Bank has any interest. Defendants have asked the Court to take judicial notice of two Mortgages and two Notes, as if they prove that Defendants have some interest. However, it is unclear why Defendants want the Court to take judicial notice of Notes, when Defendants argue that it doesn't matter who owns such Notes (see #52 p. 12, calling "frivolous" all claims "premised on the show-me-the note theory."). Neither of the Defendants is named in either of the Mortgages. Defendants argue about a plaintiff's inability to challenge assignments by MERS, when there is no assignment.

The Memorandum, p. 6, states:

> In their proposed SAC, Plaintiffs' alleged that BNY "improperly seeks to foreclose" (see SAC ¶s 5, 3 2-1) and that MERS could not legally assign the loan (see SAC ¶ 13-9).

Paragraph 5 of the SAC says "By mailing those two letters through its agents, Defendant improperly seeks to foreclose on the subject property."

Paragraph 32-1 of the SAC says "By mailing that letter through its agent, Defendant improperly seeks to foreclose on the subject property."

Paragraph 13-9 of the SAC says "Defendants claim to have obtained Notes from MERS. However, MERS, not owning either Note, could not legally assign either loan. Therefore, the loans were never assigned to the PSA Trust."

We did not allege in so many words that Defendants did not obtain any Notes from MERS. However, that is implied in paragraph 52 "Defendants are not the owners or holders of any promissory note encumbering the Homestead."

The Memorandum, p. 6, states:

> District Judge Michael Seabright recently rejected similar allegations in Benoist v. United States Bank Nat'l Ass'n, ...

This case is distinguished from Benoist and Pascual because our SAC alleges that MERS had no beneficial interest to assign.

The Memorandum, p. 7, states:

> A quiet title claim cannot be based on assaults on the validity of assignments by MERS. See Kapila v. Bank of N.Y. Mellon, ...

However, Kapila (relying on Livonia) states: "Finally, because Plaintiff does not and cannot allege that he is at risk of paying the same Mortgage Loan debt twice, he cannot raise a defense that would render the challenged assignment invalid, ineffective, or void." Here, Plaintiffs ARE at risk of paying twice. If this is not clearly alleged in the Complaint, then we move to amend the Complaint to include the allegation that Plaintiffs are at risk of paying the same Mortgage Loan debt twice, because some unknown party may be the true owner of the Note.

Kapila relies on Livonia Props. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC, 399 F. App'x 97, 102 (6th Cir. 2010), cert. denied, ___ U.S. ___, 131 S. Ct. 1696 (2011). Livonia is marked "NOT RECOMMENDED FOR FULL-TEXT PUBLICATION" and therefore should not be cited as precedent. In Livonia, the public record showed an assignment

from Lehman Brothers to a Trust (which had actually been signed "in blank"), however there was actually a series of transfers, from Lehman Brothers to LBHI, then to SASCII, then to the Trust.

This case is distinguished from Kapila and Livonia because there, the public record showed an assignment, whereas in our case, there is no assignment.

Miller v. Deutsche Bank Trust Co., 2011 U.S. Dist. LEXIS 48972 (D. Haw. May 5, 2011) is non-published and should not be cited as precedent.

We are not necessarily saying that they assignment from MERS to the PSA trust is invalid (although it may be). Even if the assignment was technically valid, it cannot have served to assign the mortgage to the PSA Trust because MERS did not hold the mortgage, and could not assign what it did not have.

In Pascual (relied on by Kamakau), the issue was whether the note was properly "negotiated," but it was undisputed that the note was "transferred" satisfying HRS § 490:3-203(b). But we are alleging that no note was "transferred."

In Mansour (relied on by Pascual), the plaintiff alleged that the defendants "have not produced" the note before foreclosure, and possibly that the defendants did not possess the note. This left open the possibility that the defendants were "person(s) not in possession of the instrument who is entitled to enforce the instrument." But we are alleging that Defendants are not entitled to enforce any note encumbering the Property.

The Memorandum, p. 8, states:

First Mortgage provides that "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. (emphasis added)."

But that is not the issue. The issue is not lack of notice of the sale, but simply that the current owner of the Note is not the party who is taking steps toward foreclosure (the party against whom Quiet Title is sought). In fact, it is because of the absence of any agreement regarding notice, that we must resort to litigation to determine who owns the Note.

>The Memorandum, p. 8 footnote 3, states:
>
>See footnote 1 and Declaration of Jeffrey H. K. Sia. District Judge Seabright has taken judicial notice of the First Mortgage in the WMC case. See Order ... [#86]

In the WMC case (00165), WMC admitted in their Answer (paragraph 4 and 50) that WMC no longer owns or holds the Notes.

The WMC case is on appeal as 12-15521.

>The Memorandum, p.10, states:
>
>Challenges to the validity of an assignment under a pooling and servicing agreement are insufficient to establish a quiet title claim.

However, there is no assignment to challenge.

>The Memorandum, p. 12, states:
>
>As to chain of title, contrary to Plaintiffs' allegation (see SAC~ 4-2), Hawaii's non-judicial foreclosure law, Haw. Rev. Stat. § 667-5 does not require recordation of an assignment of mortgage.

However, SAC ¶ 4-2 never alleges anything about Section 667-5.

>The Memorandum, p. 13 footnote 4, states:
>
>In <u>Iverson v. Wells Fargo Bank, N.A.</u>, supra., the plaintiffs alleged that certain mortgage assignments were invalid ...

Our case is different from <u>Iverson</u> because the Iversons make a claim of "false statement" that an assignment contained a "purported transfer of interest in the original note". We never said that.

> The Memorandum, p. 13-14, states:
>
> The <u>Benoist</u> case is factually similar to the present case. In <u>Benoist</u>, plaintiffs' note and mortgage were transferred from the original lender ("PHH") to U.S. Bank National Association ...

However, there is no factual similarity because in our case, there is no assignment. No note or mortgage has been transferred.

> The Memorandum, p. 14, states:
>
> ... the SAC essentially alleges that the notes and mortgages were transferred to BNY and U.S. Bank ...

However, the SAC makes no allegation at all that any note or mortgage was transferred to BNY or U.S. Bank. Quite the opposite, ¶ 34 states: "There is no recorded assignment of any Mortgage encumbering the Homestead, from its named original lender, to anyone." Naturally there is no allegation of payment or tender; such an allegation would be premature.

> The Memorandum, p. 14, states:
>
> Plaintiffs' proposed SAC is completely devoid of any allegation that they paid the outstanding loan balances or that they are able to tender the amounts of indebtedness pertaining to the subject property. As such, the SAC fails to adequately or properly state a quiet title claim.

However, tender only needs to be made when one is filing a quiet title claim "against a mortgagee." See [30] Order, page 9. The SAC never alleges that Defendants are mortgagees.

> The Memorandum, p. 15, states:
>
> In contrast, Plaintiffs' proposed SAC does not allege that BNY "is not a mortgagee;" ...

However, paragraph 1-2 of the SAC says: "Plaintiff alleges that The Bank of New York Mellon is not a mortgagee, but poses as a mortgagee."

The Memorandum, p. 15, states:

> ... Plaintiffs, instead alleged that U.S. Bank "is not a mortgagee," which is an allegation inconsistent with the subsequent allegations in the SAC challenging the validity of the assignments by MERS and under the PSA.

However, there is no inconsistency between saying that there is no valid assignment to US Bank, and saying that US Bank is not a mortgagee -- because the only way to be a mortgagee is either to be named in the original mortgage or to receive a valid assignment.

By the way, inconsistent allegations are allowed in a Complaint.

The Memorandum, p. 15, states:

> The allegation against U.S. Bank also is inconsistent with Plaintiffs' allegation that U.S. Bank is not the owner or holder of any note.

However, there is no inconsistency between saying that U.S. Bank is not a mortgagee and saying that U.S. Bank is not the owner or holder of any note.

### Conclusion

The SAC states a claim for quiet title based on the strength of Plaintiff's title (SAC, ¶ 17). Defendant BONYM claimed an interest by mailing a letter (¶s 2, 31, 45). Defendant US Bank claimed an interest by filing a Proof of Claim (¶ 14). Neither BONYM nor USB has acquired any interest in Plaintiffs' property (¶ 16). These allegations alone are sufficient to state a Quiet Title claim. None of these allegations are inconsistent, nor are they contradicted by any public record.

///

///

Executed on: October 15, 2012

_____
Donna Amina, Plaintiff Pro Se
2304 Metcalf Street
Honolulu, HI 96822
(808) 941-0685

_____
Melvin Amina, Plaintiff Pro Se
2304 Metcalf Street
Honolulu, HI 96822
(808) 941-0685

## CERTIFICATE OF SERVICE

On the date last written below, I served a true copy of the foregoing document upon the following parties in this action in open court:

Defendants
MERSCORP, INC.
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
CHASE HOME FINANCE LLC
CHASE HOME FINANCE, INC.
c/o Jeffrey H. K. Sia
c/o David A. Gruebner
c/o Diane W. Wong
Ayabe, Chong, Nishimoto, Sia & Nakamura, A Limited Liability Partnership
1003 Bishop Street, Suite 2500
Honolulu, HI 96813

Executed on: October 15, 2012

_____

SUPPLEMENTAL REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE SECOND AMD COMPLAINT