AYABE, CHONG, NISHIMOTO,
  SIA & NAKAMURA, A Limited
  Liability Law Partnership

JEFFREY H. K. SIA           3029-0
DIANE W. WONG               2333-0
DAVID A. GRUEBNER           5799-0
1003 Bishop Street, Suite 2500
Honolulu, Hawaii  96813
Telephone No.:  (808) 537-6119
jeffrey.sia@hawadvocate.com
diane.wong@hawadvocate.com
david.gruebner@hawadvocate.com

Attorneys for Defendant
THE BANK OF NEW YORK MELLON,
FKA THE BANK OF NEW YORK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE,<br><br>          Plaintiffs,<br><br>     vs.<br><br>THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2, | CIVIL NO. CV 11-00714 JMS BMK<br><br>DEFENDANT THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK'S ANSWER TO [#60] VERIFIED SECOND AMENDED COMPLAINT FILED ON 10/19/12; CERTIFICATE OF SERVICE |

|                      |   |
|----------------------|---|
|                      | ) |
| Defendants.          | ) |
| _____ | ) |

[2010141JHKS/#566833]

DEFENDANT THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK'S ANSWER TO [#60] VERIFIED SECOND AMENDED COMPLAINT FILED ON 10/19/12

Defendant THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK (hereinafter "BNY"), by and through its attorneys, Ayabe, Chong, Nishimoto, Sia & Nakamura, hereby answers the [#60] Verified Second Amended Complaint filed herein by Plaintiffs MELVIN KEAKAKU AMINA and DONNA MAE AMINA ("Plaintiffs") on 10/19/12 ("Second Amended Complaint"), and alleges and avers as follows:

FIRST DEFENSE:

1.  The Second Amended Complaint fails to state a claim against BNY upon which the relief sought can be granted.

SECOND DEFENSE AS TO "PRELIMINARY STATEMENT:"

2.  BNY denies the allegations contained in paragraphs no. 1-2, 4-2, 4, 5, and 6.

3.  BNY is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraphs no. 1-1, 4-3, 4-4, 4-5, and 8.

4.  As to paragraph no. 1, BNY admits that U.S. Bank National

2

Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2 submitted a Proof of Claim in Case number 12-00079 in the U.S. Bankruptcy Court, District of Hawaii involving Melvin Keakaku Amina, Jr. and that BNY did not file a Proof of Claim in said bankruptcy case. BNY also admits that there are two mortgage loans involving mortgages and notes encumbering the "Homestead" or subject property, but is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein to the extent they are vague, ambiguous, and/or not understood.

    5. As to paragraph no. 1-3, BNY denies the allegations contained in the first sentence of paragraph no. 1-3 and denies the allegations as they pertain to MERS, Chase Home Finance LLC, and Chase Home Finance, Inc. BNY is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations contained in therein.

    6. As to paragraph no. 1-4, BNY denies that U.S. Bank poses as a mortgagee and is not a mortgagee, but is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

    7. As to paragraph no. 2, BNY denies that it claimed an interest in the property, exceeding $75,000 in value, by causing an agent to mail to Plaintiffs

a letter dated 3/2/11. BNY asserts that the 3/2/11 letter attached to Plaintiffs' [#38] Verified Amended Complaint as Exhibit "B" speaks for itself, and asserts and admits that Plaintiffs quoted part of said letter.

8. As to paragraph no. 3, BNY admits that 101 Barclay Street, flr *(sic)* 4W, New York was part of the address provided for The Bank of New York in the 3/2/11 letter attached to Plaintiffs' [#38] Verified Amended Complaint as Exhibit "B," which speaks for itself. BNY denies the remaining allegations contained therein to the extent they are understood.

9. As to paragraph no. 4-1, BNY admits that The Bank of New York acquired the corporate trust business of JPMorgan Chase & Co., but is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

10. As to paragraph no. 4-6, BNY denies that it made a claim, exceeding $75,000 in value, by causing an agent "JPM" to mail a letter from Chase Home Finance LLC dated 2/3/10, and admits that a letter dated 2/3/10 from Chase Home Finance LLC to Plaintiff Donna Mae Amina contained the words, "Acceleration Warning (Notice of Intent to Foreclose)," among other words, but is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

11. As to paragraph no. 7, BNY denies that one or more of the

parties are not the owner and/or holder of any Note encumbering the subject property occupied by Plaintiffs; admits that Plaintiffs are asserting or seeking a quieting of title against parties in this case; and is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

SECOND DEFENSE AS TO JURISDICTION AND VENUE:

12. BNY is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraphs no. 9 and 10.

13. As to paragraph no. 11, BNY denies that all Defendants reside and/or do business in this District, but are without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

SECOND DEFENSE AS TO "PARTIES:"

14. BNY admits to the allegations contained in paragraph no. 12.

15. BNY denies the allegations contained in paragraphs no. 13-1, 13-5, and 13-9.

16. BNY is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraph no. 13-7.

17. As to paragraph no. 13, BNY admits that it is a New York corporation with its principal place of business in New York; that the address for

its corporate headquarters is One Wall Street, New York, New York; and that it can be served through its authorized agent for service of process. BNY is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

18. As to paragraph no. 13-2, BNY admits that there is a Pooling and Service Agreement dated 6/1/06, relating in part to J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, but denies the remaining allegations contained therein to the extent they are understood.

19. As to paragraph no. 13-3, BNY asserts that there is an encumbrance on the subject property occupied by Plaintiffs relating to mortgage loans obtained by Plaintiffs. BNY admits to the first two sentences of the paragraph, and is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

20. As to paragraph no. 13-4, BNY did not acquire an interest in Plaintiffs' loans or property through or pursuant to the aforedescribed Pooling and Service Agreement, and is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

21. As to paragraph no. 13-6, BNY denies that U.S. Bank claimed that it acquired interest for itself, but is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained

therein.

22. As to paragraph no. 13-8, BNY asserts that the Pooling and Service Agreement speaks for itself; admits that part of Section 2.01(a) is set forth in the paragraph; and is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

23. As to paragraph no. 14, BNY admits that U.S. Bank National Association is a national banking association; denies that it is a foreign corporation; and is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

24. As to paragraph no. 14-1, BNY admits that Derek Wong of RCO Hawaii, L.L.L.C., attorney for Creditor U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2 submitted a Proof of Claim in Case number 12-00079 in the U.S. Bankruptcy Court, District of Hawaii involving Melvin Keakaku Amina, Jr., which set forth an amount of $272,549.72. BNY admits that a copy of two pages of the Proof of Claim appear to be attached to Plaintiffs' Verified Second Amended Complaint as Exhibit "A." BNY is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

25. As to paragraph no. 15, BNY denies that Plaintiffs received a

loan from it, and is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

26. As to paragraph no. 16, BNY admits that it has not acquired an interest in Plaintiffs' property as the allegation is understood; denies that U.S. Bank, N.A. is not a trustee; and is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein because the remaining allegations are vague and ambiguous and not understood.

SECOND DEFENSE AS TO "FACTUAL ALLEGATIONS:"

27. BNY admits to the allegations contained in paragraphs no. 17, 35, and 36.

28. BNY denies the allegations contained in paragraphs no. 32-1, 33, 38, 39, 39-1, 39-2, 39-3, and 41-1.

29. BNY is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraphs no. 19, 20, 21, 34, 37-2, 40, and 42 to the extent the allegations are vague and ambiguous and not understood.

30. As to paragraph no. 18, BNY admits that Plaintiffs have been in possession of the "Homestead" as that term is understood in said paragraph, but is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

31. As to paragraph no. 31, BNY admits that the statements in quotations within the paragraph were part of a letter dated 3/2/11 from Larry Thode of Chase Home Lending that was mailed to Plaintiffs. BNY is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

32. As to paragraph no. 32, BNY denies that it made a claim through the 3/2/11 letter sent by Larry Thode of Chase Home Lending, and is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein to the extent the remaining allegations are vague and ambiguous and not understood.

33. As to paragraph no. 32-2, BNY admits that a letter dated 2/3/10 from Chase Home Finance LLC to Plaintiff Donna Mae Amina contained the words, "Acceleration Warning (Notice of Intent to Foreclose)" and "4. If you fail to cure the default within thirty-two (32) days from the date of this notice, Chase Home Finance LLC will accelerate the maturity of the Loan…declare all sums secured by the Mortgage immediately due and payable, and commence foreclosure proceedings, all without further notice to you," among other things. BNY also admits that Exhibit "A" to Plaintiffs' Verified Amended Complaint appeared to be a copy of that letter. BNY is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

34. As to paragraph no. 32-3, BNY denies that Chase Home Finance LLC was acting as agent for it when it sent the 2/3/10 letter; that it is really the one giving notice of intent to foreclose by mailing the 2/3/10 letter; and that it made a "claim" and sent the letter. BNY is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

35. As to paragraph no. 37, BNY admits there is are mortgages encumbering the "Homestead" or subject property, but is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein to the extent the remaining allegations are vague and ambiguous and not understood.

36. As to paragraph no. 37-1, BNY admits there are mortgages encumbering the "Homestead" or subject property, but is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein to the extent the remaining allegations are vague and ambiguous and not understood.

37. As to paragraph no. 41, BNY is of the understanding that Plaintiffs live in the "Homestead" or subject property; admits that Plaintiffs claim to be living in the "Homestead" or subject property; and is without sufficient knowledge and/or information to form a belief as to the truth of the remaining

allegation(s) contained therein.

SECOND DEFENSE AS TO "DAMAGES:"

    38.    BNY denies the allegations contained in paragraphs no. 43, 44, 46, and 46-1.

    39.    BNY is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraphs no. 45-1 to the extent the allegations are vague and ambiguous and not understood.

    40.    As to paragraph no. 45, BNY admits that Chase reported that account 7306 was 120+ days past due, but is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

SECOND DEFENSE AS TO FIRST CAUSE OF ACTION (Quiet Title):

    41.    BNY denies the allegations contained in paragraph no. 48 and 51

    42.    BNY is without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraphs no. 47 and 53 to the extent the allegations are vague and ambiguous and not understood.

    43.    As to paragraph no. 49, BNY admits that Plaintiffs owned the "Homestead" subject to the secured interests of another and/or others, who have an interest in the "Homestead;" and deny any and all other remaining allegations

contained therein.

44. As to paragraph no. 50, BNY denies that BNY made claims to the subject property, and admits that U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2 made a claim to the subject property. BNY refers to and incorporates by reference its answers/responses to paragraphs no. 2-6 and 31-33 with respect to the remaining allegations contained therein.

45. As to paragraph no. 52, BNY denies that it is the owner or holder of any promissory note encumbering the "Homestead" or subject property, but is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegation(s) contained therein.

46. As to paragraph no. 54, BNY denies that Plaintiffs are entitled to a judgment, order and decree in their favor and against Defendants, or any equitable relief in their favor and against the Defendants.

THIRD DEFENSE:

47. BNY asserts that Plaintiffs' claims are untimely and barred by the applicable statute of limitations.

FOURTH DEFENSE:

48. BNY asserts the doctrine of unclean hands as an affirmative defense.

FIFTH DEFENSE:

49. BNY asserts the failure of Plaintiffs to reasonably mitigate their damages, if any.

SIXTH DEFENSE:

50. BNY asserts estoppel and/or waiver as affirmative defenses.

SEVENTH DEFENSE:

51. BNY intends to rely on the terms and conditions of the subject notes and mortgages executed by Plaintiffs and relating to the subject loans.

EIGHTH DEFENSE:

52. BNY asserts the failure to name or add indispensable parties to this action.

NINTH DEFENSE:

53. BNY asserts comparative negligence as an affirmative defense.

TENTH DEFENSE:

54. BNY asserts insufficient or improper service of process.

ELEVENTH DEFENSE:

55. BNY asserts any and all affirmative defenses under and pursuant to Rule 8(c) of the Federal Rules of Civil Procedure.

WHEREFORE, BNY prays that the Second Amended Complaint be dismissed against it and that it has its costs and such other and further relief as this

Court deems just and proper.

        DATED:  Honolulu, Hawaii, November 2, 2012.

                       /s/ Jeffrey H. K. Sia
                       JEFFREY H. K. SIA
                       DIANE W. WONG
                       DAVID A. GRUEBNER
                       Attorneys for Defendant
                       THE BANK OF NEW YORK MELLON,
                       FKA THE BANK OF NEW YORK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2,<br><br>　　　　　Defendants.<br>_____ | CIVIL NO. CV 11-00714 JMS BMK<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

　　　The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served upon the following parties, either directly or through their attorneys as may be applicable, either by electronic court filing (ECF), hand delivery (HD) or by mailing said copy, postage prepaid, first class, in a United States post office at Honolulu, Hawaii (M), in the manner indicated below and on the date set forth below.

To:  DONNA MAE AMINA          (M)
    MELVIN KEAKAKU AMINA
    2304 Metcalf Street 2
    Honolulu, Hawaii  96822

    Plaintiffs *pro se*

DATED:  Honolulu, Hawaii, November 2, 2012.


      /s/ Jeffrey H. K. Sia
      JEFFREY H. K. SIA
      DIANE W. WONG
      DAVID A. GRUEBNER
      Attorneys for Defendant
      THE BANK OF NEW YORK MELLON,
      FKA THE BANK OF NEW YORK