AYABE, CHONG, NISHIMOTO,
  SIA & NAKAMURA, A Limited
  Liability Law Partnership

JEFFREY H. K. SIA          3029-0
DIANE W. WONG              2333-0
DAVID A. GRUEBNER          5799-0
1003 Bishop Street, Suite 2500
Honolulu, Hawaii 96813
Telephone No.: (808) 537-6119
jeffrey.sia@hawadvocate.com
diane.wong@hawadvocate.com
david.gruebner@hawadvocate.com

Attorneys for Defendants
THE BANK OF NEW YORK MELLON,
FKA THE BANK OF NEW YORK and
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR J.P. MORGAN
MORTGAGE ACQUISITION TRUST
2006-WMC2, ASSET BACKED
PASS-THROUGH CERTIFICATES,
SERIES 2006-WMC2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE, | ) ) ) | CIVIL NO. CV 11-00714 JMS BMK |
| | ) | DEFENDANT THE BANK OF NEW |
| | ) | YORK MELLON, FKA THE BANK |
| Plaintiffs, | ) | OF NEW YORK AND U.S. BANK |
| | ) | NATIONAL ASSOCIATION, AS |
| vs. | ) | TRUSTEE FOR J.P. MORGAN |
| | ) | MORTGAGE ACQUISITION TRUST |
| | ) | 2006-WMC2, ASSET BACKED |
| THE BANK OF NEW YORK | ) | PASS-THROUGH CERTIFICATES, |
| MELLON, FKA THE BANK OF | ) | SERIES 2006-WMC2'S |
| NEW YORK; U.S. BANK | ) | MEMORANDUM IN OPPOSITION |



| | |
|---|---|
| NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2, | ) ) ) ) ) ) |
| Defendants. | ) ) ) ) ) ) ) |

TO [#76] PLAINTIFFS' VERIFIED MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO [#67] BANK OF NEW YORK MELLON AND U.S. BANK NATIONAL ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF JEFFERY H. K. SIA; EXHIBITS "A-C;" CERTIFICATE OF SERVICE

[2010141JHKS/#583154]

DEFENDANT THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2'S MEMORANDUM IN OPPOSITION TO [#76] PLAINTIFFS' VERIFIED MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO [#67] BANK OF NEW YORK MELLON AND U.S. BANK NATIONAL <u>ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT</u>

## I.   INTRODUCTION

Defendants THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2 (hereinafter collectively referred to as "Defendants") hereby submit this Memorandum in opposition to [#76] Plaintiffs' Verified Motion for Extension of Time to File Opposition to [#67] Bank of New York Mellon and U.S. Bank National Association's Motion for Summary Judgment (hereinafter "Plaintiffs'

Second Motion"). This is the second time Plaintiffs have sought an extension to file their Opposition to [#67] Defendants' Motion for Summary Judgment (hereinafter "Defendants' Motion").

The Defendants oppose Plaintiffs' Second Motion on the grounds that 1) the requested extension (to 3/5/13) would effectively force a continuance of the hearing on Defendants Motion, which currently is set for 3/4/13, 2) Plaintiffs already were provided an extension to 2/19/13 within which to file their Opposition,[1] and 3) there is an insufficient basis for the requested extension (and thus, to continue the hearing on Defendants' Motion). Defendants' Motion was filed over two months ago (on 12/14/12), and with the prior granting of a requested extension, the Plaintiffs had sufficient time within which to file their Opposition. As part of the reasons for opposing Plaintiffs' Second Motion, the Defendants note to this Court certain significant inaccuracies in Plaintiffs' "verified" representations to the Court.

## II.   DISCUSSION AND ARGUMENT

### A.   Misrepresentations in Plaintiffs' Second Motion

In Plaintiffs' Second Motion, Plaintiffs certified that they conferred or attempted to confer with Defendants' counsel with the result that counsel "(X) Will

---

[1] *See* [#74] EO granting Plaintiffs' Motion for Extension of Time to File Opposition to Bank of New York Mellon and U.S. Bank National Association's Motion for Summary Judgment (EO entered on 1/30/13).

oppose." *See* Plaintiffs' Second Motion at 1.  Plaintiffs also declared under penalty of perjury that their written statements/representations within Plaintiffs' Second Motion were "true and correct." *Id.* at 4.

Plaintiffs, and specifically, Plaintiff Donna Amina ("Mrs. Amina"), did not disclose, state, or otherwise represent to Defendants' attorney that Plaintiffs wanted, sought, or were requesting an extension of time to file their opposition to Defendants' Motion. *See* Declaration of Jeffrey H. K. Sia, attached hereto.  Mrs. Amina first asked to continue the Status Conference that was scheduled for 4/5/13 because of a scheduling conflict, and offered some new dates based on her contact with the Court Clerk. *Id.*  Defendants' attorney agreed to continue the Status Conference to 4/8/13, which was one of the new dates mentioned by Mrs. Amina. *Id.*  Then, Mrs. Amina very specifically asked for and requested a continuance of the *hearing* on Defendants' Motion, which currently is set for 3/4/13. *Id.*  In response, Defendants' attorney said that he would not agree to continue the hearing. *Id.*  Mrs. Amina did not ask Defendants' attorney for an extension of time within which Plaintiffs could file their opposition to Defendants' Motion. *Id.*

Thus, it is inaccurate, and at a minimum, misleading to this Court for Plaintiffs to "certify" that they conferred with Defendants' attorney about an extension of time within which Plaintiffs can file their opposition to their Motion. The question (or a request) about extending the time for Plaintiffs to file their

opposition was not mentioned at all to Defendants' attorney.

Plaintiffs also declared under penalty of perjury the following:

- That the "certified deposition transcripts have not yet been received." *See* Plaintiffs' Second Motion, ¶6 at 2.

- That they "were not given an opportunity to contest the accuracy of the transcripts before they were certified." *Id.*, ¶7 at 2.

- That their request to correct the transcripts "is still pending." *Id.*

- That "[a]fter the transcripts are finalized, Plaintiffs intend to use them in their Opposition." *Id.*

The obvious inference from these declarations is that the deposition transcripts for some reason have not been completed or finished, which is causing a delay or problem for Plaintiffs to file their opposition to Defendants' Motion.

Contrary to Plaintiffs' declarations, their deposition transcripts were completed/finished; Plaintiffs were notified by the court reporting service of the completion and availability of their deposition transcripts for review *and* corrections; Plaintiffs **did review** their deposition transcripts; and Plaintiffs **made and submitted** corrections to their deposition transcripts. *See* Declaration of Jeffrey H. K. Sia, attached hereto; *see also* 1/16/13 letter from Powers & Associates to David Gruebner, Esq., attached hereto as Exhibit "A;" Correction page and signature sheet for Plaintiff Melvin Keakaku Amina ("Mr. Amina") dated 1/15/13, attached hereto as Exhibit "B;" and Correction page and signature sheet for Mrs. Amina dated 1/15/13, attached hereto as Exhibit "C."

Plaintiffs also cited and quoted [3] Order Setting Rule 16 Scheduling Conference, noting that a meeting of the parties had not occurred and "therefore, 'no formal discovery may be commenced.'" *See* Plaintiffs' Second Motion, ¶¶10-11 at 3.   However, Plaintiffs and Defendants' counsel have communicated since the filing of this lawsuit, including making arrangements for the taking of Plaintiffs' depositions and the rescheduling of those depositions. *See* Declaration of Jeffrey H. K. Sia, attached hereto.  Mrs. Amina has called Defendants' attorneys not only about the depositions, but as indicated herein, to discuss extending the time for the filing of Plaintiffs' opposition to Defendants' Motion and more recently (and relative to Plaintiffs' Second Motion), continuing the hearing on Defendants' Motion. *Id.*  Plaintiffs have not asked about, requested, announced, or otherwise discussed discovery they wanted to conduct in this case with Defendants' counsel. *Id.*   They have not been stopped or precluded from conducting discovery they feel is needed to oppose Defendants' Motion.

### B.     Misrepresentations in Plaintiffs' First Motion for an Extension

Plaintiffs previously filed a motion to extend the time to file their opposition to Defendants' Motion. *See* [#73] Plaintiffs' Verified Motion for Extension of Time to File Opposition to [#67] Bank of New York Mellon and U.S. Bank National Association's Motion for Summary Judgment (Verified Motion filed on 1/30/13) (hereinafter "Plaintiffs' First Motion").   Similar to Plaintiffs'

Second Motion, Plaintiffs made certain certified statements and declarations under penalty of perjury in Plaintiffs' First Motion. ***Id.***[2]

Because the Defendants were not opposed to Plaintiffs' requested extension to file their opposition by 2/18/13, and because this Court very promptly ruled on and granted Plaintiffs' First Motion by the afternoon of the day said Motion was filed, the Defendants did not submit a response or comments about Plaintiffs' First Motion. However, because of the inaccuracies and misrepresentations set forth in Plaintiffs' Second Motion (as noted herein), the Defendants feel compelled to note inaccuracies and misrepresentations made by Plaintiffs in their First Motion, especially to the extent a primary thrust of those inaccuracies and misrepresentations serve as a basis for Plaintiffs apparent attempt to continue the hearing on Defendants' Motion.

In Plaintiffs' First Motion, Plaintiffs certified that they "have conferred or attempted to confer with counsel for the Defendants with the following results:  (   ) Will oppose  (X) Will not oppose  (X) Did not return call." *See* Plaintiffs' First Motion at 1.  Plaintiffs' "certification" that Defendants' counsel "[d]id not return call" was false. *See* Declaration of Jeffrey H. K. Sia, attached hereto.  In fact, Defendants' attorney spoke with Mrs. Amina upon receiving her telephone call. ***Id.***

---

[2] Plaintiffs declared under penalty of perjury that the statements within Plaintiffs' First Motion were "true and correct." *See* Plaintiffs' First Motion at 3.

More significantly, in Plaintiffs' First Motion, Plaintiffs declared under penalty of perjury the following:

- That they "were not given an opportunity to contest the accuracy of the transcripts before they were certified." *See* Plaintiffs' First Motion, ¶5 at 2.

- That they submitted a request to correct the transcripts and "[t]hat request is still pending. *Id.*

- And, that "[a]fter the transcripts are finalized," they "intend to use them (i.e., the deposition transcripts) in their Opposition." *Id.*

As one can see, those declarations essentially were repeated by Plaintiffs in Plaintiffs' Second Motion. *See* Plaintiffs' Second Motion, ¶¶6-7 at 2. Yet, as noted herein, Plaintiffs' deposition transcripts were completed/finished and Plaintiffs not only were notified to read and review them, but they read them; made corrections to them; and signed them.   In signing his signature page to his deposition transcript, Mr. Amina certified

> that I have read the foregoing pages 1 through 35, inclusive, and corrections, if any, were noted by me and the same is now a true and correct transcript of my testimony.

*See* Correction sheet and signature page for Mr. Amina dated 1/15/13, attached hereto as Exhibit "B."   Similarly, Mrs. Amina signed her signature page to her deposition transcript, certifying

> that I have read the foregoing pages 1 through 64, inclusive, and corrections, if any, were noted by me and the same is now a true and correct transcript of my

8

testimony.

*See* Correction sheet and signature page for Mrs. Amina dated 1/15/13, attached hereto as Exhibit "C."

Significantly, Plaintiffs signed their deposition transcripts on 1/15/13, which was 15 days before they filed Plaintiffs' First Motion. Plaintiffs' having read, corrected, and signed their deposition transcripts, Plaintiffs' deposition transcripts were completed or "finalized" *before* Plaintiffs' First Motion, making Plaintiffs' declarations about "not (being) given an opportunity to contest the accuracy of the transcripts before they were certified" and their "pending" "request to correct the transcripts" untrue and false.

### C. Plaintiffs Do Not Have Good Cause

This Court is aware of the background to this action and Plaintiffs' companion case, ***Amina and Amina v. WMC Mortgage Corp., et. al.***, Civil No. 10-00165 JMS-KSC in the U.S. District Court, District of Hawaii (hereinafter "***WMC case***"). Both cases relate to two mortgage loans Plaintiffs obtained and then fell delinquent in their monthly mortgage payments with respect to those loans. Plaintiffs stopped making payments on these mortgage loans in 2008 or 2009 and have not made *any* payments in 2010-2012. *See* Deposition of Mrs. Amina taken on 11/23/12 at 48-49, 55 and Deposition of Mr. Amina taken on

11/23/12 at 29-30.[3]   The present case at bar is a "quiet title" action filed by Plaintiffs in their further attempt to stall and delay either any payments on their mortgage loans or a foreclosure proceeding.

Defendants' Motion has been pending since 12/14/12.  This Court initially set 2/4/13 as the date for Plaintiffs to file an opposition. *See* [#70] Entering Order ("Plaintiffs' Opposition is due by February 4, 2013.").  As noted herein, through Plaintiffs' First Motion, the deadline for Plaintiffs to file their Opposition was extended to 2/19/13.

A primary declared reason for Plaintiffs' second requested extension pertains to the status of their deposition transcripts.  Plaintiffs falsely claimed that their deposition transcripts essentially have not been completed and that they have not had an opportunity to make corrections – yet, as documented (by Exhibit "A-C," attached hereto), their deposition transcripts were done, reviewed, corrected, and signed by Plaintiffs.  They cannot use their false declarations as a basis to further extend the filing of their Opposition or to effectively continue the hearing on Defendants' Motion.

In addition, Plaintiffs' extremely vague reference about the need for discovery to establish questions of fact should not serve as a basis for either a

---

[3] Copies of the cited deposition pages were attached to [#68] Defendants' Separate and Concise Statement of Facts in Support of Defendants' Motion as Exhibits "D" and "E."

further extension or continuance of the hearing on Defendants' Motion.  First, Plaintiffs have not specified the facts or nature of the facts/information they anticipate discovering that would have any substantive bearing on Defendants' Motion.  Second, they have not been barred or otherwise prohibited from conducting discovery.

Plaintiffs have not initiated any discovery and/or contacted Defendants' counsel about conducting any discovery in this case. *See* Declaration of Jeffrey H. K. Sia, attached hereto.  A "meeting of the parties" may be conducted by telephone. *See* LR 26.1(d) of the Local Rules for the District Court of Hawaii. If Plaintiffs wanted to have a "meeting of the parties" to be able to conduct discovery, they could have done so.  Even after making the same assertion in Plaintiffs' First Motion, Plaintiffs did not initiate any discovery or request/hold a "meeting of the parties" to discuss their discovery needs/plans. *See* Declaration of Jeffrey H. K. Sia, attached hereto.

III.  **CONCLUSION**

From the Defendants' perspective, Plaintiffs' Second Motion is just another attempt by Plaintiffs to stall and delay this case, and ultimately, their having to make any payments on their mortgage loans or to face the legal consequences for not making payments years.  Reasons declared by Plaintiffs to support an extension are false and untrue, and therefore, Plaintiffs' Second Motion

should be denied.

DATED:  Honolulu, Hawaii, February 19, 2013.

/s/ Jeffrey H. K. Sia
JEFFREY H. K. SIA
DIANE W. WONG
DAVID A. GRUEBNER
Attorneys for Defendants
THE BANK OF NEW YORK MELLON,
FKA THE BANK OF NEW YORK and
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR J.P. MORGAN
MORTGAGE ACQUISITION TRUST
2006-WMC2, ASSET BACKED
PASS-THROUGH CERTIFICATES,
SERIES 2006-WMC2