IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE,<br><br>    Plaintiffs,<br><br>  vs.<br><br>THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2,<br><br>    Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  CIVIL NO. CV 11-00714 JMS BMK<br><br>DECLARATION OF JEFFREY H. K. SIA |

[2010141/#580535]

DECLARATION OF JEFFREY H. K. SIA

JEFFREY H. K. SIA, declares and states that:

1. I am an attorney licensed to practice law in all courts in the State of Hawaii, including the U.S. District Court for the District of Hawaii, and a partner of the law firm of Ayabe, Chong, Nishimoto, Sia & Nakamura, attorneys for Defendants THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR

J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2 (hereinafter collectively referred to as "Defendants").

2. I have personal knowledge of the information and matters set forth within this Declaration.

3. On 2/15/13, I received the Court's Notice of Electronic Filing of [#76] Plaintiffs' Verified Motion for Extension of Time to File Opposition to [#67] Bank of New York Mellon and U.S. Bank National Association's Motion for Summary Judgment (Plaintiffs' Verified Motion filed on 1/30/13) (hereinafter referred to as "Plaintiffs' Second Motion"). I then read Plaintiffs' Second Motion.

4. In Plaintiffs' Second Motion, Plaintiffs certified that they conferred or attempted to confer with Defendants' counsel with the result that counsel "(X) Will oppose." *See* Plaintiffs' Second Motion at 1. Plaintiffs also declared under penalty of perjury that their written statements/representations within Plaintiffs' Second Motion were "true and correct." *Id.* at 4.

5. Plaintiffs, and specifically, Plaintiff Donna Amina ("Mrs. Amina"), did not disclose, state, or otherwise represent to Defendants' counsel that Plaintiffs wanted, sought, or were requesting an extension of time to file their opposition to Defendants' Motion.

6. On Thursday, 2/14/13, I received a telephone call from Mrs.

Amina, who first asked to continue the Status Conference that was scheduled for 4/5/13 in this case because of a scheduling conflict. She then offered some new dates based on her contact with the Court Clerk. I agreed to continue the Status Conference to 4/8/13, which was one of the new dates mentioned by Mrs. Amina.

7. Then, Mrs. Amina very specifically asked for and requested a continuance of the *hearing* on [#67] Bank of New York Mellon and U.S. Bank National Association's Motion for Summary Judgment (hereinafter referred to as "Defendants' Motion"), which currently is set for 3/4/13. In response, I told Mrs. Amina that I would not agree to continue the hearing.

8. Mrs. Amina did not ask me for an extension of time within which Plaintiffs could file their opposition to Defendants' Motion. She also did not say she would file a motion to extend the time within which Plaintiffs could file their opposition to Defendants' Motion *and* request an extended filing date *after* the date of the currently scheduled 3/4/13 hearing for Defendants' Motion. Simply put, the question (or a request) about extending the time for Plaintiffs to file their opposition was not mentioned at all by Mrs. Amina. As such, it is inaccurate, and at a minimum, misleading to this Court for Plaintiffs to "certify" that they conferred with Defendants' attorney (e.g., me) about an extension of time within which Plaintiffs can file their opposition to their Motion.

9. In Plaintiffs' Second Motion, Plaintiffs declared under penalty

3

of perjury that the "certified deposition transcripts have not yet been received" (*see* Plaintiffs' Second Motion, ¶6 at 2); that they "were not given an opportunity to contest the accuracy of the transcripts before they were certified" (*see Id.*, ¶7 at 2); that their request to correct the transcripts "is still pending" (*see Id.*); and that "[a]fter the transcripts are finalized, Plaintiffs intend to use them in their Opposition (*see Id.*).

10. Contrary to Plaintiffs' declarations in Plaintiffs' Second Motion, Plaintiffs' deposition transcripts were completed/finished; Plaintiffs were notified by the court reporting service of the completion and availability of their deposition transcripts for review *and* corrections; Plaintiffs **did review** their deposition transcripts; Plaintiffs **made and submitted** corrections to their deposition transcripts; and Plaintiffs signed their depositions to certify that they read their respective deposition transcripts and that they were true and correct transcripts of their testimony (with the aforementioned corrections).

11. Attached hereto as Exhibit "A" is a true and correct copy of a 1/16/13 letter from Powers & Associates to David Gruebner, Esq. pertaining to Plaintiffs' correction pages and signature sheets to their deposition transcripts.

12. Attached hereto as Exhibit "B" are true and correct copies of the correction page and signature sheet for Plaintiff Melvin Keakaku Amina ("Mr. Amina") dated 1/15/13. The correction page and signature sheet by and from Mr.

Amina were part of the enclosures to the letter from Powers & Associates (Exhibit "A").

13. Attached hereto as Exhibit "C" are true and correct copies of the correction page and signature sheet for Mrs. Amina dated 1/15/13. The correction page and signature sheet by and from Mrs. Amina were part of the enclosures to the letter from Powers & Associates (Exhibit "A").

14. Plaintiffs signed their deposition transcripts on 1/15/13, which was 15 days before they filed [#73] Plaintiffs' Verified Motion for Extension of Time to File Opposition to [#67] Bank of New York Mellon and U.S. Bank National Association's Motion for Summary Judgment (said Motion filed on 1/30/13) (hereinafter referred to as "Plaintiffs' First Motion"). Having read, corrected, and signed their deposition transcripts, Plaintiffs' deposition transcripts were completed or "finalized" *before* Plaintiffs' First Motion, making Plaintiffs' declarations about "not (being) given an opportunity to contest the accuracy of the transcripts before they were certified" and their "pending" "request to correct the transcripts" untrue and false.

15. In Plaintiffs' First Motion, Plaintiffs made certain certified statements and declarations under penalty of perjury in Plaintiffs' First Motion. *See* Plaintiffs' First Motion.

16. Because the Defendants were not opposed to Plaintiffs'

requested extension to file their opposition by 2/18/13, and because this Court very promptly ruled on and granted Plaintiffs' First Motion by the afternoon of the day said Motion was filed, the Defendants did not submit a response or comments about Plaintiffs' First Motion. However, there were inaccuracies and misrepresentations (or false declarations) in Plaintiffs' First Motion and to the extent they also serve as a basis for Plaintiffs' apparent attempt (through Plaintiffs' Second Motion) to continue the hearing on Defendants' Motion, these inaccuracies and misrepresentations need to be exposed.

17. In Plaintiffs' First Motion, Plaintiffs certified that they "have conferred or attempted to confer with counsel for the Defendants with the following results: ( ) Will oppose (X) Will not oppose (X) Did not return call." *See* Plaintiffs' First Motion at 1. Plaintiffs' "certification" that Defendants' counsel "[d]id not return call" was false. In fact, I spoke to Mrs. Amina upon receiving her telephone call on 1/29/13, the day before the filing of Plaintiffs' First Motion.

18. When Mrs. Amina called on 1/29/13, she asked if I would consent or agree to a 14-day (i.e., 2 week) extension of time for Plaintiffs to file their opposition to Defendants' Motion. She explained that she had been in "D.C.," which was understood to mean Washington, D.C., to be at the "Inauguration," which was understood to mean the Presidential Inauguration, and

that Plaintiffs needed more time to file their opposition. I told her that I did not object to a 2 week continuance to 2/8/13 for the filing of Plaintiffs' opposition, provided the hearing date for Defendants' Motion was not changed (as a result of extending the due date for Plaintiffs' opposition).

19. In Plaintiffs' First Motion, the Plaintiffs similarly declared under penalty of perjury that they "were not given an opportunity to contest the accuracy of the transcripts before they were certified" (*See* Plaintiffs' First Motion, ¶5 at 2); that they submitted a request to correct the transcripts and "[t]hat request is still pending; (*see Id.*); and that "[a]fter the transcripts are finalized," they "intend to use them (i.e., the deposition transcripts) in their Opposition" (*see Id.*).

20. Yet, as noted herein, Plaintiffs' deposition transcripts were completed/finished and Plaintiffs not only were notified to read and review them, but they read them; made corrections to them; and signed them, certifying that they read their respective deposition transcripts and that they were true and correct transcripts of their testimony (with the aforementioned corrections). Furthermore, Plaintiffs read, reviewed, made corrections, and signed their deposition transcripts on 1/15/13, *before* the filing of Plaintiffs' First Motion. As such, Plaintiffs' declarations under penalty of perjury described above were false and simply not true.

21. Plaintiffs have not initiated any discovery and/or contacted

7

Case 1:11-cv-00714-JMS-BMK Document 78-1 Filed 02/19/13 Page 8 of 9 PageID #: 669


Defendants' counsel about conducting any discovery in this case.

        22.    Regarding a "meeting of the parties," Plaintiffs, through Mrs. Amina, and the Defendants, through me and my partner, David A. Gruebner, Esq., have been in contact with each other. As described herein, I have spoken to Mrs. Amina twice by telephone about her request to extend the time for the filing of Plaintiffs' opposition to Defendants' Motion and to continue the hearing on Defendants' Motion. In those telephone calls, Mrs. Amina did not request or discuss discovery Plaintiffs wanted to conduct in this case. She did not announce or otherwise give notice to me about discovery Plaintiffs were going or wanted to undertake in this case, whether specifically to oppose Defendants' Motion or for other purposes in the case.

        23.    Similarly, Mr. Gruebner spoke to Mrs. Amina by telephone more that once to schedule Plaintiffs' depositions and reschedule the depositions. He also took Plaintiffs' depositions on 11/23/12, and therefore, was in the same room with them during the course of their depositions. Plaintiffs did not request or discuss any discovery they wanted to conduct in this case with Mr. Gruebner.

        24.    To date, Plaintiffs have not initiated any discovery in this case and they have not asked for or requested a "meeting of the parties" to discuss their discovery needs or plans. The Defendants have not objected to or otherwise precluded Plaintiffs from conducting any discovery in this case.

DATED: Honolulu, Hawaii, February 19, 2013.

    /s/ Jeffrey H. K. Sia
JEFFREY H. K. SIA