IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MELVIN KEAKAKU AMINA and DONNA MAE AMINA, Husband and Wife, | ) ) ) ) | CIVIL NO.  11-00714 JMS/BMK |
| Plaintiffs, | ) ) ) | ORDER DENYING DEFENDANTS THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK AND U.S. BANK |
| vs. | ) ) | NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN |
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2 | ) ) ) ) ) ) ) ) ) | MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2'S MOTION FOR SUMMARY JUDGMENT |
| Defendants. | ) ) ) ) | |

**ORDER DENYING DEFENDANTS THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2'S MOTION FOR SUMMARY JUDGMENT**

## I.  INTRODUCTION

This is Plaintiffs Melvin Keakaku Amina and Donna Mae Amina's

("Plaintiffs") second action filed in this court concerning a mortgage transaction

and alleged subsequent threatened foreclosure of real property located at 2304

Metcalf Street #2, Honolulu, Hawaii 96822 (the "subject property").  Late in

Plaintiffs' first action, *Amina et al. v. WMC Mortgage Corp. et al.*, Civ. No. 10-

00165 JMS-KSC ("Plaintiffs' First Action"), Plaintiffs sought to substitute The

Bank of New York Mellon, FKA the Bank of New York ("BONY") on the basis

that one of the defendants' counsel asserted that BONY owned the mortgage

loans.  After the court denied Plaintiffs' motion to substitute, Plaintiffs brought

this action alleging a single claim to quiet title against BONY.  Plaintiffs have

since filed a Verified Second Amended Complaint ("SAC"), adding as a

Defendant U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage

Acquisition Trust 2006-WMC2, Asset Backed Pass-through Certificates, Series

2006-WMC2 ("U.S. Bank").  This quiet title claim against U.S. Bank and BONY

(collectively, "Defendants") is based on the assertion that Defendants have no

interest in the Plaintiffs' mortgage loan, yet have nonetheless sought to foreclose

on the subject property.

Currently before the court is Defendants' Motion for Summary

Judgment, arguing that Plaintiffs' quiet title claim fails because there is no genuine

issue of material fact that Plaintiffs' loan was sold into a public security managed

by BONY, and Plaintiffs cannot tender the loan proceeds.  Based on the following,

the court finds that because Defendants have not established that the mortgage

loans were sold into a public security involving Defendants, the court DENIES

Defendants' Motion for Summary Judgment.

## II.  BACKGROUND

**A.     Factual Background**

Plaintiffs own the subject property.  *See* Doc. No. 60, SAC ¶ 17.  On

February 24, 2006, Plaintiffs obtained two mortgage loans from WMC Mortgage

Corp. ("WMC") -- one for $880,000, and another for $220,000, both secured by

the subject property.  *See* Doc. Nos. 68-6 - 68-8, Defs.' Exs. E-G.[1]

In Plaintiffs' First Action, it was undisputed that WMC no longer

held the mortgage loans.  Defendants assert that the mortgage loans were sold into

a public security managed by BONY, and that Chase is the servicer of the loan and

is authorized by the security to handle any concerns on BONY's behalf.  *See* Doc.

No. 68, Defs.' Concise Statement of Facts ("CSF") ¶ 7.  Defendants further assert

that the Pooling and Service Agreement ("PSA") dated June 1, 2006 (of which

---

[1]  In their Opposition, Plaintiffs object to Defendants' exhibits on the basis that the sponsoring declarant lacks and/or fails to establish the basis of personal knowledge of the exhibits.  *See* Doc. No. 80, Pls.' Opp'n at 3-4.  Because Defendants have failed to carry their burden on summary judgment regardless of the admissibility of their exhibits, the court need not resolve these objections.

Plaintiffs also apparently dispute whether they signed the mortgage loans.  *See* Doc. No. 80, Pls.' Opp'n at 7-8.  This objection appears to be wholly frivolous -- Plaintiffs have previously admitted that they took out the mortgage loans.  The court need not, however, engage Plaintiffs' new assertions to determine the Motion for Summary Judgment.

Plaintiffs' mortgage loan is allegedly a part) grants Chase the authority to institute foreclosure proceedings. *Id.* ¶ 8.

In a February 3, 2010 letter, Chase informed Plaintiffs that they are in default on their mortgage and that failure to cure default will result in Chase commencing foreclosure proceedings. Doc. No. 68-13, Defs.' Ex. L. Plaintiffs also received a March 2, 2011 letter from Chase stating that the mortgage loan "was sold to a public security managed by [BONY] and may include a number of investors. As the servicer of your loan, Chase is authorized by the security to handle any related concerns on their behalf." Doc. No. 68-11, Defs.' Ex. J.

On October 19, 2012, Derek Wong of RCO Hawaii, L.L.L.C., attorney for U.S. Bank, submitted a proof of claim in case number 12-00079 in the U.S. Bankruptcy Court, District of Hawaii, involving Melvin Amina. Doc. No. 68-14, Defs.' Ex. M.

Plaintiffs stopped making payments on the mortgage loans in late 2008 or 2009, have not paid off the loans, and cannot tender all of the amounts due under the mortgage loans. *See* Doc. No. 68-5, Defs.' Ex. D at 48, 49, 55-60; Doc. No. 68-6, Defs.' Ex. E at 29-32.

///

///

### B.     Procedural Background

Plaintiffs filed this action against BONY on November 28, 2011,

filed their First Amended Complaint on June 5, 2012, and filed their SAC adding

U.S. Bank as a Defendant on October 19, 2012.

On December 13, 2012, Defendants filed their Motion for Summary

Judgment.  Plaintiffs filed an Opposition on February 28, 2013, and Defendants

filed a Reply on March 4, 2013.  A hearing was held on March 4, 2013.

At the March 4, 2013 hearing, the court raised the fact that

Defendants failed to present any evidence establishing ownership of the mortgage

loan.  Upon Defendants' request, the court granted Defendants additional time to

file a supplemental brief.[2]  On April 1, 2013, Defendants filed their supplemental

brief, stating that they were unable to gather evidence establishing ownership of

the mortgage loan within the time allotted.  Doc. No. 93.

### III.  STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(c).  The burden initially lies with the moving party to show that there

---

[2]  On March 22, 2013, Plaintiffs filed an "Objection to [87] Order Allowing Defendants to File Supplemental Brief for their Motion for Summary Judgment."  Doc. No. 90.  In light of Defendants' Supplemental Brief stating that they were unable to provide evidence at this time and this Order, the court DEEMS MOOT this Objection.

is no genuine issue of material fact.  *See Soremekun v. Thrifty Payless, Inc.*, 509

F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323).  If the moving

party carries its burden, the nonmoving party "must do more than simply show

that there is some metaphysical doubt as to the material facts [and] come forwards

with specific facts showing that there is a *genuine issue for trial*."  *Matsushita*

*Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and

internal quotation signals omitted).

　　　　"An issue is 'genuine' only if there is a sufficient evidentiary basis on

which a reasonable fact finder could find for the nonmoving party, and a dispute is

'material' only if it could affect the outcome of the suit under the governing law."

*In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986)).  When considering the evidence on a

motion for summary judgment, the court must draw all reasonable inferences on

behalf of the nonmoving party.  *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## IV.  DISCUSSION

　　　　As the court previously explained in its August 9, 2012 Order

Denying BONY's Motion to Dismiss Verified Amended Complaint, *see Amina v.*

*Bank of New York Mellon*, 2012 WL 3283513 (D. Haw. Aug. 9, 2012), a plaintiff

asserting a quiet title claim must establish his superior title by showing the

strength of his title as opposed to merely attacking the title of the defendant. This axiom applies in the numerous cases in which this court has dismissed quiet title claims that are based on allegations that a mortgagee cannot foreclose where it has not established that it holds the note, or because securitization of the mortgage loan was defective. In such cases, this court has held that to maintain a quiet title claim against a mortgagee, a borrower must establish his superior title by alleging an ability to tender the loan proceeds.[3]

This action differs from these other quiet title actions brought by mortgagors seeking to stave off foreclosure by the mortgagee. As alleged in Plaintiffs' pleadings, this is not a case where Plaintiffs assert that Defendants' mortgagee status is invalid (for example, because the mortgage loan was securitized, Defendants do not hold the note, or MERS lacked authority to assign the mortgage loans). *See id.* at *5. Rather, Plaintiffs assert that Defendants are not mortgagees whatsoever and that there is no record evidence of any assignment of the mortgage loan to Defendants.[4] *See* Doc. No. 58, SAC ¶¶ 1-4, 6, 13-1 - 13-

---

[3] *See, e.g.*, *Fed Nat'l Mortg. Ass'n v. Kamakau*, 2012 WL 622169, at *9 (D. Haw. Feb. 23, 2012); *Lindsey v. Meridias Cap., Inc.*, 2012 WL 488282, at *9 (D. Haw. Feb. 14, 2012); *Menashe v. Bank of N.Y.*, --- F. Supp. 2d ----, 2012 WL 397437, at *19 (D. Haw. Feb. 6, 2012); *Teaupa v. U.S. Nat'l Bank N.A.*, 836 F. Supp. 2d 1083, 1103 (D. Haw. 2011); *Abubo v. Bank of N.Y. Mellon*, 2011 WL 6011787, at *5 (D. Haw. Nov. 30, 2011); *Long v. Deutsche Bank Nat'l Tr. Co.*, 2011 WL 5079586, at *11 (D. Haw. Oct. 24, 2011).

[4] Although the SAC also includes some allegations asserting that the mortgage loan
(continued...)

3.

           In support of their Motion for Summary Judgment, Defendants assert

that Plaintiffs' mortgage loan was sold into a public security which is managed by

BONY and which U.S. Bank is the trustee.  To establish this fact, Defendants cite

to the March 2, 2011 letter from Chase to Plaintiffs asserting that "[y]our loan was

sold to a public security managed by The Bank of New York and may include a

number of investors.  As the servicer of your loan, Chase is authorized to handle

any related concerns on their behalf."  *See* Doc. No. 68-11, Defs.' Ex. J.

Defendants also present the PSA naming U.S. Bank as trustee.  *See* Doc. No. 68-

12, Defs.' Ex. J.  Contrary to Defendants' argument, the letter does not establish

that Plaintiffs' mortgage loan was sold into a public security, much less a public

security managed by BONY and for which U.S. Bank is the trustee.  Nor does the

PSA establish that it governs Plaintiffs' mortgage loans.  As a result, Defendants

have failed to carry their initial burden on summary judgment of showing that

---

    [4](...continued)
could not be part of the PSA given its closing date, Doc. No. 60, SAC ¶ 13-4, and that MERS
could not legally assign the mortgage loans, *id.* ¶ 13-9, the overall thrust of Plaintiffs' claims
appears to be that Defendants are not the mortgagees (as opposed to that Defendants' mortgagee
status is defective).  Indeed, Plaintiffs agreed with the court's characterization of their claim that
they are asserting that Defendants "have no more interest in this mortgage than some guy off the
street does."  *See* Doc. No. 88, Tr. at 9-10.  Because Defendants fail to establish a basis for their
right to foreclose, the court does not address the viability of Plaintiffs' claims if and when
Defendants establish mortgagee status.

there is no genuine issue of material fact that Defendants may foreclose on the subject property.  Indeed, Defendants admit as much in their Supplemental Brief -- they concede that they were unable to present evidence that Defendants have an interest in the mortgage loans by the supplemental briefing deadline.  *See* Doc. No. 93.

Defendants also argue that Plaintiffs' claim fails as to BONY because BONY never claimed an interest in the subject property on its own behalf.  Rather, the March 2, 2011 letter provides that BONY is only *managing* the security.  *See* Doc. No. 67-1, Defs.' Mot. at 21.  At this time, the court rejects this argument -- the March 2, 2011 letter does not identify who owns the public security into which the mortgage loan was allegedly sold, and BONY is the only entity identified as responsible for the public security.  As a result, Plaintiffs' quiet title claim against BONY is not unsubstantiated.

///

///

///

///

///

///

# V.  CONCLUSION

Based on the above, the court DENIES Defendants' Motion for

Summary Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 3, 2013.



  /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Amina et al. v. Bank of New York Mellon*, Civ. No. 11-00714 JMS/BMK, Order Denying Defendants the Bank of New York Mellon, FKA the Bank of New York and U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-through Certificates, Series 2006-WMC2's Motion for Summary Judgment