ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

JADE LYNNE CHING          5808
MELISSA M. UHL            9809
1001 Bishop Street, 18th Floor
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:    jlc@ahfi.com
           muhl@ahfi.com

Attorneys for Defendants
THE BANK OF NEW YORK MELLON, FKA
THE BANK OF NEW YORK and U.S. BANK
NATIONAL ASSOCIATION, AS TRUSTEE
FOR J.P. MORGAN MORTGAGE
ACQUISITION TRUST 2006-WMC2,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES 2006-WMC2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH | Case No. CV 11-00714 JMS BMK<br><br>DEFENDANTS THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2'S **MEMORANDUM IN OPPOSITION**<br><br>　　(*Caption continued on next page*) |

914694v1/9754-6

| | |
|---|---|
| CERTIFICATES, SERIES 2006-WMC2,<br><br>　　　　　　　　　Defendants. | TO PLAINTIFFS' VERIFIED MOTION TO REOPEN DISCOVERY AND THIRD MOTION FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE [Fed. R. Civ. P. 6(b)(1)], E-FILED OCTOBER 16, 2014; DECLARATION OF MELISSA M. UHL; EXHIBITS 1-8;CERTIFICATE OF SERVICE<br><br>Hearing:<br>Date:  November 7, 2014<br>Time:  10:30 a.m.<br>Judge:  Hon. Barry M. Kurren<br><br>Trial Date:  None<br>Judge:  Hon. J. Michael Seabright |

**DEFENDANTS THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' VERIFIED MOTION TO REOPEN DISCOVERY AND THIRD MOTION FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE [Fed. R. Civ. P. 6(b)(1)], E-FILED OCTOBER 16, 2014**

I.  **INTRODUCTION**

Defendants The Bank of New York Mellon, formerly known as The Bank of New York ("BONY") and U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2 ("U.S. Bank," together with BONY, "Defendants"), by and through their attorneys, Alston Hunt Floyd & Ing, hereby

submit their Memorandum in Opposition to *Plaintiffs' Verified Motion to Reopen Discovery and Third Motion for Extension of Dispositive Motion Deadline [Fed. R. Civ. P. 6(b)(1)]*, e-filed October 16, 2014 ("Motion").

## II. ARGUMENT

The Motion is a thinly disguised motion to compel or a poorly drafted request to amend this court's scheduling order.[1]  See Motion ¶¶ 8-11, 26-52.  The Motion should be denied because: (1) Plaintiffs did not comply with requirements of Local Rules 37.1(a) or (b) and do not meet the FRCP 37 standard for a motion to compel; (2) Plaintiffs fail to show good cause to modify the scheduling order; and (3) Plaintiffs do not meet the excusable neglect standard to justify extending the discovery or dispositive motions deadlines.

### A. Plaintiffs Did Not Confer With Defendants As Required Under Local Rule 37.1(a)

Plaintiffs did not confer with Defendants before filing the Motion. Declaration of Melissa M. Uhl ¶ 4.  Plaintiffs' inference on page 1 of the Motion that they attempted to confer with Defendants and Defendants have been unresponsive to Plaintiffs' communications is incorrect and misconstrues the communication.  On October 14, 2014, Plaintiffs sent an email *notifying*

---

[1] It does not appear that a Rule 16 Scheduling Order was issued however the court did issue dispositive motions and discovery deadlines in its orders on February 20, 2014 [Dkt No. 118], June 19, 2014 [Dkt. No. 124], and July 22, 2014 [Dkt. No. 129].

Defendants that they would be filing the Motion and inquired whether Defendants would oppose. On October 16, 2014, Defendants responded that they would. Exhibit 1. This does not meet the requirements of FRCP 37, Local Rule 37.1(a), or Local Rule 37.1(b).

### B. Plaintiffs Do Not Meet the Burden for a Motion to Compel

This is not Plaintiffs' first discovery motion. Plaintiffs previously filed a motion to compel – *Plaintiffs' Verified Motion to Compel Responses to First and Second Interrogatories From Both Defendants*, e-filed July 17, 2014 [Dkt. No. 126] ("Motion to Compel") – which was withdrawn only five days before the hearing "in preparation to file an amended motion to compel." Motion ¶ 7. Indeed, the Motion is a reincarnation of the Motion to Compel and still fails to meet the standards under Local Rule 37.1's requirement that Plaintiffs meet and confer with Defendants before moving to compel discovery. Likewise, Plaintiffs' do not meet their burden to bring a motion to compel under FRCP 37(a)(3)(B)(iii) because U.S. Bank has answered Plaintiffs' first and second requests for answers to interrogatories, as described in greater detail below.[2] U.S. Bank's Opposition [Dkt. No. 130] to Plaintiffs' Motion to Compel, and all the arguments therein, are hereby incorporated by reference.

---

[2] BONY is in the process of responding to Plaintiffs' First Request for Admission and First and Second Interrogatories.

<sub>Case 1:11-cv-00714-JMS-BMK Document 148 Filed 11/03/14 Page 5 of 15 PageID #: 1727</sub>

### 1. Defendants Provided Responses, Answers and Documents to Discovery Requests

Plaintiffs do not meet the requirements under FRCP 37(a)(3)(B)(iii). U.S. Bank responded to Plaintiffs' First RFI on February 14, 2014[3] and responded to Plaintiffs' Second RFI on July 11, 2014,[4] and advised Plaintiffs by reply email that the original verification page for the Second RFI would be sent separately as soon as it was received.[5] U.S. Bank mailed the original verification page for U.S. Bank's response to Plaintiffs' Second RFI on July 17, 2014.[6]

Over the course of this lawsuit, U.S. Bank has produced 2,911 pages of documents in response to Plaintiffs' First and Second Requests for Production of

---

[3] *Defendant U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2's Response to Plaintiffs' First Request of Interrogatories Directed to U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2, Dated January 10, 2014*, dated February 14, 2014.

[4] *Defendant U.S. Bank Notional Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2's Response to Plaintiffs' Second Request of Interrogatories Directed to U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2, Dated April 8, 2014*, dated July 11, 2014.

[5] Exhibit 2.

[6] *See* Transmittal Memo to Plaintiffs, dated July 17, 2014, containing original verification pages, attached as Exhibit 3.

<sub>914694v1/9754-6   4</sub>

Documents.  U.S. Bank also responded to Plaintiffs' 152 Requests for Admissions.  BONY has produced 1,724 pages of documents in response to Plaintiffs' First Request for Production of Documents.  Defendants have both actively participated in discovery and produced over 4,600 of pages of documents responsive to Plaintiffs' requests.[7]

Plaintiffs are simply wrong in their allegation that U.S. Bank has not provided any documents reflecting the date U.S. Bank acquired an interest in the First Note and First Mortgage.  Motion ¶ 28.  For example, the Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. as nominee for WMC Mortgage Corp., its successors and assigns to U.S. Bank, recorded in the Bureau of Conveyances, State of Hawai`i, as Document No. A-44770919 on April 4, 2012 was produced to Plaintiffs as USB02320–2322 on June 12, 2014, and attached again here for convenience.  Exhibit 4.   The blank endorsement from WMC is visible in the lower right corner of the First Note (USB02438-2441).  Exhibit 5.

Likewise, the Pooling and Servicing Agreement was produced as USB01999-2297 on June 12, 2014 with all Exhibits and the document Plaintiffs

---

[7] Plaintiffs have not responded to **any** discovery in this action.  Plaintiffs have neither responded to nor requested an extension to respond to U.S. Bank's (1) First Request for Interrogatories to Plaintiff Donna Mae Amina and (2) First Request for Production of Documents and Things to Plaintiffs, which were served on Plaintiffs on August 14, 2014.  Exhibit 6.

allege is missing, which is Schedule 1 – the Mortgage Loan Schedule. *Contra* Motion ¶ 31. The Mortgage Loan Schedule was produced as USB02357-2437 on June 12, 2014, and is attached again here. Exhibit 7; *Contra* Motion ¶ 31. The lines are redacted but for Plaintiffs' two mortgage loans which appear at page 1 (USB02357) and page 43 (USB02399) of the Mortgage Loan Schedule.

> **2. Plaintiffs' Are Engaging In A Fishing Expedition That Does Not Seek Information Germane To Their Claim For Quiet Title**

Plaintiffs' issue with the origin of the documents produced – whether by U.S. Bank or BONY is immaterial to their claim in this case. FRCP 36(a)(1) requires parties to produce documents in their possession, custody, or control. U.S. Bank, as Trustee, and BONY, as Securities Administrator for the J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2 trust (where Plaintiffs' mortgage loans were deposited) have access to the same documents related to the trust for the purposes of FRCP 36(a)(1). Furthermore, the origin of the documents is irrelevant to Plaintiffs' claim for quiet title.

Plaintiffs' allegation that U.S. Bank has not responded with verified responses to interrogatories is contradicted by their own account of the verification pages executed by JPMorgan Chase. Furthermore, contrary to Plaintiffs' statement, JPMorgan Chase Bank is authorized by a limited power of attorney which was

produced to Plaintiffs as USB02298-2319 on June 12, 2014 and attached here for convenience.  Exhibit 8 (see page USB02310 for the relevant trust).

Moreover, Plaintiffs' objections to the discovery responses of U.S. Bank related to verification pages on page 13 of the Motion nicely summarizes Plaintiffs' strategy.  First, Plaintiffs take much issue with the dates on the verification pages, the authority of the signatories, and the dates on the responses, and after long winded argument, state that "Even if the response to the Second Interrogatories had been verified, **it is still inadequate**."  Motion at ¶ 50 (emphasis added).  This sentiment reveals Plaintiffs' motive, which is to create controversy over minutiae while avoiding the very basic claim in this action.  Plaintiffs cannot continue to ignore the facts and evidence before them and in an attempt to evade their obligations to repay their debts under the Loans.

Plaintiffs' list of documents they would seek with more discovery further reveal that Plaintiffs are not searching for information relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence, FRCP 26(b)(1), but instead are trying to stave off the resolution of this action.

    **C.**    **Plaintiffs Fail to Show Good Cause to Modify the Scheduling Order**

Plaintiffs seek to extend the time limit to file dispositive motions set by this court's order on February 20, 2014 [Dkt No. 118], and modified by the

court's orders on June 19, 2014 [Dkt. No. 124], and July 22, 2014 [Dkt. No. 129]. Under FRCP 16(b)(4), a scheduling order may only be modified for good cause and with the court's consent. Plaintiffs have not shown good cause to extend the dispositive motions deadline or the discovery deadline.

### 1. Rule 16(b)'s 'Good Cause' Standard

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension' . . . the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing FRCP 16 advisory committee's notes (1983 amendment) and 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

> As the Ninth Circuit has held,
>
> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its standards may not be short-circuited.

*U.S. ex rel. Int'l Bus. Machines Corp. v. Hartford Fire Ins. Co.*, 112 F. Supp. 2d 1023, 1029 (D. Haw. 2000) (quoting *Johnson,* 975 F.2d at 610) (dismissing untimely counter motion for summary judgment filed over a month after the dispositive motions deadline had passed).

Even if the court finds diligence of the moving party, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." *Johnson*, 975 F.2d at 609.

### 2. Plaintiffs Do Not Demonstrate Diligence

Plaintiffs have not demonstrated why either the discovery or dispositive motions deadlines could not have reasonably been met despite "diligence." *Johnson,* 975 F.2d at 609. Plaintiffs' belated request to extend the discovery deadline on October 16, 2014 comes nearly one month after the deadline expired on September 18, 2014. Plaintiffs' excuse for why they did not file a motion to extend the deadline before its expiration shows carelessness not diligence. Plaintiffs concede that they thought they filed a motion to extend the discovery and dispositive motions deadlines by 30 days and were distracted by a trip to Japan on September 16, 2014. Motion ¶¶ 57-58. As the Ninth Circuit stated in *Johnson*, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson,* 975 F.2d at 609.

Furthermore, Plaintiffs' reason for wishing to modify the scheduling order is to conduct additional irrelevant discovery of "other documents referred to in the 2,198 pages of documents which Defendants have already provided." Motion ¶ 56.  Plaintiffs ignore Defendants' responses and the contents of the documents already produced by Defendants such as the assignment of mortgage to U.S. Bank and the Mortgage Loan Schedule to the Pooling and Servicing Agreement, as described in further detail above.  Plaintiffs have had Defendants' documents since on or around August, 9, 2013, November 11, 2013, June 12, 2014, and July 8, 2014.  Plaintiffs have not explained why they could not have requested the additional discovery prior to September 18, 2014.

Plaintiffs also waited until the eve of the dispositive motions deadline, which expired on October 20, 2014, to request an extension of the deadline. Plaintiffs have not provided any reason why the dispositive motions deadline could not have been met or how they have been diligent in trying to meet the deadline. Plaintiffs' lack of diligence is not consistent with a finding of "good cause."

Finally, Defendants would be prejudiced if the scheduling order is modified.  Plaintiffs are using excessive discovery as a delay tactic to avoid actually prosecuting their claim.  Plaintiffs are no stranger to dilatory conduct. This action was commenced in 2011 and Plaintiffs have done nothing to prosecute their claim and have been on the precipice of dismissal for lack of prosecution several times and close to sanctions [Dkt. Nos. 18, 23, and 79], however, this court

has been lenient and blessed Plaintiffs with patience. The Motion is yet another example of Plaintiffs' refusal to prosecute their claim and to fall under the protection of procedural extensions.

### D. Plaintiffs Fail to Demonstrate Excusable Neglect

Plaintiffs have not provided legitimate reasons to extend the discovery or dispositive motions deadlines. Plaintiffs have not provided legitimate reasons for why they missed these deadlines. And, Plaintiffs have not provided legitimate reasons for why they failed to ask for an extension of time before the deadlines expired. Plaintiffs are not novices to the judicial system. Plaintiffs have already filed two requests to extend the discovery and dispositive motions deadlines. [Dkt. Nos. 123 and 128]. Furthermore, Plaintiffs were clearly aware of the discovery and dispositive motions deadlines since they requested them.

Plaintiffs have not shown excusable neglect under FRCP 6(b)(1)(B). The Ninth Circuit applies the *Pioneer* test to determine whether a party's failure to meet a deadline constitutes excusable neglect under FRCP 6(b). *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n. 4 (9th Cir.1996). The court will consider: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The determination of "what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable

one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395; *see also Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009).

### 1. Plaintiffs Do Not Meet the *Pioneer* Test

First, Defendants will be prejudiced if the discovery deadline is extended because Plaintiffs are using discovery as a tool for harassment and not relevant fact investigation. Extending discovery will only cause further waste of resources.

Second, this is Plaintiffs' third attempt at extending the discovery and dispositive motions deadlines.[8] On the eve of the dispositive motions deadline, Plaintiffs filed the Motion for yet another extension of 150 days to March 15, 2014. Plaintiffs' filed this complaint almost **three years ago** on November 28, 2011. The original Rule 16 deadline for dispositive motions was set for June 20, 2014. Now, Plaintiffs seek to push the limit again out to March 15, 2014, almost 9 months past the court's original deadline. Defendants timely filed their Motion for Summary Judgment ("MSJ") on October 20, 2014 [Dkt. No. 140]. The MSJ will be given a hearing date on November 7, 2014 and Plaintiffs still have the opportunity to respond to the MSJ. Defendants believe that the MSJ will resolve

---

[8] Plaintiffs have already moved twice to extend the dispositive motions deadline for 90 days from June 20, 2014 to September 18, 2014 [Dkt. No. 123] and from September 18, 2014 to October 20, 2014 [Dkt. No. 128].

all issues in this action and therefore an extended dispositive motions deadline would be unnecessary. If the court is inclined to grant the Motion, it should at least wait until the outcome of the decision of Defendants' MSJ.

Third, pointing fingers at each other and preoccupation with international travels is not excusable neglect. Motion ¶¶ 57-58. The other parties in this action, and the court, should not be made captive to Plaintiffs' carelessness and travel schedule. Furthermore, as discussed above, Plaintiffs are not stranger to requesting extensions for deadlines and knew these deadlines were approaching.

Finally, Plaintiffs' reasons for re-opening discovery are illusory. Discovery is not needed to resolve this case or to show who "owns one or both loans." Motion ¶ 53. Plaintiffs admit that they entered into the loans and that the mortgages encumber their property. Who "owns" the loans is immaterial to Plaintiffs' claim for quiet title. Furthermore, Plaintiffs' other enumerated items provided as example of further discovery show that Plaintiffs are not seeking to prosecute their claim for quiet title, but instead are wasting time and resources by seeking random documents mentioned in the documents already produced – "More discovery is needed to obtain other documents referred to in the 2,198 pages of documents which Defendants have already produced[.]" Motion ¶ 56, 56(a)-(aa).

Plaintiffs do not meet the excusable neglect standard "taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

## III.  CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Motion be denied.

DATED: Honolulu, Hawai`i,   3 November 2014   .


      /s/ Melissa M. Uhl
JADE LYNNE CHING
MELISSA M. UHL
Attorneys for Defendants
THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2