Donna Mae Amina
Melvin Keakaku Amina
2304 Metcalf Street 2
Honolulu, HI 96822
(808) 941-0685

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 24 2014

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE, <br><br> Plaintiffs, <br><br> vs. <br><br> THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; <br><br> U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2. <br><br> Defendants. | Case No. 11-00714 JMS-BMK |

**PLAINTIFFS' OBJECTION TO [149] ORDER ON PLAINTIFFS' MOTION TO REOPEN DISCOVERY AND THIRD MOTION FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE**

Plaintiffs object to [149] Order on Plaintiffs' Motion to Reopen Discovery and Third Motion for Extension of Dispositive Motion Deadline.

PLAINTIFFS' OBJECTION TO [149] ORDER                                          1

Plaintiffs moved to reopen discovery; this motion was denied with one exception: AFTER Defendants' summary judgment motion is ruled on, if it is denied then the parties may meet and confer on discovery, and then if they haven't been able to work out a particular discovery issue, then Plaintiffs may arrange a discovery conference with the Court, which will then decide whether or not Defendants have some additional material (in their possession, custody or control) that can be provided to Plaintiffs.

Plaintiffs hereby object to the above, on the grounds that it puts the cart before the horse: Plaintiffs need the discovery materials to oppose Defendants' summary judgment motion, therefore Plaintiffs need the discovery BEFORE, not after, the Court's ruling on that motion, so that Plaintiffs may refer to the materials in their Response Brief. If Defendants' summary judgment motion is granted, but would not have been granted had Plaintiffs been allowed full discovery in the first place, then an injustice will have occurred and this injustice cannot be corrected because a ruling on summary judgments effectively ends a case and then the Court, following the above [149] plan, will not allow the discovery which would have prevented summary judgment; or in the alternative, Plaintiffs will be in the position of arguing after the fact that summary judgment should not have been granted because certain discovery was not had, and if the Court is persuaded, then the Court will have to re-rule on Defendants' motion for summary judgment—a duplication of effort and a waste of judicial resources. This re-ruling will presumably occur after Plaintiffs file some kind of motion, to re-visit summary judgment, and such a motion may not exist under the F.R.C.P.

Plaintiffs also moved to extend the dispositive motion deadline. That motion was denied as well. Plaintiffs object on the grounds that it is possible (and likely) that more discovery materials

will be provided as a result of the above steps, and then Plaintiffs will need to use those materials in their summary judgment motion.

Executed on: November 24, 2014

_____  _____
Donna Amina, Plaintiff Pro Se    Melvin Amina, Plaintiff Pro Se
2304 Metcalf Street              2304 Metcalf Street
Honolulu, HI  96822              Honolulu, HI  96822
(808) 941-0685                   (808) 941-0685

PLAINTIFFS' OBJECTION TO [149] ORDER

## CERTIFICATE OF SERVICE

On the date last written below, I served a true copy of the foregoing document upon the following parties in this action by First Class U. S. mail postage prepaid:

Defendant THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK
Defendant U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2
c/o Jade Lynne Ching
c/o Melissa Uhl
Alston Hunt Floyd & Ing
1001 Bishop Street, Suite 1800
Honolulu, HI  96813

Executed on: November 24, 2014          *[signature]*
                                        (signed by person mailing)