ORIGINAL

Donna Mae Amina
Melvin Keakaku Amina
2304 Metcalf Street 2
Honolulu, HI 96822
(808) 941-0685

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 08 2014

at ___ o'clock and 29 min. ___ P.M.
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE, <br><br> Plaintiffs, <br><br> vs. <br><br> THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; <br><br> U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2. <br><br> Defendants. | Case No. 11-00714 JMS-BMK <br><br><br><br><br><br><br><br><br><br><br><br> Trial Date: None <br> Judge: Hon. J. Michael Seabright |

**PLAINTIFFS DONNA AMINA AND MELVIN KEAKAKU AMINA'S MEMORANDUM IN RESPONSE IN OPPOSITION TO [140] DEFENDANTS THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT OF MOTION; CERTIFICATE OF SERVICE and [140-1] MEMORANDUM IN SUPPORT OF MOTION**

Pursuant to Local Rule 56.1, Plaintiffs Donna Amina and Melvin Keakaku Amina oppose [140] DEFENDANTS THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT OF MOTION; CERTIFICATE OF SERVICE ("Motion for Summary Judgment"), and [140-1] MEMORANDUM IN SUPPORT OF MOTION ("Memorandum").

As a threshold matter, the Assignment is inadmissible for summary judgment purposes, as it was not disclosed in the [97] Rule 26 Initial Disclosures by both Defendants (Exhibit A). The [142-4] Exhibit F does not bear any Bates numbers and was not disclosed or produced to Plaintiffs during the discovery period.

As a threshold matter, Amber Alegria is not a qualified witness for summary judgment purposes, as she is not named in the [97] Rule 26 Initial Disclosures by both Defendants (Exhibit A). That document names only "Representative(s) from The Bank of New York Mellon" and "Representative(s) from U.S. Bank National Association", and Amber Alegria is neither of these; instead, she is "Assistant Secretary for JPMorgan Chase Bank, N.A." [141-1] DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ("Defs' Decl"), ¶ 1. Neither is Amber Alegria named indirectly on the theory that JPMorgan is attorney-in-fact for USB, because no recorded power-of-attorney document has been introduced as evidence (please note that [141-2] Defs' Exhibit A is unrecorded). In addition, "Representative(s)" is not sufficiently specific to satisfy Rule 26. In addition, Rule 26(a)(C)(i) is not satisfied by the phrase "He/she is expected to

testify regarding the subject loan, the delinquencies of paments, and other liability and damages issues." Neither is Rule 26(a)(C)(ii) satisfied as there is no summary of the facts and opinions to which the witness(es) is/are expected to testify.

As a threshold matter, there are no exhibits "attached" to the Declaration of Amber Alegria.

As a threshold matter, the existence of the PSA does not prove that any particular Loan was transferred to the Trust, because it is unsigned and because the Loan Schedule is not included. Likewise, Amber Alegria's statement that the Loan was transferred does not prove that the Loan was in in fact transferred, because that statement is based solely on "[her] position at JPMorgan Chase, and [her] familiarity with the company's practices and procedures, and based upon [her] review and analysis of the relevant business records and other documents maintained by JPMorgan Chase referenced herein[, and her familiarity] with the systems of record that JPMorgan Chase uses to create and record information related to the residential mortgage loans that they service or serviced."

As a threshold matter, the elements of the "business records exception" are not all established.


### *THE DECLARATION IN SUPPORT IS INADMISSIBLE*

The [141-1] DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was signed by Amber Alegria as Assistant Secretary of JPMorgan Chase Bank, N.A., as attorney in fact for U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2.

MEMORANDUM IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

However, no Attorney-in-Fact document is attached to that Declaration. Defendant's document [141-4] LIMITED POWER OF ATTORNEY does not bear a recording number and presumably has never been recorded and therefore has no effect.

### *THE QUIET TITLE CLAIM IS NOT IDENTICAL TO THE FIRST LAWSUIT*

The Memorandum states on page 3:

> The sole claim in this lawsuit for quiet title is identical to the quiet title claim already brought in the First Lawsuit. See, e.g., CSF ¶ 8, pages 22-24.[1]

However, the defendants and the claims are different. The defendants in the First Lawsuit were Chase Home Finance LLC, Chase Home Finance, Inc., General Electric Company, Merscorp Inc., Mortgage Electronic Registration Systems, Inc., Unknown Owners of the Evidence of The Debt and/or Owners of the Note, and WMC Mortgage Corp. The (deficient) Quiet Title claim was asserted against all those defendants except GE and was based on the following allegations (see [87] Second Amended Complaint in the First Lawsuit):

> 152.        WMC and GE made a claim to the Property via a mortgage in the county records which names WMC as the lender.
> 153.        MERSCORP and MERS made a claim to the Property via a mortgage in the county records which names MERS as the mortgagee.
> 154.        CHASE HOME FINANCE LLC / CHASE HOME FINANCE, INC. made a claim to the Property via a statement by LCS in its letter dated March 25, 2010 that "CHASE" owned the Second Loan.

The Court ruled that no quiet title claim was before the court at all:

> Plaintiffs, however, have not alleged sufficient facts regarding interests of various parties to make out a cognizable claim for "quiet title." Plaintiffs have merely alleged elements of § 669-1, and thus the Count fails to state a claim as to all Defendants.

See page 18 of [86] Order from the First Lawsuit.

MEMORANDUM IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

The defendants in the Second Lawsuit are BNY and USB. The Quiet Title claim is based on the Thode Letter allegedly mailed by BNY's agent, the absence of certain recorded Assignments of Deed of Trust, and the "Acceleration Warning (Notice of Intent to Foreclose)" allegedly mailed by BNY's agent.

Thus, the facts alleged to support the Quiet Title claim in the Second Lawsuit are utterly different from the facts alleged to support the Quiet Title claim in the First Lawsuit.


### THERE IS NO PRIVITY BETWEEN THE PARTIES

On page 7 of the Memorandum, USB cites In re Dowsett Trust, 7 Haw. App. 640, 646, 791 P.2d 398, 402 (1990) for the proposition that under Hawai'i law, the "concept of privity has moved from the conventional and narrowly defined meaning of 'mutual or successive relationship[s] to the same rights of property' to 'merely a word used to say that the relationship between one who is a party of record and another is close enough to include that other within res judicata.'"

However, this is circular reasoning, or a circular definition: in order to determine whether a party is close enough to be included within res judicata, we look to whether the parties are in privity; and the Dowsett court merely tells us that they are in privity if they are close enough. There are no facts or criteria to guide our inquiry.


### U.S. BANK IS NOT IN PRIVITY WITH WMC MORTGAGE CORP. AS ASSIGNEE

Page 7 of the Memorandum states:

First, U.S. Bank is in privity with WMC Mortgage Corp. as assignee and successor in interest for the First Mortgage.

---

[1] It is entirely unclear what "pages 22-24" means; the CSF only has 6 pages, and the Memorandum only has 22 pages.

MEMORANDUM IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

However, there has been no assignment from WMC Mortgage Corp. in the county property records. VERIFIED SECOND AMENDED COMPLAINT ("SAC"), paragraphs 1-3, 4-3, 34, 40. Defendants have presented the Court with a copy of a purported Assignment ([142-4] Exhibit F), however there are some problems with that Assignment.

The assignment from MERS "as nominee" for WMC Mortgage Corp. is dated 3/22/2012. The Second Lawsuit was filed on November 28, 2011. Thus, at the time of the filing of the Second Lawsuit, US Bank had no interest and was not a privy.

In addition, the assignment from MERS "as nominee" for WMC Mortgage Corp. is invalid for the following reasons, set forth in PLAINTIFF'S SEPARATE AND CONCISE STATEMENT OF FACTS IN OPPOSITION TO [141] DEFENDANTS THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2'S CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS [140] MOTION FOR SUMMARY JUDGMENT ("Amina SCSF"):

1. WMC Mortgage Corp. did not exist on 3/22/2012.  Amina SCSF No. 22.

2. MERS is not in good standing in Hawaii.  Amina SCSF No. 230

3. WMC MORTGAGE, LLC has never been registered to do business in Hawaii.  Amina SCSF No. 24.

4. The signers of the Assignment, LeShonda Anderson and Tina Richard, were Signing Officers for JP Morgan Chase Bank NA as of December 9, 2011  Amina SCSF No. 25.

6

MEMORANDUM IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

5. Tina Richard signed another Assignment as Vice President of MERS as nominee for Residential Mortgage Services on 3/22/2012, the exact same date as the instant Assignment. Amina SCSF No. 26.

6. A few days later, on 3/31/2012, Tina Richard signed another assignment as Vice President of MERS as nominee for DeSoto Home Mortgage LLC  Amina SCSF No. 27.

7. The address "700 Kansas Lane, MC 8000, MONROE, LA" (the address of US Bank in the Assignment) is the address of JPMorgan Chase Bank, N.A.  Amina SCSF No. 28.

8. WMC MORTGAGE, LLC is not a member of MERS.     Amina SCSF No. 29.

9. The PSA established a "closing date" of June 28, 2006 and a "cut-off date" of June 1, 2006. The Assignment, dated 3/22/2012, was after both those dates.  Amina SCSF No. 30.

10. The Assignment was not findable in the county records under the name Amina or the property address.  Amina SCSF No. 31.

11. The Assignment was not disclosed in the [97] Rule 26 Initial Disclosures by both Defendants. The [142-4] Exhibit F does not bear any Bates numbers and was not disclosed or produced to Plaintiffs during the discovery period.  Amina SCSF No. 32.

12. The Note was not delivered to US Bank.  Amina SCSF No. 33.

13. There was no "true sale" of the [First] Loan to the J.P. Morgan Mortgage Acquisition Trust 2006-WMC2.  Amina SCSF No. 34.

14. There was in fact no "good and valuable consideration" as mentioned in the Assignment. Amina SCSF No. 35.

15. The nominee/agency relationship between MERS and WMC Mortgage Corp. does not include assignment.  Amina SCSF No. 36.

16. The notary did not witness the signing.  Amina SCSF No. 37.

17. The signers LeShonda Anderson and Tina Richard were not officers of WMC Mortgage Corp.  Amina SCSF No. 38.

18. The signers LeShonda Anderson and Tina Richard are "officers" of MERS in name only, with no powers beyond signing Assignments.  Amina SCSF No. 39.

19. MERS never had a board meeting and never adopted the MERS policies and procedures that permitted certifying officers.   Amina SCSF No. 40.

20. Plaintiffs Melvin Keakaku Amina and Donna Mae Amina (collectively "Plaintiffs") are the owners of the property at 2304 Metcalf Street 2, Honolulu, Hawaii ("Subject Property").  Amina SCSF No. 41.

21. Plaintiffs dispute signing note and mortgage documents in 2006 regarding the subject property   Amina SCSF No. 42.

22. Balloon Note, under "Borrower - Melvin Keakaku Amina" only looks like Melvin Amina's signature  Amina SCSF No. 43.

23. There is no evidence in the record that either of the Subject Loans has been assigned to a Loan Pool belonging to either US Bank or BNY.  Amina SCSF No. 44.


Plaintiffs still need discovery to prove several of these facts; Plaintiffs therefore object to the Court's order that discovery should be reopened only if summary judgment fails—a chicken-and-egg situation. There is probable cause to believe that the assignment is forged because the assignment was prepared by Erika Lance of NTC (Nationwide Title Clearing) in Florida, which is

MEMORANDUM IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

notorious for creating forged real property title documents (commonly known as "ta-da" assignments) and which is under investigation in California and Illinois for robo-signing and fraud.

### *ASSIGNING A MORTGAGE IS "TRANSACTING BUSINESS"*

Hawaii Statutes §414-431 states:

> Authority to transact business required. (a) A foreign corporation may not transact business in this State until it obtains a certificate of authority from the department director.
> (b) The following activities, among others, do not constitute transacting business within the meaning of subsection (a):
> …
> (7) Creating as borrower or lender, or acquiring, as borrower or lender, indebtedness, mortgages, and security interests in real or personal property;
> (8) Securing or collecting debts or enforcing mortgages and security interests in property securing the debts;
> …
> (c) The list of activities in subsection (b) is not exhaustive. [L 2000, c 244, pt of §1]

This statute mentions "creating" and "acquiring" and "securing" and "collecting" but does not mention "assigning." Subsection (c) is void for vagueness. As to subsection (b)(11), it cannot be true that all business transacted by a foreign corporation constitutes interstate commerce, or the entire statute would be redundant. In addition, an unregistered corporation cannot maintain a lawsuit.

### *BECAUSE WMC AND MERS COULD NOT LEGALLY DO BUSINESS, THEIR DOCUMENTS ARE VOID*

Because WMC Mortgage Corp. could not legally do business on the closing date, the Note and Mortgage are void; and because MERS could not legally do business on the date of the Assignment, the Assignment is void. See <u>Bank of America vs. Linda Nash</u>, CASE NO. 59-

9

MEMORANDUM IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

2011-CA-004389 IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL

CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA:

> 9. The Court finds that:
>
> ...
>
> **b.) The Note and Mortgage are void because the alleged Lender, America's Wholesale Lender, stated to be a New York Corporation, was not in fact incorporated** in the year 2005 or subsequently, at any time, by either Countrywide Home Loans, or Bank of America, or any of their related corporate entities or agents.
>
> **c.) America's Wholesale Lender**, stated to be a corporation under the laws of New York, the alleged Lender in this case, **was not licensed as a mortgage lender** in Florida in the year 2005, or thereafter, **and the alleged mortgage loan is therefore, invalid and void.**
>
> **d.) America's Wholesale Lender**, stated to be a New York Corporation, **did not have authority to do business in Florida** under Florida Statute 607.1506 and **the alleged mortgage loan is therefore invalid and void.**
>
> e.) Plaintiff and its predecessors in interest had no right to receive payment on the mortgage loan because the loan was invalid and therefore void because the corporate mortgagee named therein, was non-existent, and no valid mortgage loan was ever held by Plaintiff or its predecessors in interest.
>
> f.) **The alleged Assignment of Mortgage** which purported to transfer interest in this mortgage to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP, as assignee, was invalid because Mortgage Electronic Registrations Systems, Inc. (MERS), as nominee for America's Wholesale Lender had no authority to assign the ownership interest of said mortgage, because **MERS was not the owner of the subject mortgage and was only a nominee for America's Wholesale Lender**, an alleged New York Corporation which was a non-existent Corporation. Said purported assignment was without authority, and therefore invalid.
>
> 10. Based upon the foregoing, the Plaintiff, Bank of America, NA, has no standing to bring this action. The Plaintiff has **no legal right to attempt to claim ownership of the subject Note and Mortgage, or any right as servicer**, for some other unknown entity, and is without any legal basis to attempt to foreclose the subject Mortgage, or to collect on the Mortgage Note, because America's Wholesale Lender, a New York Corporation, did not exist in 2005, and was never formed as a Corporation by Plaintiff or its predecessors in interest. The collection of mortgage payments by the Plaintiff and its predecessors in interest, was therefore illegal and they were without any legal right to receive and use or disburse the funds therefrom on behalf of any owner of the Note and Mortgage, or any other party.
>
> 11. Defendant is therefore entitled to recover from Plaintiff, all funds reflected on Plaintiffs Exhibit 4 which Plaintiffs witness testified reflected the payment history of monies paid by Defendant to Plaintiff or its predecessors in interest, because the subject note and mortgage were invalid because the alleged

mortgage lender did not exist and did not have the legal right to receive and retain
or disburse said funds.

### U.S. BANK CANNOT CLAIM AN INTEREST IN THE PROPERTY THROUGH PRIVITY WITH SERVICER CHASE HOME FINANCE LLC

The Memorandum states on page 8:

Second, U.S. Bank is in privity with Chase Home Finance LLC, the servicer of the
loans.

However, Chase Home Finance LLC never made a claim to the property. Thus, even if US Bank is

in privity with Chase Home Finance LLC, that fact has no consequence.

### U.S. BANK IS NOT IN PRIVITY WITH "UNKNOWN OWNERS"

On page 8 of the Memorandum, USB states:

Third, U.S. Bank is in privity with "Unknown Owners of the Evidence of the Debt
and/or Owners of the Note." CSF ¶ 8. The loans were transferred to U.S. Bank in
June, 2006, prior to the First Lawsuit. CSF ¶¶ 5, 6. Therefore, U.S. Bank falls into
the category of "Unknown Owners of the Evidence of the Debt and[] Owners of the
Note" in the First Lawsuit.

However, the First Loan was not in fact transferred to U.S. Bank in June, 2006 (nor at any other

time), as shown by Defendants' own Assignment. ([142-4] Exhibit F) which is dated 3/22/2012--

after the June 28, 2006 "closing date" and the June 1, 2006 "cut-off date" of the PSA.

In addition, Unknown Owners were not served and did not come forward and did not

appear or defend.

### THE CLAIMS ARE NOT IDENTICAL; THE NEW QUIET TITLE CLAIM WAS NOT LITIGATED IN THE FIRST LAWSUIT

The Memorandum states on page 5:

The bar works for claims and issues that were actually litigated in the first action, and also claims and issues which could have been litigated and decided in the first action, but were not.

The Memorandum states on pages 9-10:

The Aminas brought a claim for quiet title to the Property as their Second Cause of Action in the First Lawsuit. ... Res judicata applies and bars the Second Lawsuit.

However, the Quiet Title claim against USB in this Second Lawsuit could not have been litigated in the First Lawsuit, because the Proof of Claim was filed on 2/22/2012 (and never served on Melvin Amina), and the First Lawsuit was terminated two days later, on 2/24/2012, with the Court's adoption of [152] Findings and Recommendations dated 1/30/2012; the only legitimate matters for the First Lawsuit are the ones that existed at the date of filing of the First Lawsuit, which was 3/22/2010. Plaintiffs were never served with the Proof of Claim, did not have actual notice until long afterward, and arguably did not receive legal notice until three days mailing after it was filed, or 2/25/2012, which was after the First Lawsuit was terminated.


## THE SECOND LAWSUIT DOES NOT SEEK AN ADVISORY OPINION

The Memorandum states on page 10:

The Aminas admit that they executed loan documents and that they have not satisfied their debt under the Mortgage ... Plaintiffs' alleged lack of knowledge of the "true mortgagee" is not a basis to quiet title. There is no adverse claimant to the Property against which to bring a quiet title action against.

However, there is a cloud on Plaintiffs' title in the form of the (apparently recorded but incorrectly indexed) Assignment ([142-4] Exhibit F) which is dated 3/22/2012--after the June 28, 2006 "closing date" and the June 1, 2006 "cut-off date" of the PSA, and thus cannot be valid.

12

MEMORANDUM IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

## *THE NEW QUIET TITLE CLAIM COULD NOT HAVE BEEN LITIGATED IN THE FIRST LAWSUIT*

The new Quiet Title claim in this Second Lawsuit could not have been litigated in the First Lawsuit, as evidenced by [144] Link in the First Lawsuit, filed & entered 1/17/2012, which states:

> Docket Text: re [142] On January 12, 2012, Plaintiffs filed a Motion to Consolidate. Pursuant to the Amended Rule 16 Scheduling Order issued on June 20, 2011, the deadline for filing nondispositive motions expired on November 30, 2011. Plaintiffs have not sought relief from the foregoing deadline, nor does it appear that they could establish good cause for doing so. Trial is scheduled for February 28, 2012, and this Court is holding the Final Pretrial Conference on January 17, 2012. At this late stage in the litigation, consolidation would disrupt the Court's calendar and it would not promote judicial economy. The case that Plaintiffs seek to consolidate with this action, Civil No. 11-00714 JMS-BMK, is in its earliest stages, having only been filed on November 28, 2011. For these reasons, the Court HEREBY DENIES the Motion. (JUDGE KEVIN S.C. CHANG)(sna, )

If it was too late on 1/17/2012 to consolidate the Second Lawsuit (including its Quiet Title claim against BNY and US Bank based on the Proof of Claim) with the First Lawsuit, then it was also too late to amend the First Lawsuit's complaint to include those new parties and that new fact.

## *NO QUIET TITLE CLAIM WAS MADE IN THE FIRST LAWSUIT*

The Quiet Title claim in the First Lawsuit was not decided on the merits; instead, the Court ruled that no quiet title claim was before the court at all:

> Plaintiffs, however, have not alleged sufficient facts regarding interests of various parties to make out a cognizable claim for "quiet title." Plaintiffs have merely alleged elements of § 669-1, and thus the Count fails to state a claim as to all Defendants. ... Further, as to WMC and GE, the pleadings make clear that WMC and GE no longer have any claim to the subject property such that this claim cannot stand against them. ... As to LCS, Plaintiffs acknowledge that LCS is only a servicer, or debt collector, on the second mortgage, ... and LCS has also denied any interest in the subject property. ... Given these allegations and admissions, granting leave to amend this claim as to WMC, GE or LCS would be futile. Plaintiffs are

MEMORANDUM IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

granted leave to amend as to Defendants other than WMC, GE, and LCS (i.e., MERS entities and Chase entities).

Page 18 of Case 165 [86] ORDER (1) GRANTING DEFENDANTS WMC MORTGAGE LLC

AND GENERAL ELECTRIC COMPANY'S MOTION FOR JUDGMENT ON THE

PLEADINGS, DOC. NO. 64; AND (2) GRANTING IN PART AND DENYING IN PART

DEFENDANT LCS FINANCIAL SERVICES CORPORATION'S MOTION FOR SUMMARY

JUDGMENT, DOC. NO. 57


**_THE QUIET TITLE CLAIM IN THE FIRST LAWSUIT WAS DISMISSED WITHOUT_**

**_PREJUDICE_**

The Quiet Title count in the First Lawsuit was dismissed without prejudice:

2. Count II for quiet title is dismissed, with leave for Plaintiffs to state a claim against MERS entities and Chase entities only;

Id., page 40.

This point is supported by the transcript of the [32] TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE J. MICHAEL SEABRIGHT UNITED STATES DISTRICT

COURT JUDGE, page 8 (PageID # 148):

21      THE COURT: So I'm going to dismiss this case; all
22      right? It will be without prejudice to you refiling, if you
23      can establish some adverse claim. I don't think you can do
24      that at this point in time based on what you're telling me.

The resulting [36] ORDER (1) STRIKING PLAINTIFFS' "VERIFIED AMENDED

COMPLAINT" AND MOTION FOR LEAVE TO AMEND COMPLAINT; AND (2)

GRANTING LEAVE TO AMEND TO FILE AMENDED COMPLAINT CONSISTENT WITH

THE APRIL 26, 2012 ORDER states on page 3:

MEMORANDUM IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

> Plaintiffs may file an Amended Complaint asserting a quiet title claim against BONYM by June 5, 2012.

Plaintiffs therefore filed their [38] VERIFIED AMENDED COMPLAINT asserting Quiet TItle against BNY on the grounds that BNY made a claim on the property by causing its agent JPM to mail a letter from its agent Chase Home Finance LLC, dated February 3, 2010 titled: "Acceleration Warning (Notice of Intent to Foreclose)."

On 10-19-12, Plaintiffs filed their [60] Verified Second Amended Complaint, adding US Bank as a party and asserting Quiet Title against US Bank, on the grounds that US Bank's attorney filed a [4-1] Proof of Claim in Melvin Keakaku Amina's bankruptcy case #12-00079, thus claiming an interest in the property. [footnote] US Bank now claims two loans "7306" (MIN 100136300114610198, WMC Loan No. 11461019, Chase No. 002917306 or 22917306) and "7314" (MIN 100136300114610289, WMC Loan No. 11461028, Chase No. 002917314 or 22917314) encumbering the Homestead. Bank of New York Mellon (BONYM) still claims loan "7306", however BONYM has not filed a Proof of Claim.


### *U.S. BANK IS NOT THE MORTGAGEE OF THE FIRST MORTGAGE*

US Bank cites Deutsche Bank Trust Co. v. Beesley, Civ No. 12-00067 SOM/KSC, 2012 WL 5383555 (D. Haw. Oct. 30, 2012) for the proposition that "the court requires a lender to establish that it is the holder of the note and mortgage it seeks to foreclose." However, Westlaw is not available to the public, this is not a published case, and US Bank has not provided a copy. This may be a moot point because the principle of the quoted part is correct: the mortgage follows the note. See, for example, the 1872 U.S. Supreme Court case of Carpenter v. Longan, 83 US. 271,

274: "...the note and mortgage are inseparable..., the assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity".

However, U.S. Bank has not established that the First Loan was transferred to it as trustee of the J.P. Morgan Mortgage Acquisition Trust 2006–WMC2, Asset Backed Pass-through Certificates, Series 2006–WMC2 trust. The supposed proof is found at CSF ¶¶ 5, 6, 7:

> "5. Around June, 2006, the Loans were transferred to J.P. Morgan Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2 trust, pursuant to the Pooling and Servicing Agreement, dated June 1, 2006 ("PSA").
> Decl., ¶ 5; Exhibit "D" at Article II, Section 2.01

> "6. The First Mortgage and Second Mortgage are listed in the Mortgage Loan Schedule at pages 1 and 43.
> Decl., ¶ 6; Exhibit "E"

> "7. An assignment of the First Mortgage from WMC Mortgage Corp. to U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2 was recorded in the Bureau as Document No. A-44770919.
> Decl., ¶ 7; Exhibit "F"

However, there are problems with all three of these assertions.

The problems with the qualifications of Amber Alegria, the author of Defendant's Declaration, are discussed above, as are the problems with the Assignment.

Defendant's Exhibit "E" cannot be the Mortgage Loan Schedule, because it does not fit the definition. Page 23 of the PSA ([142-2] Exhibit "D", PageID #1195, USB02026) defines "Mortgage Loan Schedule" to

> … set forth the following information with respect to each Mortgage Loan:
> (i) the Mortgagor's name and the Originator's Mortgage Loan identifying number;
> (ii) the street address of the Mortgaged Property including the state and zip code;
> …

MEMORANDUM IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Defendant's Exhibit "E" contains neither of these things. Amina SCSF No. 45.

### *PLAINTIFFS DO NOT NEED TO TENDER BECAUSE U.S. BANK'S MORTGAGEE STATUS IS DISPUTED*

The Memorandum states on page 18:

> As between a borrower and a mortgagee where the borrower is attempting to avoid a mortgage, this court has held that a borrower must allege an ability to tender the loan proceeds to maintain a quiet title claim. E.g., <u>Benoist v. U.S. Bank Nat. Ass'n</u>, ... <u>Hoilien v. Bank of America</u>, [and other cases].

However, in all the cited cases, the plaintiff did not dispute that the defendant was a mortgagee.

This case is distinguished from <u>Benoist</u> and <u>Pascual</u> because our SAC alleges that MERS had no beneficial interest to assign. This case is distinguished from the other cited cases because here, Plaintiffs alleged that neither of the Defendants is a mortgagee.

The relevant portion of <u>Hoilien</u> states on pages 26-27:

> Plaintiff states that "Defendants, and each of them, claim an interest in the Subject Property," and that "said Defendants have no legal or equitable right, claim, or interest in the Property." (Compl. ¶ 108.) However, this is merely a formulaic recitation of an element of the claim. Plaintiff fails to plead any facts suggesting what interests are being claimed by Defendants and the nature of those interests. Throughout the Complaint, Plaintiff makes blanket statements about 12 Defendants argue, amongst other things, that Plaintiff "has not alleged that [she] is able to tender the entire amount of the indebtedness." (Mot. at 27.) The Court need not reach this argument because of its determination that Plaintiffs have failed to state a claim to quiet title.
> Defendants without recognizing that Defendants constitute multiple entities. As such, the Court is unable to determine what rights and interests in the Subject Property each defendant is claiming, thus Plaintiff's claim to quiet title fails. [footnote 12] Defendants argue, amongst other things, that Plaintiff "has not alleged that [she] is able to tender the entire amount of the indebtedness." (Mot. at 27.) The Court need not reach this argument because of its determination that Plaintiffs have failed to state a claim to quiet title.

Perhaps the best discussion of this issue is found in pages 6-12 of the [48] Order denying Motion to Dismiss in Case 1:11-cv-00714-JMS-BMK (Seabright, J) attached as Exhibit B, which is hereby incorporated by reference as if fully set forth herein.

See also <u>Klohs v. Wells Fargo Bank, N.A.</u>, 2012 WL 4758126, at *7 (D. Haw. Oct. 4, 2012) (explaining that "the tender requirement does not apply 'where the borrower brings a quiet title claim against a party who, according to the allegations in the Complaint (which the court accepts as true), is not a mortgagee and who otherwise has no interest in the property whatsoever.'" (citing Amina v. Bank of New York Mellon (D. Haw. Aug. 9, 2012))).

Executed on: December 8, 2014

_____
Donna Amina, Plaintiff Pro Se
2304 Metcalf Street
Honolulu, HI  96822
(808) 941-0685

_____
Melvin Amina, Plaintiff Pro Se
2304 Metcalf Street
Honolulu, HI  96822
(808) 941-0685

MEMORANDUM IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT