**ORIGINAL**

Donna Mae Amina
Melvin Keakaku Amina
2304 Metcalf Street 2
Honolulu, HI 96822
(808) 941-0685

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 3 0 2014

at /  o'clock and 30 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MELVIN KEAKAKU AMINA AND DONNA MAE AMINA, HUSBAND AND WIFE, | ) ) ) ) | Case No. 11-00714 JMS-BMK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK; | ) ) ) ) | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2. | ) ) ) ) ) ) ) ) | Trial Date: None Judge: Hon. J. Michael Seabright |
| Defendants. | ) | |

**PLAINTIFFS DONNA AMINA AND MELVIN KEAKAKU AMINA'S
VERIFIED MOTION FOR LEAVE TO FILE
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
OUT OF TIME**

## Certification

We, the undersigned Plaintiffs, certify that we have conferred with counsel for the Defendants, and they will oppose this motion.

## Motion

Pursuant to Local Rule 6.2, Plaintiffs Donna Amina and Melvin Keakaku Amina move for leave to file their motion for summary judgment against both Defendants on the Quiet Title claim (the only claim) in the Second Amended Complaint ("SAC"). The proposed motion for summary judgment is attached as Exhibit 1. The supporting Memorandum is attached as Exhibit 2. The supporting Concise Statement of Facts is attached as Exhibit 3. The supporting Declaration is attached as Exhibit 4.

L.R. 6.2(b) states:

> (b) Applications for Extension or Enlargement of Time. All applications for extension or enlargement of time made by motion shall state (1) the total amount of time previously obtained by extensions or enlargements of time, and (2) the reason for the particular extension or enlargement requested.

## *122 DAYS EXTENSION WERE GRANTED*

The total amount of time previously obtained by extensions or enlargements of time is 122 days (from 06/20/2014 until 10/24/2014).

On 02/20/2014, the Dispositive Motions Deadline was [118] set for 06/20/2014.

On 06/18/2014, Plaintiffs filed their [123] first motion to extend dispositive motion deadline; on 06/19/201, this motion was [124] granted and the Dispositive Motions Deadline was continued to 9/18/2014.

On 07/18/2014, Plaintiffs filed their [128] second motion to extend the [124] dispositive motion deadline, which was 08/19/2014; on 07/22/2014, this motion was [129] granted and the Dispositive Motions Deadline was continued to 10/24/2014.

On 10/16/2014, Plaintiffs filed their [139] motion to reopen discovery and third motion to extend dispositive motion deadline; on 11/07/2014, this motion was [149] denied with one exception: AFTER Defendants' summary judgment motion is ruled on, if it is denied then the parties may meet and confer on discovery, and then if they haven't been able to work out a particular discovery issue, then Plaintiffs may arrange a discovery conference with the Court, which will then decide whether or not Defendants have some additional material (in their possession, custody or control) that can be provided to Plaintiffs. The ONLY possible purpose for post-MSJ discovery is to provide evidence for Plaintiffs to use in a motion for summary judgment; therefore, the Court's intent must be to allow Plaintiffs to file a motion for

summary judgment after the Court rules on Defendants' motion, and after the ensuing discovery. So Plaintiffs are actually filing early.

## *DEFENDANTS USED UP 193 DAYS OF DISCOVERY TIME*

However, Defendants used up six and a half months of discovery time by not producing documents as requested.

On May 1, 2013, Plaintiffs mailed their First Request for Production of Documents to both Defendants (a true copy of each Request is in the record as [103-3] and [103-4]).

On June 3, 2013, Defendants [103] requested an extension until July 3, 2013; on 06/27/2013, that motion was [108] granted.

On July 2, 2013, Defendants served on Plaintiffs a written response, but no documents. That response contained objections as well as promises that Defendants "will produce" documents responsive to specific requests (BNY "will produce" documents responsive to requests #5, 8, 11, 12, 13, 14, and U.S. Bank "will produce" documents responsive to requests #2, 4, 6, 10; see [116] PageID #:865; see also [116-2] PageID #:872), to the extent that they exist, etc. To date, Defendants have not produced the promised documents responsive to requests #2, 4, 5, 6, 8, 10, 11, 12, 13, 14.

On or about August 12, 2013 (three months after the request), after numerous phone calls and emails to Mr. Gruebner (see [116-1] Exhibit 1 to Verified Objection to Withdrawal, PageID #:871-873), Defendants produced a CD containing documents, however their Bates stamps did not identify the source of the documents (i.e. did not identify which Defendant produced which documents). This made the documents useless for summary judgment or trial purposes.

On October 24, 2013, after numerous phone calls and emails to Mr. Gruebner (see [116-1] Exhibits E-H to Exhibit 1 to Declaration in Support of Verified Objection to Withdrawal, PageID #:913-921), Plaintiffs prepared a PLAINTIFFS' MOTION TO COMPEL EACH DEFENDANT TO IDENTIFY WHICH DOCUMENTS IT PRODUCED (a true copy of which is in the record as [116-2] Exhibit 2 to Verified Objection to Withdrawal, PageID #:869-873) together with a corresponding Declaration (a true copy of which is in the record as [116-3] PageID #:875-922), and served those on Defendants along with a request to confer. Defendants, in exchange for Plaintiffs' promise not to file it, promised to produce documents.

On or about November 8, 2013 (six and a half months after the request), Defendants produced a CD containing documents identical to the first set, except

that each document was produced twice, with two Bates stamps identifying both Defendants (BNY and USB) as the source.

In addition, Defendants waited over one year before producing the Assignment (USB02320, PageID #:1749). It was requested on May 1, 2013 (see ¶4 of the First Request for Production of Documents), and it was produced on or about June 12, 2014.

## *THE REASON FOR THE PARTICULAR EXTENSION REQUESTED*

Defendants filed their Motion for Summary Judgment, which is now before the Court. Plaintiffs expect Defendants' motion to fail, and Plaintiffs have prepared their own Motion for Summary Judgment.

Plaintiffs have diligently attempted to abide by the Court's scheduling orders; however Plaintiffs' work takes them out of the country several days of every month, and Defendants' dilatory tactics have frustrated Plaintiffs' attempts to meet the Court's schedule. Therefore, it has been impossible to file a motion for summary judgment by the dispositive motion deadline.

This motion is made in good faith and not for purposes of delay.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 30, 2014

_____
Donna Amina, Plaintiff Pro Se
2304 Metcalf Street
Honolulu, HI 96822
(808) 941-0685

_____
Melvin Amina, Plaintiff Pro Se
2304 Metcalf Street
Honolulu, HI 96822
(808) 941-0685

## CERTIFICATE OF SERVICE

On the date last written below, I served a true copy of the foregoing document upon the following parties in this action by First Class U. S. mail postage prepaid:

Defendants
THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK;
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2
c/o Jade Lynne Ching
c/o Melissa M. Uhl
**Alston Hunt Floyd & Ing**
1001 Bishop Street, 18th Floor
Honolulu, HI 96813

Executed on: December 30, 2014        _____
                                       (signed by person mailing)